Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm** | A Professional Law Corporation
18000 Studebaker Road, Suite 700
Cerritos, CA 90703
Tel: (562)467-8942   Fax: (562)467-8943

Proposed Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:

JINNIE JINHUEI CHANG CHAO,

Debtor

Case No.: 15-31519

Chapter 11

**APPLICATION FOR ORDER UNDER 11 U.S.C. §§327(a), 328 AND 329 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ONYINYE N. ANYAMA AND ANYAMA LAW FIRM AS BANKRUPTCY COUNSEL TO THE DEBTOR AS OF THE PETITION DATE**

[No Hearing Required]

---

**APPLICATION FOR ORDER UNDER 11 U.S.C. §§327(A), 328 AND 329 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ONYINYE N. ANYAMA AND ANYAMA LAW FIRM AS BANKRUPTCY COUNSEL TO THE DEBTOR AS OF THE PETITION DATE**

**To: The Honorable Dennis Montali United States Bankruptcy Judge:**

Jinnie Jinhuei Chang Chao (the "Debtor") hereby applies (the "Application") for entry of an order, under sections 327(a), 328 and 329 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Onyinye N. Anyama and Anyama Law Firm, (the "Firm"), effective as of the Petition Date (as defined herein),

under a general retainer as the Debtor's bankruptcy counsel. In support of the Application, the Debtor relies on the declaration of Onyinye N. Anyama in support of the Application, filed herewith. In further support of the Application, the Debtor respectfully represents:

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § §157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

On December 4, 2015, (the "Petition Date") this case was commenced by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

The Debtor intends to continue in the possession of her properties as Debtor-in-Possession pursuant to *sections 1107* and *1108 of the Bankruptcy Code*. The Debtor is an individual domiciled and with a primary residence within San Francisco County, State of California for over 180 days. Debtor is a self-employed real estate broker and also receives income from her five rental properties.

The Debtor believes that Onyinye N. Anyama and Anyama Law Firm is well qualified to be counsel to the Debtor, having ample experience in bankruptcy and insolvency matters. Onyinye N. Anyama, and Anyama Law Firm have had considerable experience in matters of this nature and are capable of rendering the services required.

## RELIEF REQUESTED

By this Application, the Debtor seeks entry of an order authorizing the employment and retention of the Firm, as of the Petition Date, in accordance with the provisions of the Engagement Letter, this Application, and the proposed order submitted herewith, as the Debtor's bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this case in accordance with the Firm's normal hourly rates in effect when services are rendered and normal reimbursement policies.

## THE RETENTION OF THE FIRM

The employment of Onyinye N. Anyama and Anyama Law Firm is in the best interests of the Debtor, the creditors and the estate. The Debtor believes that Onyinye N. Anyama, Attorney at Law is well-qualified to be counsel to the Debtor, having ample experience in bankruptcy and insolvency matters. Onyinye N. Anyama and Anyama Law Firm have had considerable experience in matters of this nature and are capable of rendering the services required.

## SERVICES TO BE RENDERED

The services of the Firm under a general retainer are appropriate and necessary to enable the Debtor to faithfully execute its duties as a debtor and debtor in possession and to implement the restructuring and reorganization of the Debtor. Subject to further order of this Court, it is proposed that the Firm be employed to render the following professional services:

1. Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced

against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

2. Prepare on behalf of the Debtor, as the debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate and serve such papers on creditors;

3. Attend all meetings conducted pursuant to *section 341(a) of the Bankruptcy Code* and representing the Debtor at all examinations;

4. Take all necessary or appropriate actions in connection with a plan or plans of reorganization or liquidation and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate; and

5. Perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services. The Firm has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor.

## THE FIRM'S DISINTERESTEDNESS

To the best of the Debtor's knowledge, and except as otherwise set forth in the declaration Onyinye N. Anyama, the attorney of the Firm (the "Declaration"), the members and counsel of the Firm do not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants. Onyinye N. Anyama and Anyama Law Firm, is entirely disinterested from the United States Trustee and all persons employed by its office.

Based upon the Declaration, the Debtor submits that the Firm is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that the Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Firm will supplement its disclosure to the Court.

## PROFESSIONAL COMPENSATION

Debtor paid $18,107.00 as a pre-petition retainer and $1,717 as the Chapter 11 filing fee. The filing fee of $1,717 was used immediately to pay the filing fee to file the above captioned case and $176 for Motion to Impose Stay. The initial retainer has been drawn down $8,107 leaving $10,000 remaining to advance the case to confirmation. All amounts are held in the Attorney-Client Trust Account.

Onyinye N. Anyama and Anyama Law Firm will charge fees and expenses incurred in representing the Debtor in these proceedings based on the normal rates charged by the attorneys and paralegals of Anyama Law Firm for similar clients, currently:

| | |
|---|---|
| Onyinye N. Anyama, (Attorney): | $400.00 |
| Sr. Paralegal: | $150.00 |
| Paralegal / Staff: | $120.00 |

Such rates are subject to periodic review and change, usually on an annual basis. Onyinye N. Anyama and Anyama Law Firm will seek compensation for services rendered and expenses incurred upon appropriate application to the court pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rules.

The Debtor understands that the Firm hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the U.S. Trustee Guideline, and further orders of this Court (the "Orders") for all services performed and expenses incurred after the Petition Date.

The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Orders, proposes to pay the Firm its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse the Firm according to its customary reimbursement policies, and respectfully submits that such rates are reasonable. The Firm shall notify the Debtor and the U.S. Trustee of any change in the hourly rates charged by the Firm for services rendered.

## NOTICE

This application shall be served electronically upon the United States Trustee and via first class US Mail to the Debtor's secured creditors and its largest unsecured creditors.

In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted separately, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: December 16, 2015

Respectfully Submitted,

Signed: /s/ Jinnie Jinhuei Chang Chao
Jinnie Jinhuei Chang Chao
Debtor-in-Possession