Onyinye Anyama (SBN 262152)
**ANYAMA LAW FIRM, A Professional Corporation**
18000 Studebaker Road, Suite 189
Cerritos, California 90703
Tel. (562) 467-8942; Fax. (562) 467-8943

Proposed Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Chapter 11 |
| | Case No. 15-31519 |
| **JINNIE JINHUEI CHANG CHAO** | DECLARATION OF ONYINYE N. ANYAMA PURSUANT TO 11 U.S.C. §§327, 328(a), 329 AND 504 AND BANKRUPTCY RULES 2014(a) AND 2016(b) IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN ONYINYE N. ANYAMA AND ANYAMA LAW FIRM AS BANKRUPTCY COUNSEL TO THE DEBTOR AS OF THE PETITION DATE |
| **Debtor-in-Possession** | (No Hearing Required) |

**DECLARATION OF ONYINYE N. ANYAMA PURSUANT TO 11 U.S.C. §§327, 328(a), 329 AND 504 AND BANKRUPTCY RULES 2014(a) AND 2016(b) IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN ANYAMA LAW FIRM AS BANKRUPTCY COUNSEL TO THE DEBTOR AS OF THE PETITION DATE**

I, Onyinye N. Anyama, make this declaration under 28 U.S.C. §1746, and state:

I am an attorney at law, qualified to practice in the State of California and before the United States District Court for the Central and Northern District of California. I am the principle counsel of

15-31519

Declaration of Onyinye N. Anyama
Application to Employ Counsel by Debtors

Page 1 of 5

Case: 15-31519   Doc# 23   Filed: 12/16/15   Entered: 12/16/15 15:34:04   Page 1 of 6

Anyama Law Firm, 18000 Studebaker Road, Suite 700, Los Angeles, CA 90703. I am referred to in Applicant's application as "Counsel".

I submit this declaration (the "Declaration") in connection with the application dated December 15, 2015 (the "Application") of Jinnie Jinhuei Chang Chao (the "Debtor") for approval of the Debtor's retention of the firm, as its attorney in the above captioned chapter 11 case, *nunc pro tunc* to the date of commencement of this case(the "Petition Date"), at the normal hourly rates in effect from time to time and in accordance with their normal reimbursement policies, in compliance with sections 327, 328(a), 329, and 504 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon the Firm's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## THE FIRM'S DISINTERESTEDNESS

To the best of the Debtor's knowledge, and except as otherwise set forth in the declaration Onyinye N. Anyama, the attorney of the Firm (the "Declaration"), the members and counsel of the Firm do not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants. Onyinye N. Anyama and Anyama Law Firm, is entirely disinterested from the United States Trustee and all persons employed by its office.

Based upon the Declaration, the Debtor submits that the Firm is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that the Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Firm will supplement its disclosure to the Court.

### THE FIRM'S PREPETITION RELATIONSHIP WITH THE DEBTOR

The Firm had no pre-petition relationship or arrangements with the Debtor and never received any funds of any kind for legal or any other services.

### THE FIRM'S RATES AND BILLING PRACTICES

The Firm's current customary hourly rates, subject to change from time to time, range between $120 (for paralegals) and $400 per hour, depending upon the level of seniority and expertise of the particular attorney or paralegal involved.

Onyinye N. Anyama and Anyama Law Firm will charge fees and expenses incurred in representing the Debtor in these proceedings based on the normal rates charged by the attorneys and paralegals of Anyama Law Firm for similar clients, currently:

| | |
|---|---|
| Onyinye N. Anyama, (Attorney): | $400.00 |
| Sr. Paralegal: | $150.00 |
| Paralegal / Staff: | $120.00 |

The Firm shall notify the Debtor and the U.S. Trustee of any change in the hourly rates charged by the Firm for services rendered. The Firm's disbursement policies pass through all out of pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to

determine. These expenses include facsimiles, toll calls, overtime, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, and other expenses.

No promises have been received by the Firm or any member, counsel or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions set forth herein. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm or by such entity.

The Debtor's Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of its retention of the Firm on rates, terms and conditions consistent with what the Firm charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, the Firm intends to apply pursuant to sections 330 and 331 of the Bankruptcy Code for allowances of compensation for professional services rendered in this chapter 11 case and for reimbursement of actual and necessary expenses incurred in connection therewith.

Debtor paid $18,107.00 as a pre-petition retainer and $1,717 as the Chapter 11 filing fee. The filing fee of $1,717 was used immediately to pay the filing fee to file the above captioned case and $176 for Motion to Impose Stay. The initial retainer has been drawn down $8,107 leaving $10,000 remaining to advance the case to confirmation. All amounts are held in the Attorney-Client Trust Account.

The Firm understands that the Debtor may seek to retain other professionals in connection with the Debtor's chapter 11 case. The Firm intends to carefully monitor and coordinate the efforts of all professionals, and clearly delineate their respective duties so as to prevent duplication of

determine. These expenses include facsimiles, toll calls, overtime, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, and other expenses.

No promises have been received by the Firm or any member, counsel or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions set forth herein. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm or by such entity.

The Debtor's Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of its retention of the Firm on rates, terms and conditions consistent with what the Firm charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, the Firm intends to apply pursuant to sections 330 and 331 of the Bankruptcy Code for allowances of compensation for professional services rendered in this chapter 11 case and for reimbursement of actual and necessary expenses incurred in connection therewith.

Debtor paid $18,107.00 as a pre-petition retainer and $1,717 as the Chapter 11 filing fee. The filing fee of $1,717 was used immediately to pay the filing fee to file the above captioned case and $176 for Motion to Impose Stay. The initial retainer has been drawn down $8,107 leaving $10,000 remaining to advance the case to confirmation. All amounts are held in the Attorney-Client Trust Account.

The Firm understands that the Debtor may seek to retain other professionals in connection with the Debtor's chapter 11 case. The Firm intends to carefully monitor and coordinate the efforts of all professionals, and clearly delineate their respective duties so as to prevent duplication of

effort, whenever possible. Rather than resulting in any extra expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's professionals will greatly add to the progress and effective administration of this chapter 11 case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on December 16, 2015 at Los Angeles, CA.

Respectfully Submitted,
Anyama Law Firm

_____
Onyinye N. Anyama
Proposed Counsel to Debtor