Onyinye Anyama Esq. (SBN: 262152)
**ANYAMA LAW FIRM | A Professional Law Corporation**
18000 Studebaker Road, Suite 700
Cerritos, California 90703
Tel. (562) 467-8942; Fax (562) 467-8943

Attorney for Debtor and Debtor-in-possession

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| In Re:<br><br>**Jinnie Jinhuei Chang Chao**<br><br>**Debtor and Debtor-in-Possession** | Case No. 3:15-bk-31519-DM<br><br>**Chapter 11**<br><br>**FIRST INTERIM FEE APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY ATTORNEY FOR CHAPTER 11 DEBTOR-IN-POSSESSION**<br><br>**(11 U.S.C. SECS. 327, 328, 330 AND 331; F.R.B.P. P. 2016(a); Local Bankr. R 9013-1(o) and Loc. Bankr R. 2016-1(b)**<br><br>**DECLARATIONS OF ONYINYE ANYAMA IN SUPPORT THEREOF.**<br><br>DATE:   April 7, 2017<br>TIME:    10:00 a.m.<br>ROOM:  17-450 Golden Gate Ave, San Francisco, CA 94102 |

**TO:  THE HONORABLE DENNIS MONTALI UNITED STATES BANKRUPTCY JUDGE,**

Comes now Anyama Law Firm attorney for the Debtor in possession and respectfully submits the herein application for compensation under Rule 2002 of the Bankruptcy Rules and B.L.R. 9029-1.

Application for Compensation - 1

## NOTICE OF APPLICATION

Notice of this Application is being sent concurrently with its filing to the Debtor, the Office of the United States Trustee, and all other parties required by the Court by ECF or by mail if a party is not registered. Applicant respectfully submits that no further notice is required in this matter.

The Debtor has also been provided a copy of this Application and an opportunity to review the Application pursuant to the UST Guidelines. A true and correct copy of the cover letter sent concurrently with the Application to the Debtor is attached to the Anyama Declaration as **Exhibit "D"**, in accordance with the UST Guidelines.

## BACKGROUND AND BASIS FOR RELIEF REQUESTED

## HISTORY OF CASE

Applicant was retained as general insolvency counsel to the Debtor to assist her on behalf of her estate in this case in her role as debtor-in-possession. This case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 4, 2016 (the "Petition Date").

Ms. Chao intends to continue in the possession of her properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the bankruptcy code.

Ms. Chao is an individual domiciled and with her primary residence within the San Francisco county, state of California. Ms. Chao is a self-employed real estate broker and also receives income from her rental properties. Ms. Chao is engaged in the business of sale of real properties. The major assets of Ms. Chao are five real properties owned by Ms. Chao.

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Chao (real estate professional) experienced major decrease in her income. She attempted to reorganize her debt by filing Chapter 13 cases in 2015 pro se. However the case was dismissed since Ms. Chao represented herself and was

unsophisticated in bankruptcy matters. Ms. Chao employed the applicant to file her Chapter 11 bankruptcy to reorganize her debt.

Virtually all of the Debtor's assets are encumbered by holders of prior secured claims. The principal assets of the estate are the following properties currently owned by the debtor.

- *8108 Penobscot Ln. McKinney TX,*
- *701 Braxton Ct. McKinney TX,*
- *30 Pilarcitos Ct Hillsborough CA*
- *305 St Andrews Dr. Pinehurst NC*
- *9 Maverick Pl. Pinehurst*

Donna S. Tamanaha is the attorney of record for the Office of the United States Trustee. On January 10, 2016, this Court entered an order appointing Anyama Law Firm as Debtor's General Insolvency and Bankruptcy Counsel.

**TERMS OF REPRESENTATION AND FEE CONCESSIONS**

Applicant agreed to represent the Debtor at the firm's ordinary and customary hourly rates existing at the time of retention for the attorney and para-professionals in the office. The Application for Employment provided for the following rates:

| | |
|---|---|
| Onyinye Anyama (Attorney) | $400.00 |
| Julie Valenzuela (Sr. Paralegal) | $150.00 |
| Elizabeth Cruz (Paralegal/Staff) | $120.00 |

Debtor and applicant have agreed that applicant would seek reimbursement for actual costs expended. The costs have not been marked up by any amount. No money has been charged for facsimile transmissions or long distance phone calls.

**Prior Payments to Applicant**

Pursuant to the Application to Employ Anyama Law Firm (the "Employment Application"), the total pre-petition amount collected was $20,000.00. Of the $20,000.00

Application for Compensation - 3

collected, $1,717.00 was used toward Debtors' filing fee, $176.00 was used towards Debtor's Motion to Impose the automatic stay. The initial retainer has been drawn down to $8,107.00 (the "Retainer") paid in attorney labor, leaving a remaining balance of $10,000.00. Accordingly the balance of the retainer on hand at the time of the petition is $10,000.00.

**Available Funds and Administrative Expenses:**

Applicant is informed and believes that sufficient funds are held by the estate to pay Applicant's fees and costs. Applicant respectfully submits, therefore that there are sufficient proceeds to immediately make the payments sought by Applicant, but always in the discretion of the Debtor. Applicant requests that upon granting this application, it be permitted to apply the sum of $10,000.00; (Post- petition retainer in Attorney client trust account)

No compensation for post-petition work completed by Applicant has been paid by the Debtor.

**REQUIRED DISCLOSURE**

Applicant has not agreed to fix the fees or other compensation to be paid for services rendered and expenses incurred in connection with this case. Applicant has not agreed to share the compensation to be received for the services rendered in this case. The hourly rate charged by Applicant is at or below the customary rates charged by other comparably skilled practitioners in business and Chapter 11 bankruptcy cases. Applicant's rate in this case is not greater than her standard rate charged to comparable clients for comparable services in other bankruptcy cases and matters.

As set forth below, Applicant has compiled a project-based itemization of services rendered based on contemporaneous daily records during the period covered by this Application. Applicant utilized some of the project categories suggested by the UST Guidelines, which also permits case-specific categories. The following chart summarizes project billing categories and the total hours expended for each category during the period covered by this Application, and is followed by a narrative and detail

Application for Compensation - 4

| Category | Total Hours | Total Fees |
|---|---|---|
| 1. Case Administration | 35.6 | $11,540.00 |
| 2. Fee/ Employment Applications | 14.4 | $3,565.00 |
| 3. Meeting of Creditors/IDI/ Court Appearance | 6.2 | $2,480.00 |
| 4. Motions | 6.5 | $2,275.00 |

**I.　CASE OVERVIEW**

This case was filed on December 4, 2016 primarily to seek relief from debt related to five of the debtor's real properties.

<u>The Debtor is in compliance with §§521 and 1107.  The Debtor has filed all schedules and statements of financial affairs and is in full compliance with all reporting and administrative requirements established by the OUST.</u>

<u>An adversary case was filed against the debtor on March 17, 2016, by Ardeshir Salem. Debtor is in the process of defending herself in these adversary proceedings which has halted the bankruptcy proceedings. Debtor anticipates that she will conclude the bankruptcy case and also propose a feasible Chapter 11 Plan of reorganization in this 2017.</u>

**II. SERVICES PERFORMED**

**A. General Case Administration**

In this category, Counsel recorded its time related to general matters regarding the administration of the bankruptcy case, including compliance with United States Trustee reporting requirements, review and filing of Monthly Operating Reports, property tax and insurance matters, and general (not claim specific) creditor inquiries. The fees associated with the "Case Administration" category also generally include work which is not readily allocable to any of the specified matter files, such as reviewing general pleadings filed in the bankruptcy cases and engaging in communications with the client or other parties regarding case strategy and planning.

Application for Compensation - 5

In addition, Counsel has also prepared timely MORs for the months December 2015 through and including March 2017.

Counsel has communicated extensively with the Debtor throughout the Application period through numerous telephone conferences and office conferences in order to adequately guide the Debtor through the process of her bankruptcy.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 24.8 | $400.00 | $9,920.00 |
| Judith Valenzuela | JV | 10.8 | $150.00 | $1,620.00 |
| SUBTOTAL | | 35.6 | | $11,540.00 |

### B. Employment of Professionals/ Fee Applications

Applicant prepared applications and received Court approval for the Debtor to employ Applicant as general bankruptcy counsel and Bruce C. Janke as Special Counsel.

The court entered the order approving Applicant's employment on January 10, 2016. The court also entered the order employing Bruce C. Janke as Special Counsel on March 24, 2016.

On March 14, 2017, Counsel prepared and reviewed the first interim application for compensation for legal services rendered and reimbursement of expenses incurred.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 11.3 | $400.00 | $4,520.00 |
| Judith Valenzuela | JV | 3.1 | $150.00 | $465.00 |
| SUBTOTAL | | 14.4 | | $4,985.00 |

### C. Motions

**Motion to Impose Automatic Stay**

Applicant prepared and filed a motion to impose the automatic stay on her real properties with supporting declarations from the debtor. The hearing was set for and held on January 7, 2016. The court approved debtor's motion.

**Motion to Use Cash Collateral**

Applicant prepared and reviewed debtors' Motion to use cash collateral with supporting declarations from the debtor. The hearing was set for and held on January 15, 2016. The court held that the motion is granted with the provision that the debtor is not authorized to pay the property managers, however, counsel may file a supplemental motion or seek a consent from the lenders.

On January 25, 2016, applicant filed debtor's second motion to use cash collateral with debtor's supporting declarations. The hearing was set for and held on February 19, 2016. The court entered the order granting debtor's second motion for the interim use of cash collateral on February 22, 2016.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 5.2 | $400.00 | $2,080.00 |
| Judith Valenzuela | JV | 1.3 | $150.00 | $195.00 |
| SUBTOTAL | | 6.5 | | $2,275.00 |

**D. Meeting of Creditors and Initial Debtor Interview**

On December 29, 2015, Counsel prepared for and appeared at the Initial Debtor Interview. The Debtor also appeared at the interview.

Counsel prepared for the 341 (a) meeting of creditors and communicated extensively with the Debtor regarding the process. Prior to attending, Counsel advised Debtor of all outstanding documents and further information needed and explained the purpose and process of the meeting to the Debtor, including issues that were brought up in the initial debtor interview. On January 21, 2016 Counsel attended the meeting of creditors with the Debtor.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 6.2 | $400.00 | $2,480.00 |
| SUBTOTAL | | 6.2 | | $2,480.00 |

## REQUESTED FEES AND COSTS

Between December 7, 2015 to March 14, 2017, Applicant spent 62.7 hours, representing the Debtor, as reflected in Applicant's detailed time and expense entry reports, attached as **Exhibit C**, and summarized as follows:

**Fees**

    Onyinye Anyama, 47.5 hours at $400/hour = $19,000.00

    Judith Valenzuela, 15.2 hours at $150/hour = $2,280.00

    Total $21,280.00.

**Expenses**

A listing of the expenses incurred by counsel, including each category of expenses, is attached as **Exhibit C.** The following is a brief explanation of the major expenses incurred by counsel in this case.

1. Counsel has not charged for long distance telephone calls.
2. Counsel charged in-house photocopying at the rate of 10 cents ($0.10) per page.
3. Counsel charged for actual postage costs, except for mailings involving insignificant expenses. In addition, Counsel charged at actual cost for such expenses as Federal Express delivery. In every instance, Counsel attempted to use the least expensive means of communication based upon the circumstances. Counsel endeavors to utilize e-mail wherever appropriate.
4. Counsel absorbed the costs of facsimile transmission, secretarial word processing, and any necessary overtime and associated expenses.

| Category | Total Expenses |
| --- | --- |
| Filing Fees | $176.00 |
| Postage | $84.77 |
| Printing/Copies | $151.10 |

| | |
|---|---|
| Out of Town Travel Expenses | $668.15 |
| Total | $1,080.02 |

Applicant has reviewed the requirements of Local Bankruptcy Rule 2016-1 and this first interim fee application complies with the requirements of this Rule.

## ESTABLISHMENT OF RATES

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." In re Manoa Finance Company, 853 F.2d 687 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill, and reputation.

### V. TIME EXPENDED, EXPENSES INCURRED AND AMOUNTS REQUESTED

The narrative portion of this Application is a limited summary of the major areas of work performed by Counsel. Counsel recorded time but did not bill for hearings that were continued by this court due to improper service. The attached exhibits set forth, in detail, the actions taken by Counsel in the case.

The services for which counsel requests compensation were performed solely for or on behalf of the Debtor and Debtor-in-possession. At all times during the Application Period, Counsel diligently sought to fulfill its duty as Counsel for the Debtor.

The services rendered by Counsel were necessary, proper, and beneficial to the Debtor and to the entire bankruptcy estate in general. Counsel provided services to the Debtor in a manner that was professional, skilled, and expeditious. Counsel required substantially less time than would have been required of counsel with less expertise. Counsel has made every attempt to reduce attorney hours expended and, where appropriate, matters not demanding the services of the senior attorney were assigned to paralegals, whose costs were absorbed by Counsel and whose times are billed to Debtor under the terms of her retainer agreement with counsel for the instant case.

Application for Compensation - 9

Case: 15-31519   Doc# 91   Filed: 03/15/17   Entered: 03/15/17 16:21:10   Page 9 of 11

## VI. CONCLUSION

Giving due consideration to the nature of the services rendered, the attorney's normal and customary hourly rates for similar services, the results achieved on behalf of the estate, and the time devoted, Applicant respectfully submits that the fees and expenses for which compensation and reimbursement are sought in the Application are actual, reasonable and necessary costs of the administration in this case.

**WHEREFORE**, the Applicant respectfully requests that this Court enter an order:

a. Awarding to Applicant interim compensation for professional services rendered to the Debtor during the Application Period in the amount of $21,280.00, and reimbursement of costs incurred by Applicant during the Application Period in the amount of $1,080.02 for a total award of $22,360.02; Applicant requests that upon granting this application, it be permitted to apply the sum of $10,000.00; (Post-petition retainer in Attorney client trust account)

b. For any and all other relief as the Court may deem appropriate.

Dated: March 15, 2017                                              Anyama Law Firm

                                                                                                                /s/ Onyinye Anyama
                                                                                                                  Onyinye Anyama
                                                                                                                  Attorney for Debtor

I, <u>ONYINYE N. ANYAMA</u>, certify:

1. That I have read the foregoing application for compensation;

2. That to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the United States Bankruptcy Court for the Northern District of California, except as specifically noted in the application.

3. That the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by me and generally accepted by my clients, except as specifically noted in the application.

Date: March 15, 2017 /s/ Onyinye N. Anyama
(SBN: 262152)