Gregory P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
Gilbert R. Yabes (SBN 267388)
gyabes@aldridgepite.com
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for: PennyMac Loan Services, LLC. as servicer for PennyMac Corp.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>JINNIE JINHUEI CHANG CHAO,<br><br>Debtor. | Case No. 15-31519-DM<br><br>Chapter 11<br><br>**STIPULATION RE TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**S<span style="font-variant:small-caps">UBJECT</span> P<span style="font-variant:small-caps">ROPERTY</span>:**<br>30 Pilarcitos Court<br>Hillsborough, California 94010 |

This Stipulation is entered into by and between PennyMac Loan Services, LLC. as servicer for PennyMac Corp. ("Creditor") by and through its attorneys of record, and Debtor, Jinnie Jinhuei Chang Choa ("Debtor"), by her attorney of record.

The property which is the subject of this matter is commonly known as 30 Pilarcitos Court Hilllsborough, California ("Property"), which is more fully described in the Deed of Trust. (*See* Claim No. 6).

/././

/././

/././

On April 4, 2005, Debtor executed a promissory note (the "Note") in the principal sum of $1,700,000.00. The Note is secured by a Deed of Trust (the "Deed of Trust") granting an interest in the Property. The Deed of Trust reflects that it was duly recorded in the County Recorder's Office. Subsequently, interest in the Note and Deed of Trust was assigned to Creditor. (*See* Claim No. 6).

On December 4, 2015, Debtor commenced the instant bankruptcy case, by filing a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California – San Francisco Division, and was assigned bankruptcy case number 15-31519-DM (the "Bankruptcy Case"). (*See* Dkt. No. 1).

On April 5, 2016, Creditor filed its Proof of Claim listing a secured claim of $1,821,433.95, including pre-petition arrears of $242,033.88. (*See* Claim No. 6-1).

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Creditor shall have a fully secured claim in the amount of $1,961,560.85 (the "Secured Claim") amortized over thirty (30) years at 4.75% fixed interest per annum in the Debtor's Chapter 11 Plan.

3. Debtor shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of **$10,232.43** to Creditor for the Secured Claim commencing **July 1, 2017**, and continuing on the same day of each month thereafter until the Secured Claim is paid in full.

4. In addition to Principal and Interest Payments, Debtor shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payments") commencing **July 1, 2017**, subject to change pursuant to the terms of the Subject Loan. Debtor must obtain PennyMac's express written consent if she wishes to de-escrow the account.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

**Pre-Confirmation Default**

4. In the event of a pre-confirmation default under this Stipulation, Creditor may file a Motion for Relief From the Automatic Stay ("Motion for Relief").

5. In the event Creditor is granted relief from the automatic stay, Debtor agrees to waive

the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

6. In the event the Debtor defaults under this Stipulation and Creditor files a Motion for Relief, Debtor shall be required to pay the reasonable fees and costs associated with filing the Motion for Relief in order to cure the default.

**Post-Confirmation Default**

7. The confirmation order will constitute an order for relief from stay. However, Creditor will not take any action to enforce either the pre-confirmation obligation or the obligation due under this Stipulation/Plan, so long as Debtor is not in default under the terms of the Note and Deed of Trust, as modified by this Stipulation/Plan.

8. In the event of a default, Creditor may: (i) file and serve a motion dismiss the case or convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligation.

9. The acceptance by Creditor (and/ or its servicer) of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

**Miscellaneous Provisions**

10. The Debtor shall (i) file a Chapter 11 Plan that incorporates the terms of this Stipulation by reference to docket number and/or (ii) the confirmation order shall expressly incorporate the terms of this Stipulation by reference to docket number.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and any confirmed order thereon without Debtor first attempting to seek the express written consent of Creditor's counsel. If Creditor's counsel denies Debtor's request to modify the terms of this Stipulation, Debtor may seek court approval to modify the terms of the Stipulation after notice to Creditor's counsel and a hearing. However, Creditor reserves its rights to object to confirmation of the Debtor's Chapter 11 Plan of Reorganization/submit a timely ballot rejecting confirmation of the Debtor's Chapter 11 Plan of Reorganization.

12. In the event the Debtor's case is dismissed or converted to any other chapter under

Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Creditor shall retain its lien in the full amount due under the Note (i.e., the pre-Stipulation terms).

13. Payments to Creditor will continue past the date Debtor obtains a discharge. However, Creditor's rights against the Subject Property shall not be affected by the entry of a discharge, but shall continue to be governed by the terms of the Note and Deed of Trust, as modified by this Stipulation/Plan.

14. At the request of Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation/Plan.

15. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

16. Creditor shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtor's Chapter 11 case.

17. In the event the Debtor asserts that Creditor has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days after entry of the Order Confirming Debtor's Plan, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in good faith sought to remedy Debtor's grievance during the Meet and Confer Period, Debtor shall not request an award of his/her attorneys' fees and costs nor

sanctions as a result of filing said motion.

18. The Parties to this Stipulation waive any and all claims and causes of action, whether known or unknown, they currently have against each other, and their respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns in relation to the Loan and any and all agreements which exist between them regarding or relating to the Loan prior to the date of this Stipulation. This waiver includes Debtor's right to object to Creditor's claim. All Parties to this Stipulation also release each other and their respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date of this Stipulation; and

19. In exchange for the foregoing and after approval of Debtor's Disclosure Statement, Creditor will execute a ballot voting in favor of Debtor's treatment of its Secured Claim under Debtor's Chapter 11 Plan of Reorganization.

**IT IS SO STIPULATED:**

Dated: June 26, 2017

*Onyinye N. Anyama*
**ONYI N. ANYAMA**
Attorney for Debtor

**ALDRIDGE | PITE, LLP**

Dated: 6/27/2017    /s/ *Gilbert R. Yabes*
**GILBERT R. YABES**
Attorneys for PennyMac Loan Services, LLC. as servicer for PennyMac Corp.