Onyinye Anyama (SBN 262152)
**ANYAMA LAW FIRM, A Professional Corporation**
18000 Studebaker Road, Suite 325
Cerritos, California 90703
Tel. (562) 645-4500
Fax (562) 645-4494

Attorney for Debtor and Debtor-in-Possession
JINNIE JINUEI CHANG CHAO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JINNIE JINHUEI CHANG CHAO<br><br>Debtor-in-Possession | Chapter 11<br>**Case No.** 15-31519<br><br>AMENDED MOTION OF DEBTOR-IN-POSSESSION TO DETERMINE OWNERSHIP OF EXEMPT FUNDS, PURSUANT TO CALIFORNIA CIVIL PROCEDURE §§ 703.140(b)(10)(E) & 703.080<br><br>**DATE:** September 14, 2017<br>**TIME:** 11:30 a.m.<br>**COURTROOM:** 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102 |

## I. INTRODUCTION

The debtor-in-possession Jinnie Chao seeks from the Bankruptcy Court, which has jurisdiction under 28 U.S.C. §§ 157(b), and 1334, a determination that ownership of her Individual Retirement Accounts ("IRAs") are exempt funds and not part of the property of the bankruptcy estate under California Civil Procedure § 703.140(b)(10)(E) ("Cal. Civ. Proc."). Ms. Chao is seeking to use funds from two of her IRAs to retain and pay a criminal defense attorney to represent her in a pending federal criminal case before the Northern District Court of California titled *United States* v. *Jinnie Chao*, No. CR-16-00435 EJD (N.D. Cal.). Ms. Chao is filing concurrently herewith an Amended Application to Employ Albert J. Boro, Jr. as Criminal Defense Counsel, under 11 U.S.C. §§ 327(a), 328 & 329, and Fed. R. Bankr. P. 2104.

AMENDED MOTION OF DEBTOR TO DETERMINE
OWNERSHIP OF EXEMPT FUNDS

## II. STATEMENT OF FACTS

On December 4, 2015, Ms. Chao, as a debtor, filed a petition under Chapter 11 of the United States Bankruptcy Code. She is in possession of and managing her estate, and no trustee has been appointed.

On December 4, 2015, the debtor filed all of her schedules and listed the two Allianz IRA Annuities – Account Nos. XXXX6719, and XXXX6821 accounts on Schedule B with values of $63,390.81 and $67,333.06 respectively. The debtor also filed her Schedule C claiming her exemptions under C.C.P 703.140(b)(10)(E). The debtor's 341(a) meeting was held on January 12, 2016. The debtor, debtor's counsel, and the attorney for Plaintiffs Ardeshir Salem and A. Salem D.D.S. Inc. were present.

On October 20, 2016, Ms. Chao was charged in a sixteen Count Indictment for mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. § 1957(a) in *United States* v. *Jinnie Chao*, No. CR-16-00435 EJD (N.D. Cal.) (the "Federal Criminal Case"). The Federal Criminal Case concerns alleged acts by Ms. Chao occurring from about 2008 to about February 2012. Indictment, No. CR-16-00435 EJD (N.D. Cal.), filed Oct. 20, 2016 (Dkt. # 1).

Ms. Chao intends to retain attorney Albert J. Boro, Jr. with non-estate funds as her criminal defense counsel to represent her in the Federal Criminal Case, and has filed an Application to Employ Mr. Boro under 11 U.S.C. §§ 327(a), 328 & 329. Ms. Chao has held five Individual Retirement Accounts ("IRAs") Annuities Savings at Allianz Life Insurance Company of North America ("Allianz") since 2012. Amended Declaration of J. Chao ¶ 5, filed concurrently herewith ("Chao Decl."). Ms. Chao transferred funds in 2012 into the Allianz IRA Annuities from other IRA accounts she had held. The funds in Allianz IRA Annuities – Account Nos. XXXX6719 and XXXX6821 (the "Two IRA Annuities") had been in the predecessor IRA accounts since at least January 1, 2006. *Id.* at ¶¶ 8-10. From January 1, 2006 to the present date, Ms. Chao has not contributed money into the Two IRA Annuities or the predecessor accounts of those Two IRA Annuities. *Id.* at ¶¶ 8 & 11-13.

Ms. Chao seeks to use the money in the Two IRA Annuities to contribute towards the costs of her defense of the Federal Criminal Case. As of May 26, 2017, Account 6719 has a balance of $55,131.82, and Account 6821 has a balance of $60,645.15, for a total of $115,776.97. Chao Decl. ¶ 7. Also, Ms. Chao withdrew at the end of last year $9,026.61 from Account 6719, and $7,518.13 from Account 6821, for a total of $16,544.74, which she has deposited in a bank account in the

bankruptcy case and which she proposes to contribute towards the costs of her criminal defense of the Federal Criminal Case. *Id.* at ¶ 11 & Ex. E (at ECF pp. 14 & 36). The balance of money needed to pay for her criminal defense will come from cash she has on hand and commissions she has earned after her bankruptcy filing. *Id.* at ¶ 5.

In this motion, Ms. Chao seeks an order determining that the Two IRA Annuities and the funds previously withdrawn from them in December 2016 are exempt funds and not part of the bankruptcy estate under Cal. Civ. Proc. § 703.140(b)(10)(E), so that she has funds to hire and pay Mr. Boro in the pending Federal Criminal Case.

### III. ARGUMENT

**A. THE DEBTOR PROPERLY CLAIMED HER EXEMPTIONS UNDER C.C.P § 703.140(B)(10)(E) AND NO OBJECTIONS TO THE CLAIM OF EXEMPTIONS WERE FILED; THEREFORE THE FUNDS ARE EXEMPT FROM THE DEBTOR'S BANKRUPTCY ESTATE.**

The requirements for exempting property from a debtor's estate and for filing objections to such exemptions are governed by the bankruptcy code and rules. Bankruptcy Code section 522(*l*) requires debtors to list any property exempted under federal or state law, and Rule 4003(a) requires the exemptions to be listed on a schedule of assets pursuant to Rule 1007.

On December 4, 2015, the debtor filed all of her schedules and listed the Two IRA Annuities, Allianz Account Nos. XXXX6719 and XXXX6821, on Schedule B with values of $63,390.81 and $67,333.06, respectively. The debtor also filed her Schedule C claiming her exemptions under C.C.P 703.140(b)(10)(E). The debtor's 341(a) meeting was held on January 12, 2016. The debtor, debtor's counsel, and the attorney for Plaintiffs Ardeshir Salem and A. Salem D.D.S. Inc. were present.

F.R.B.P 4003(b) states as follows:

*(1) "…..... a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under section 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."*

The U.S. Supreme Court articulated a rule of strict interpretation for the timeliness of Rule 4003(b) objections in *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992). In *Taylor,* the Court held that a trustee must object to a claimed exemption within the 30-day time limit, and that if a trustee

fails to object within 30 days, the property is rendered exempt and the trustee is barred from contesting the validity of the exemption. 503 U.S. at 642. The time limit applies regardless of the merits of the exemption. *Id.* The debtor in *Taylor* had claimed the expected proceeds from a pending lawsuit as exempt property, and the trustee failed to object to the exemption. *Id.* at 640-41. After the debtor settled her lawsuit, the trustee sought to have the money turned over to the debtor's bankruptcy estate. *Id.* at 641. Although the bankruptcy court and the district court held that the debtor had no statutory basis for claiming the entire settlement exempt, the Supreme Court found that the property was exempt because the trustee failed to object within the 30-day time limit. *Id.* at 640-42. The Supreme Court concluded that the trustee could not contest the exemption, whether or not the debtor "had a colorable statutory basis for claiming it." *Id.* at 643-44.

In the instant case, Ms. Chao properly filed her claim of exemptions and no objections were timely filed. Therefore, the Two IRA Annuities are exempt funds under Cal. Civ. Proc. § 703.140(B)(10)(E).

## B. IN THE ALTERNATIVE, THE TWO IRA ANNUITIES MEET THE EXEMPTION REQUIREMENTS UNDER CAL. CIV. PROC. § 703.140(B)(10)(E).

"California has opted out of the federal exemptions provided in 11 U.S.C. § 522. See California Code of Civil Procedure §703.130. Consequently, §703.140(b)(10)(E) of the California Code of Civil Procedure is the controlling provision to determine whether the debtors' IRA in this case is exempt". *Farrar* v. *McKown (In re McKown)*, 1997 Bankr. LEXIS 1773, at * 8 (B.A.P. 9th Cir. Nov. 6, 1997) (holding that IRAs are exempt under § 703.140(b)(10)(E)), *aff'd*, 203 F.3d 1188, 1189-90 (9th Cir. 2000).

Ms. Chao's IRAs are exempt from the bankruptcy estate under Cal. Code Civ. Proc. §703.140(b)(10)(E). In *Rousey* v. *Jacoway*, 544 U.S. 320, 326-35 (2005), the Supreme Court held that the petitioners' IRAs were exempt under 11 U.S.C. § 522(d)(10)(E) because the three requirements under this provision are met. *See Patterson v. Shumate*, 504 U.S. 753, 762-63 (1992) (stating that "[a]lthough a debtor's interest [in an IRA] could not be excluded under § 541(c)(2) . . . , that interest nevertheless could be exempted under § 522(d)(10)(E)"). Section 703.140(b)(10)(E) of the California Code of Civil Procedure has language that is substantially the same to that in 11 U.S.C. § 522(d)(10)(E). Section 703.140(b)(10)(E) reads as follows:

"(10) The debtor's right to receive any of the following: . . .

(E) <u>A payment under</u> a stock bonus, pension, profit-sharing, <u>annuity</u>, or similar plan or contract <u>on account of</u> illness, disability, death, <u>age</u>, or length of service, <u>to the extent reasonably necessary for the support of the debtor and any dependent of the debtor</u>, unless all of the following apply:
(i) That plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under the plan or contract arose.
(ii) The payment is on account of age or length of service.
(iii) That plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code of 1986." (emphasis added)

Here, the exemption applies to Ms. Chao's IRAs because the three factors under Cal. Code Civ. Proc. § 703.140(b)(10)(E) are fulfilled.

1. **<u>Ms. Chao's Right to Payment from the Two IRA Annuities Is On Account of Age Under Cal. Civ. Proc. § 703.140(b)(10)(E).</u>**

Ms. Chao's right to payment of the Two IRA annuities is "on account of age," pursuant to *Rousey* v. *Jacoway*, 544 U.S. 320 (2005). The Supreme Court held that the right to payment of IRAs is "on account of age" because a hefty penalty applies if any amount is withdrawn before the accountholder turns a certain age. The "right to payment from IRAs is causally connected to [the accountholder's] age." *Id.* at 327. "That right is restricted by a 10-percent tax penalty that applies to withdrawals from IRAs made before the accountholder turns 59 ½." *Id.* "[T]his tax penalty is substantial," and "because this condition is removed when the accountholder turns 59 ½, the [accountholders'] right to the balance of their IRAs is a right to payment 'on account of age.' " *Id.* at 327-28.

Here, Ms. Chao's Two IRA Annuities qualify as IRAs under 26 U.S.C.S. § 408(a). *See* Chao Decl. ¶9-13, & Exhibit C-G. Ms. Chao is now 65 years old. *See* Declaration of Ms. Jinnie Chao. On July 12, 2012, Ms. Chao turned <u>60 years old</u>. Before then, her access to her IRAs was restricted as "a 10-percent penalty under 26 U.S.C.S. § 72t applie[d] proportionally to any amounts

withdrawn from [them]". Therefore, in the present case, the first factor of Cal. Civ. Proc. Code § 703.140(b)(10)(E) is fulfilled.

### 2. The Two IRA Annuities are a Substitute for Wages Under Cal. Civ. Proc. §703.140(b)(10)(E).

Ms. Chao's Two IRA Annuities are similar to and share the common feature of all of the plans listed in Cal. Civ. Proc. §703.140(b)(10)(E) in that they "provid[e] income that substitutes for wages earned as salary or hourly compensation." *Rousey*, 544 U.S. at 331. In *Rousey*, the Supreme Court held that IRAs are "similar plan[s] or contract[s]," within the meaning of 11 U.S.C. § 522(d)(10)(E) (exemption language that is substantially the same as in Cal. Civ. Proc. §703.140(b)(10)(E)). *Id.* at 329-31. "[I]ncome the [accountholders] . . . derive from their IRAs is likewise income that substitutes for wages." *Id.* at 331 First, the IRA funds are likely to be used during retirement when wage income is lacking. *Id.* Second, the taxation applies only when IRAs funds are distributed "treating it as income only in such years." *Id.* at 331-32. Third, a substantial penalty restricts the access of the IRAs funds, and a hefty penalty applies if these funds remain in the IRAs in the accountholder's retirement years. *Id.* at 332.

Here, Ms. Chao's funds in IRAs are a substitute for wages under Cal. Civ. Proc. Code § 703.140(b)(10)(E), as these annuities provide her income that substitutes for wages during her retirement years.

### 3. The Two IRA Annuities Are Reasonably Necessary for Ms. Chao's Support within the Meaning of Cal. Civ. Proc. Code §703.140(b)(10)(E).

The Two IRA Annuities are reasonably necessary for Ms. Chao's support "based on her income and expenses are likely to be in retirement, and based on what changes are likely to take place between now and then." *In re Pomeroy*, 2016 Bankr. LEXIS 2358, *8-18, *10 (Bankr. E.D. Cal. June 21, 2016) (holding that debtor's retirement account was exempt under § 703.140(b)(10)(E) because it is reasonably necessary for debtor's support, considering debtor's age, the numbers of years he had left to work, his life expectancy at retirement, and his overall financial situation making it unlikely he would contribute any amount to retirement savings); *see Rousey,* 544 U.S. at 325-26; see also *In re Williams,* 556 B.R. 456, 461-65 (Bankr. C.D. Cal. 2016) (holding that deceased father's California Public Employees Retirement System ("CalPERS")

pension inherited by debtor is exempt under § 703.140(b)(10)(E) because the payments are designed to "provide a debtor with the basic necessities and to prevent the debtor from being a public charge," the right to receive payment is on account of "death," and debtor did not have any sources of income other than the CalPERS pension, so it was reasonably necessary for debtor's support).

In the present case, as previously said, Ms. Chao is 65 years old. The average life expectancy of a 65 years old woman in the United States as of March 16, 2017 is 20.6 years. *See* Calculators: Life Expectancy, ssa.gov. Ms. Chao is still working, and is likely to retire in 2022. Thus, she would have a remaining life of approximately 15 years at retirement. The $132,321.71 in retirement funds for the Two IRA Annuities would be support of only $8,822 per year over these 15 years. Thus the amount of funds in the Two IRA Annuities is reasonably necessary for her support.

At the July 28, 2017 hearing, the attorney for the plaintiffs in the adversary case questioned if the "reasonably necessary" language in the California exemption statute was met if Ms. Chao uses the retirement funds to pay for a criminal defense attorney to represent her in the Federal Criminal Case. The statutory language does not make the "reasonably necessary" requirement dependent on how the funds are eventually used. If the statute required such an analysis, then retirement funds could not be determined to be exempt until the debtor actually spent the money and the Court decided those expenditures were "reasonable necessary for the support of the debtor." Instead, the statutory language simply limits the amount of retirement funds that are exempted under the Section to that amount "reasonably necessary" to support the debtor in retirement. *See* Cal. Civ. Proc. Code § 703.140(b)(10)(E). As explained above, the withdrawn IRA funds only amount to $8,822 per year in support during Ms. Chao's expected retirement years, and thus the funds satisfy the test that the amount is "reasonably necessary" for her support. The statute does not call for the Court to review how the debtor eventually spends the exempt funds, and thus once the funds are determined exempt, the debtor may use them for any purpose.

Here, because the Two IRA Annuities meet the requirements for the exemption of retirement funds under Cal. Civ. Proc. Code § 703.140(b)(10)(E), they are available to pay for her criminal defense in the Federal Criminal Case. It should be noted that this planned use is not extravagant or improper because Ms. Chao has a constitutional right to hire the attorney of her choice to represent her in the criminal proceedings. U.S. Const. amend VI. Additionally, the Court in the Federal Criminal Case has continued the criminal prosecution so that she may do so and the Federal Public Defender is not burdened with the cost of her defense when she has assets to fund it. *See* Amended Declaration of Albert J. Boro, Jr., at ¶ 3 & Exs. A-B, filed concurrently

herewith. Because the funds in the two IRA annuities meet the exemption requirement, this Court should find them exempt and should approve Ms. Chao's application to use those funds to hire a criminal defense attorney for the Federal Criminal Case. U.S. Const. amend. VI.

### C. MS. CHAO'S FUNDS WITHDRAWN FROM THE TWO IRA ANNUITIES REMAIN EXEMPT UNDER CAL. CIV. PROC. § 703.140(B)(10)(E) & § 703.080.

On December 13, 2016, Ms. Chao withdrew $9,026.61 from Allianz Account 6719 and $7,518.13 from Allianz Account 6821, for a total of $16,544.74. Chao Decl. at ¶ 11 & Ex. E (at ECF pp. 14 & 36). Ms. Chao deposited this money in her bank account No. 4233 in December 2016 and those funds still remain in that bank account. *Id.* at ¶ 16. Ms. Chao has filed her federal and state income tax returns for 2016, and no taxes were owed on the IRA funds withdrawn in 2016 from Allianz Account Nos. 6719 and 6821. *Id*. at ¶ 16. Because the exempt funds from those two Allianz accounts can be traced to the funds in Ms. Chao's bank account, those funds remain exempt funds under California law. *See* Cal. Civ. Proc. Code § 703.080.

These funds withdrawn and derived from her IRAs kept their exemption status, pursuant to Cal. Civ. Proc. §703.080. This section reads as follows:

> "Section 703.080. Tracing exempt funds
>
> (a) Subject to any limitation provided in the particular exemption, <u>a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent</u>.
> (b) <u>The exemption claimant has the burden of tracing an exempt fund</u>.
> (c) The tracing of exempt funds in a deposit account shall be by application of the lowest intermediate balance principle unless the exemption claimant or the judgment creditor shows that some other method of tracing would better serve the interests of justice and equity under the circumstances of the case." (emphasis added).

Here, Ms. Chao's withdrawals can be traced into her bank account, and they remain exempt retirement funds.

### D. MS. CHAO WILL SET ASIDE FUNDS FOR POTENTIAL TAXES, AND USE HER POST-PETITION EARNINGS TO FUND THE BALANCE OWED FOR HER CRIMINAL DEFENSE ATTORNEY'S FEES.

At the hearing on July 28, 2017, the Court requested clarification on the tax consequences of the withdrawals from the Two IRA Annuities, and the debtor's planned source of payment for any taxes that might be owed. The distributions on an IRA are taxed as ordinary income at the

same income tax rate as paychecks. The debtor as a single filer who earns at least $37,950 falls within the 25% tax bracket. The debtor is also over the age of 59-1/2 and will therefore not be subject to a 10% penalty on the withdrawals from the Two IRA Annuities. In order to ensure that funds outside of bankruptcy estate are available to pay any taxes that might be owed, Ms. Chao proposes to deposit 25% of the money withdrawn from the Two IRA Annuities funds into a separate bank account to be held in that account until her 2017 taxes are prepared and paid.

Ms. Chao proposes to use her post-petition earnings to fund the remaining balance of the retainer for representation of her in the Federal Criminal Case. In order to fund the $200,000 retainer for representation in the Federal Criminal Case, the debtor intends to use $86,832.73 from the two IRA Annuities (which is 75% of the total funds in those annuities), $16,544.74 from DIP account ending in 4233, which are the funds withdrawn in 2016 from the Two IRA Annuities, and an additional $96,622.53 from DIP account ending in 4233, which are the debtor's post-petition earnings from her work as a real estate broker.

Ms. Chao did not owe federal and state taxes for 2016 on her income earned from her real estate business due to the application of loss carry forwards. The debtor does not anticipate owing any 2017 federal or state taxes on the post-petition earnings that are being contributed to the retainer for the Federal Criminal Case due to the application of loss carry forwards. The debtor is currently working as a real estate broker and has been a real estate broker in the San Francisco Bay Area for approximately 28 years. So far in 2017, the debtor has earned total commissions of $120,000.00. The debtor has additional real estate transactions that she is currently working on and expects to close later in 2017 or early 2018. Ms. Chao intends to keep working in her real estate business for at least four more years and does not expect to retire until 2022.

### E. MS. CHAO MAY USE FUNDS FROM THE TWO IRA ANNUITIES TO PAY HER CRIMINAL DEFENSE ATTORNEY'S FEES.

Ms. Chao is allowed to use funds from the Two IRA Accounts to pay her attorney's fees so that Mr. Boro may defend her on personal criminal charges pending against her. Courts have ruled that a debtor may use her non-estate funds as the debtor sees appropriate.

The Fifth Circuit in *In re Hargis*, 887 F.2d 77, 79-80 (5th Cir. 1989), *clarified on reh'g*, 895 F.2d 1025 (5th Cir. 1990), reversed the bankruptcy court's order for a law firm to disgorge fees it had received for pre-petition and post-petition legal work because the funds were non-estate assets and "[t]he debtor may do what he will with non-estate funds." Also, in *Roland* v. *UNUM Life Ins.*

AMENDED MOTION OF DEBTOR TO DETERMINE
OWNERSHIP OF EXEMPT FUNDS

9

Case: 15-31519    Doc# 148    Filed: 08/24/17    Entered: 08/24/17 16:51:12    Page 9 of 10

*Co. of America*, 223 B.R. 499, 500-01, 503-06 (E.D. Va. 1998), the district court approved use of advances of post-petition earnings, which were non-estate funds under 11 U.S.C. § 541(a)(6), to pay for personal criminal defense counsel in an FBI investigation because the Court held that the debtor-in-possession owes no obligation to the estate for non-estate property. Finally, in *In re Wolff*, 2004 Bankr. LEXIS 2527, at *5-7 (Bankr. D.S.D. May 17, 2004), on motion for compensation by Chapter 7 debtors' attorney, the Court held that post-petition attorneys' fees that are not compensable from the bankruptcy estate could be paid with non-estate funds, such as post-petition earnings or an account receivable that debtors declared exempt.

In the present case, Ms. Chao will use the funds in the Two IRA Accounts and the money previously withdrawn from those IRA accounts, plus non-estate funds, including post-petition real estate sales and commissions to pay Mr. Boro's attorneys' fees to represent her in the Federal Criminal Case. Chao Decl. ¶¶ 4-5. The federal court has continued the criminal case so that Ms. Chao may obtain this Court's permission to use her retirement funds to pay for an attorney to defend her in that case. Ms. Chao needs access to her retirement funds to exercise her constitutional right to counsel to present her defense to the pending federal criminal charges. U.S. Const. amend VI.

## IV. CONCLUSION

For the foregoing reasons, Ms. Chao respectfully requests that the Court grant her amended motion and find that funds held in the Two IRA Annuities, including funds that were withdrawn in December 2016 and held in a bank account in the bankruptcy, are exempt funds and not part of the bankruptcy estate under Cal. Civ. Proc. Code §§ 703.140(b)(10)(E) & 703.080, and may be used to contribute towards her criminal defense in *United States* v. *Jinnie Chao*, No. CR-16-00435 EJD (N.D. Cal.).

DATED: August 24, 2017

Respectfully submitted,

/s/ Onyinye Anyama
ONYINYE ANYAMA
Attorney for Debtor
and Debtor in Possession
JINNIE JINUEI CHANG CHAO