ONYINYE ANYAMA (SBN 262152)
Anyama Law Firm, A Professional Corporation
18000 Studebaker Road, Suite 325
Cerritos, California 90703
Tel. (562) 645-4500
Fax (562) 645-4494

Attorney for Debtor and Debtor-in-Possession
JINNIE JINHUEI CHANG CHAO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

JINNIE JINHUEI CHANG CHAO,

    Debtor-in-Possession.

Case No. 15-31519

Chapter 11

APPLICATION OF DEBTOR-IN-POSSESSION TO APPROVE EMPLOYMENT OF CRIMINAL DEFENSE COUNSEL ETHAN A. BALOGH., PURSUANT TO 11 U.S.C. §§ 327(a), 328 & 329, AND WITH NON-ESTATE FUNDS, AND PRE-APPROVAL OF PAYMENT UNDER A FLAT FEE AGREEMENT, PURSUANT TO 11 U.S.C. § 328

**TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

    The application of Jinnie Jinhuei Chang Chao, the debtor and debtor-in-possession (the "Debtor") in this Chapter 11 Case, respectfully represents:

    1. On December 4, 2015, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code. The Debtor is in possession of her estate, no trustee having been appointed.

    2. The Debtor hereby requests authority, pursuant to 11 U.S.C. §§ 327(a), 328 & 329, and Federal Rule of Bankruptcy Procedure 2014(a) and 2016 ("Fed. R. Bankr. P."), to retain Ethan A. Balogh of Coleman & Balogh LLP, as criminal defense counsel, to represent debtor in pending

federal criminal proceedings using non-estate funds, pursuant to the terms and conditions contained in the proposed flat fee agreement (the "Flat Fee Agreement"), which is attached as Exhibit B to the Declaration of Ethan A. Balogh, being filed concurrently herewith (the "Balogh Declaration").

3. The Debtor is also filing concurrently herewith a Motion of Debtor-In-Possession to Determine Ownership of Exempt Funds and her Declaration in Support of the Motion, pursuant to California Civil Procedure Code §§ 703.140(b)(10)(E) & 703.080.

4. The Debtor intends to retain Ethan A. Balogh as criminal defense counsel to represent her in the pending criminal proceedings before the Northern District Court of California, captioned *United States v. Jinnie Chao*, No. 16-cr-00435 EJD (N.D. Cal.) (the "Federal Criminal Case"). The Debtor believes that Mr. Balogh is well qualified to represent her in the Federal Criminal Case. The Debtor is informed and believes that Mr. Balogh's qualifications to represent her are: He has practiced federal criminal law for more than 20 years. Following graduation from Yale Law School, Mr. Balogh served as post-bar clerk and then a county public defender in San Diego for one year, before clerking for the Honorable Marylin L. Huff, United States District Judge for one year. He then practiced as a trial attorney for Federal Defenders of San Diego, before coming to San Francisco and working at Keker & Van Nest, LLP, where he represented clients in federal criminal cases, as well as in complex civil cases. Mr. Balogh has tried more than 10 federal criminal jury trials to verdict. His notable cases include *Ajoku v. United States*, 134 S. Ct. 1872 (Mem.) (U.S. Supreme Court April 21, 2014); *United States v. Fleishman* (S.D.N.Y. Case No. 11 Cr. 32 (JSR); and *United States v. Thomas*, N.D. Cal. Case No. 06 Cr. 0803 SI.

5. The professional services that Mr. Balogh will render will consist of defending the Debtor against a 16-Count Indictment in the Federal Criminal Case. Counts One through Five charge the Debtor with mail fraud in violation of 18 U.S.C. § 1341, by allegedly executing a scheme to defraud by knowingly and with the intent to defraud and deprive, taking and receiving from an authorized depository for mail five identified checks intended for A. Salem, D.D.S., Inc., a dental practice in which she allegedly assisted the licensed dentist Ardeshir Salem with marketing and office management. Count Six through Ten charge the Debtor with wire fraud in violation of 18 U.S.C.

APPLICATION TO APPROVE EMPLOYMENT OF CRIMINAL DEFENSE COUNSEL
AND PRE-APPROVAL OF PAYMENT UNDER FLAT FEE AGREEMENT

2

Case: 15-31519   Doc# 167   Filed: 10/30/17   Entered: 10/30/17 14:21:30   Page 2 of 7

§ 1343, by allegedly, as part of the scheme to defraud, knowingly causing to be transmitted five identified wire transfers of money. Finally, Count Eleven through Sixteen charge the Debtor with money laundering in violation of 18 U.S.C. § 1957(a), by allegedly knowingly engaging in six identified monetary transactions in criminally derived property of a value greater than $10,000.00. The Indictment also alleges forfeiture of assets pursuant to 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1), and 28 U.S.C. § 2461(c), that constitute or are derived from or are traceable to the proceeds obtained directly or indirectly from the proceeds of the offenses, if any, for which the Debtor is convicted.

6. The underlying factual dispute in the Federal Criminal Case is the same factual dispute at issue in the Complaint to Determine Dischargeability and Objection to Discharge filed on March 10, 2016, by plaintiffs Ardeshir Salem and A. Salem, D.D.S., Inc., captioned *Salem, et al.* v. *Chao*, Adversary Case No. 16-03023 (Bankr. N.D. Cal.) (the "Salem Adversary Case"). Plaintiffs allege that the Debtor assisted plaintiffs with marketing and office management for the dental practice, and used that access to obtain fraudulently money and assets of plaintiffs. They allege that the Debtor used fraudulent power of attorney forms to convert plaintiffs' money and to open without authorization P.O. boxes and bank accounts and diverted plaintiffs' money to those bank accounts and then stole it. They assert that the debts owed them by the Debtor are non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) & 523(a)(4), because the debts are for money or property obtained by false pretenses, false representation, or actual fraud, or for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Plaintiffs request judgment in an amount of at least $1.15 million, as well as any amounts representing plaintiffs' lost investment opportunities, tax liabilities incurred, statutory interest, and the reasonable costs of obtaining restitution, including costs of an accounting and attorneys' fees as allowed by law or statute.

7. Mr. Balogh intends to represent the Debtor in the Federal Criminal Case, subject to Court's approval of this Application, pursuant to 11 U.S.C. §§§ 327(a), 328 & 329, and Fed. R. Bankr. P. 2014(a).

8. Section 327(a) provides: "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 329(a) requires that "Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

9. As set forth in the Balogh Declaration, Mr. Balogh does not hold or represent an interest adverse to the estate, and is a "disinterested person" within the meaning of Section 327(a) and 11 U.S.C. § 101(14).

10. Mr. Balogh's employment as a Criminal Defense Counsel to represent the Debtor in the Federal Criminal Case would assist the debtor-in-possession with administration of the estate and would benefit the estate. The Federal Criminal Case has a forfeiture allegation that, if sustained, would result in a judgment against the Debtor that might result in forfeiture of property that is part of the estate, and reduce the assets available for distribution to creditors of the estate. Also, the conviction of the Debtor in the Federal Criminal Case would adversely impact the estate's defense of the Salem Adversary Case, which could result in the loss of assets in the estate to the detriment of other creditors of the estate. The Federal Criminal Case and the Salem Adversary Case both involve alleged fraudulent activity by the Debtor when she assisted with marketing and administrative work for Dr. Salem's dentistry practice. The financial transactions forming the basis for the 16 Counts in the Federal Criminal Case are a subset of the alleged losses at issue in the Salem Adversary Case. If the Debtor were to plead guilty in the Federal Criminal Case, then that plea would be admissible in the Salem Adversary Case as an admission, and conviction after trial on the Counts in the Federal Criminal Case would collaterally estop the Debtor from relitigating whether those same transactions were fraudulent in the Salem Adversary Proceeding. *See Teitelbaum Furs, Inc.* v. *Dominion Ins. Co.*, 58 Cal. 2d 601, 605-07 (1962) (recognizing that a guilty plea is an admission but does not create

collateral estoppel, and holding that for a guilty verdict following trial "any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action"), *cert. denied*, 372 U.S. 966 (1963).  For this reason, the representation of the Debtor in the Federal Criminal Case would benefit the estate.  *See In re Delta Petroleum (P.R.)*, 193 B.R. 99, 108-10 (D.P.R. 1996) (approving compensation of criminal defense attorney for debtor hired under Section 327(a) because "there was good reason to be concerned about the repercussions that the criminal proceedings in state court could have on the bankruptcy estate's finances"); *In re Warner*, 141 B.R. 762, 1992 U.S. Dist. LEXIS 5117, at *2-7 (M.D. Fla. Mar. 25, 1992) (upholding bankruptcy court's finding that employment of criminal defense counsel to appeal criminal convictions was proper under Sections 327(a) or 327(e), and awarding compensation because "[t]he interest of the estate in the employment of defense counsel in an attempt to overturn a conviction which included a $22 million debt chargeable to the estate is, as the bankruptcy court put it, 'obvious'").

11. In this Application, the Debtor seeks pre-approval by the Court under Section 328 of Mr. Balogh's proposed Flat Fee Agreement and the compensation for attorneys' fees and reimbursement of expenses provided for thereunder.  11 U.S.C. § 328(a).  The Flat Fee Agreement requires the Debtor to pay a $150,000.00 retainer for his fees for the entire retention, based in part on concern that the Court will not advance further fees in the future, and fees could (and likely would) exceed $150,000 if the case is charged at an hourly rate.  Under the proposed retainer agreement, Ms. Chao will be responsible for out-of-pocket costs.

12. This Court has authority under Section 328 to pre-approve the payments to Mr. Balogh that are provided for under the Flat Fee Agreement.  *See In re Smart World Techs.*, 552 F.3d 228, 230-31, 233-34 (2d Cir. 2009) (holding that bankruptcy court's retention order was a pre-approval of law firm's contingency fee under § 328, where the debtor's application invoked § 328 and the bankruptcy court approved payment in accordance with the application and letter agreement); *In re Circle K Corp.*, 279 F.3d 669, 674 (9th Cir. 2001) (holding that debtor's application must expressly invoke § 328 for law firm's fees to be preapproved; otherwise the fees are subject to review at end of

representation under reasonableness standard of § 330); *cf. In re Danner*, 2012 Bankr. LEXIS 3634, at *14-17 (B.A.P. 9th Cir. July 31, 2012) (defining an "'advance payment retainer'" "as one in which the debtor pays for all or a portion of the services to be rendered by the attorney in advance, or in other words, a 'flat fee' arrangement," and is "considered to be earned-on-receipt entitling an attorney to the retainer at the time of payment").

13. The Debtor requests that the Court pre-approve, under Section 328, the flat fee payments and provisions for expense reimbursements for Mr. Balogh that are provided for under the Flat Fee Agreement as reasonable terms and conditions of employment for the following reasons: The Federal Criminal Case involves 16 Counts and several years of financial transactions and will require hundreds of hours of work to prepare the case for jury trial, and, if not settled, to try the case. That attorney work is expected to include analysis of bank, accounting, and other financial records to determine what transactions were made and the business or other purposes for those transactions. Investigation will be required to develop witnesses and evidence to support the defense of the case. Discovery from the Government will have to be reviewed and analyzed to identify possible pretrial motions and defenses to the case. It is expected that pretrial motions will need to be drafted, filed, and argued. The trial for this case would likely take approximately two weeks, and potentially more, due to complexity of the financial transactions and the history between the Debtor and alleged victim; if a guilty verdict were returned on any Counts, many hours would be required to prepare post-trial motions and the sentencing memorandum and to prepare for hearings on those matters.

14. The structure of the proposed flat fee arrangement also shows the reasonableness of the proposed fee agreement. The Flat Fee Agreement caps the Debtor total liability for attorneys' fees in the Federal Criminal Case at $150,000.00, regardless of whether the Government files additional charges.

15. The Debtor is filing concurrently herewith a motion to determine that funds held in certain of her retirement accounts are exempt funds, and may be used to pay for criminal defense counsel. Because Mr. Balogh would be paid with funds that are exempt from the bankruptcy estate because they are retirement funds, or are not part of the bankruptcy estate, such as post-petition earnings of the

APPLICATION TO APPROVE EMPLOYMENT OF CRIMINAL DEFENSE COUNSEL
AND PRE-APPROVAL OF PAYMENT UNDER FLAT FEE AGREEMENT

6

Debtor, the employment of Mr. Balogh as criminal defense counsel will not diminish the assets available to creditors, and his defense of the Federal Criminal Case may preserve estate assets for distribution to creditors.

16. Mr. Balogh will not be responsible for, nor assist the Debtor with, or be compensated for administrative duties, pursuant to Section 323(a).

17. The Debtor is informed and believes that Mr. Balogh is aware of the provisions of the Local Rules of this Court dealing with the contents and procedures involving applications for allowance of fees.

18. Based upon the foregoing, the Debtor believes that her interest and the best interest of the estate will be served by the appointment of Mr. Balogh as Criminal Defense Counsel for the purposes described herein, and requests that the court grant this application and preapprove the Flat Fee Agreement and the payments to Mr. Balogh provided for therein.

Dated: October 26, 2017

/s/Jinnie Jinhuei Chang Chao
JINNIE JINHUEI CHANG CHAO