**United States Bankruptcy Court**
**Northern District of California**

In re __Jinnie Jinhuei Chang Chao__                                                Case No. __15-31519__
                                      Debtor(s)                                     Chapter __11__

# COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant:     __Onyinye N. Anyama 262152__

Authorized to Provide Professional Services to:   __Jinnie Jinhuei Chang Chao__

Date of Order Authorizing Employment:   __January 10, 2016__

Period for Which Compensation is Sought:

From:   __January 24, 2017__         Through:   __February 13, 2018__

Amount of Fees Sought:  $ __18,405.00__

Amount of Expense Reimbursement Sought:  $ __761.08__

This is an: Interim Application   __x__          Final Application   _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees and Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 4/7/2017 | 12/7/2015-3/14/2017 | 21,280.00 | 10,000.00 | 18,107.00 |

Date:  __February 21, 2018__              By:  /s/ Onyinye N. Anyama
                                                Onyinye N. Anyama 262152
                                                Attorney for Debtor(s)
                                                Anyama Law Firm, A Professional Corporation
                                                18000 Studebaker Road
                                                Suite 325
                                                Cerritos, CA 90703
                                                Phone:   562.645.4500
                                                info@anyamalaw.com

Onyinye Anyama Esq. (SBN: 262152)
**ANYAMA LAW FIRM | A Professional Law Corporation**
18000 Studebaker Road, Suite 700
Cerritos, California 90703
Tel. (562) 467-8942; Fax (562) 467-8943

Attorney for Debtor and Debtor-in-possession

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

In Re:

**Jinnie Jinhuei Chang Chao**

**Debtor and Debtor-in-Possession**

Case No. 3:15-bk-31519-DM

Chapter 11

**AMENDED FIRST INTERIM FEE APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY ATTORNEY FOR CHAPTER 11 DEBTOR-IN-POSSESSION**

(11 U.S.C. SECS. 327, 328, 330 AND 331; F.R.B.P. P. 2016(a); Local Bankr. R 9013-1(o) and Loc. Bankr R. 2016-1(b)

**DECLARATIONS OF ONYINYE ANYAMA IN SUPPORT THEREOF.**

DATE: March 16, 2018
TIME: 9:30 AM
ROOM: 17

**TO: THE HONORABLE DENNIS MONTALI UNITED STATES BANKRUPTCY JUDGE,**

Comes now Anyama Law Firm attorney for the Debtor in possession and respectfully submits the herein application for compensation under Rule 2002 of the Bankruptcy Rules and B.L.R. 9029-1.

### NOTICE OF APPLICATION

Application for Compensation - 1

Notice of this Application is being sent concurrently with its filing to the Debtor, the Office of the United States Trustee, and all other parties required by the Court by ECF or by mail if a party is not registered. Applicant respectfully submits that no further notice is required in this matter.

The Debtor has also been provided a copy of this Application and an opportunity to review the Application pursuant to the UST Guidelines. A true and correct copy of the cover letter sent concurrently with the Application to the Debtor is attached to the Anyama Declaration as **Exhibit "D"**, in accordance with the UST Guidelines.

## BACKGROUND AND BASIS FOR RELIEF REQUESTED

### HISTORY OF CASE

Applicant was retained as general insolvency counsel to the Debtor to assist her on behalf of her estate in this case in her role as debtor-in-possession. This case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 4, 2016 (the "Petition Date").

Ms. Chao intends to continue in the possession of her properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the bankruptcy code.

Ms. Chao is an individual domiciled and with her primary residence within the San Francisco county, state of California. Ms. Chao is a self-employed real estate broker and also receives income from her rental properties. Ms. Chao is engaged in the business of sale of real properties. The major assets of Ms. Chao are five real properties owned by Ms. Chao.

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Chao (real estate professional) experienced major decrease in her income. She attempted to reorganize her debt by filing Chapter 13 cases in 2015 pro se. However the case was dismissed since Ms. Chao represented herself and was unsophisticated in bankruptcy matters. Ms. Chao employed the applicant to file her Chapter 11 bankruptcy to reorganize her debt.

Virtually all of the Debtor's assets are encumbered by holders of prior secured claims. The principal assets of the estate are the following properties currently owned by the debtor.

- *8108 Penobscot Ln. McKinney TX,*
- *701 Braxton Ct. McKinney TX,*
- *30 Pilarcitos Ct Hillsborough CA*
- *305 St Andrews Dr. Pinehurst NC*
- *9 Maverick Pl. Pinehurst*

Donna S. Tamanaha is the attorney of record for the Office of the United States Trustee. On January 10, 2016, this Court entered an order appointing Anyama Law Firm as Debtor's General Insolvency and Bankruptcy Counsel.

## ACTIVITY CATEGORIES SUMMARY AND DESCRIPTION OF SERVICES RENDERED DURING THE APPLICATION PERIOD

The following is a breakdown of counsel's legal services by the categories approved by the OUST for the Application Period. Based on the interrelated nature of the work involved, there is overlap among several of the categories.

A brief summary of the services Counsel has provided to the Debtor in each of these categories is set forth as follows:

1. Debtor commenced a petition under Chapter 11 on December 4, 2015.
2. An Order approving employment of applicant as attorney for debtor was granted on October 10, 2016.
3. This is applicant's Amended first fee application.
4. The time period covered by this Application is January 24, 2017, through February 13, 2018.
5. The services for which compensation is requested consist of the following:

   **A. Case Administration.**

In this category, Applicant's case administration for which fees of **$19,160.00** are being charged based on **56.4 hours** of work; In this category, Applicant assisted the Debtor with substantially all aspects of the administration of the within case, including by advising the Debtor with respect to her duties as debtor-in-possession and by reviewing and filing monthly operating reports.

The firm analyzed the financial affairs and documents of the Debtor, developed case strategies, addressed issues regarding debtor-in- possession accounts, coordinated with other professionals, and reviewed and analyzed questions regarding proofs of claims and appeared at hearings on debtor's behalf.

### B. Motions/claim objections

In this category for which fees of **$2,080.00** are being charged based on **5.2 hours** of work. Applicant prepared and filed a motion to impose the automatic stay on her real properties with supporting declarations from the debtor. The hearing was set for and held on January 7, 2016. The court approved debtor's motion.

Applicant prepared and reviewed debtors' Motion to use cash collateral with supporting declarations from the debtor. The hearing was set for and held on January 15, 2016. The court held that the motion is granted with the provision that the debtor is not authorized to pay the property managers, however, counsel may file a supplemental motion or seek a consent from the lenders.

On January 25, 2016, applicant filed debtor's second motion to use cash collateral with debtor's supporting declarations. The hearing was set for and held on February 19, 2016. The court entered the order granting debtor's second motion for the interim use of cash collateral on February 22, 2016.

On the Motion for relief from Stay filed by secured creditor Penny Mac Loan Services, Applicant reviewed the Motion. Applicant prepared and reviewed debtor's opposition to the said motion. On June 27, 2017, counsel discussed and agreed on a

stipulation regarding treatment of its secured claim under debtor's Chapter 11 plan. The court approved the stipulation on June 29, 2017.

On Debtor's motion to determine the ownership of exempt funds, Applicant prepared and reviewed debtors' Motion to Determine Ownership of Exempt Funds with supporting declarations from the debtor. Debtor's motion sought to determine that the ownership of her individual Retirement account are exempt funds and part of the property of the bankruptcy estate. On November 21, 2017, the court entered the order granting debtor's motion.

C. **Employment of Professionals/ Fee Applications**

In connection with "Fee/Employment Applications", Applicant expended time in the preparation of the amended first interim fee Application, applicant's own Employment Application, application to employ Bruce C. Janke as Special Counsel, application to employ Ethan A. Balogh as criminal defense counsel and the application to employ Albert J. Boro Jr. as debtor's criminal defense counsel and the respective orders concerning same. In this category for which fees of **$2,605.00** are being charged based on **7.2 hours** of work.

D. **Meeting of Creditors and Initial Debtor Interview**

On December 29, 2015, Counsel prepared for and appeared at the Initial Debtor Interview. The Debtor also appeared at the interview.

Counsel prepared for the 341 (a) meeting of creditors and communicated extensively with the Debtor regarding the process. Prior to attending, Counsel advised Debtor of all outstanding documents and further information needed and explained the purpose and process of the meeting to the Debtor, including issues that were brought up in the initial debtor interview. On January 21, 2016 Counsel attended the meeting of creditors with the Debtor

E. **Plan and Disclosure Statement**

In this category, counsel successfully negotiated and agreed with Secure creditors regarding treatment of its claim in debtor's Chapter 11 Plan. Counsel reviewed and prepared debtor's combined plan and disclosure statement, for which fees of **$1,880.00** are being charged based on **4.7 hours** of work.

6. A detailed description of time records by category of service is attached hereto as **Exhibit B**.

7. Applicant has expended **27.5 hours** representing the debtor; and based upon an agreed upon hourly rate of $400 per hour, applicant seeks approval of compensation in the amount of **$9,750.00** for services represented by this Application.

8. Pursuant to the Application to Employ Anyama Law Firm (the "Employment Application"), the total pre-petition amount collected was **$20,000.00**. Of the **$20,000.00** collected, **$1,717.00** was used toward Debtors' filing fee, **$176.00** was used towards Debtor's Motion to Impose the automatic stay. The initial retainer was drawn down to **$8,107.00** (the "Retainer") paid in attorney labor, leaving a remaining balance of **$10,000.00** in the Attorney Client Trust Account.

9. On April 7, 2017, applicant filed her initial first interim fee application. Applicant requested for fees in the amount of **$21,280.00** and expenses in the sum of **$1,080.02**. On July 2, 2017, the court entered the order granting in part and denying in part applicant's application for compensation. Per the court's order, applicant was allowed to withdraw the balance of the retainer in the attorney client trust account in the amount of **$10,000.00,** the balance of the fees were deferred by this court pending the filing of an amended first interim fee application. Accordingly the balance of the retainer on hand at the time of the petition is **$0.00**.

10. In connection with this amended fee application, Applicant has incurred a total of **$18,405.00** in fees and in copying and postage costs of **$761.08**. An itemization of these costs is set forth in **Exhibit B**.

Application for Compensation - 6

Case: 15-31519    Doc# 188    Filed: 02/21/18    Entered: 02/21/18 15:37:58    Page 7 of 10

11. WHEREFORE, applicant prays for an award of additional attorney's fees in the amount of **$18,405.00** for services represented in this Application, and reimbursement of additional costs in the amount of **$761.08;** and for an order that the final balance of attorney's fees is **$19,166.08.**

## REQUESTED FEES AND COSTS

Between December 7, 2015 to February 13, 2018, Applicant spent **80.2 hours**, representing the Debtor, as reflected in Applicant's detailed time and expense entry reports, attached as **Exhibit C**, and summarized as follows:

**Fees**

> Onyinye Anyama, 65.5 hours at $400/hour = $26,200.00
>
> Elizabeth Cruz, 14.7 hours at $150/hour = $2,205.00
>
> Total $28,405.00. Counsel only seeks this court's approval for the payment of fees of $18,405.00.

**Expenses**

A listing of the expenses incurred by counsel, including each category of expenses, is attached as **Exhibit C.** The following is a brief explanation of the major expenses incurred by counsel in this case.

1. Counsel has not charged for long distance telephone calls.
2. Counsel charged in-house photocopying at the rate of 10 cents ($0.10) per page.
3. Counsel charged for actual postage costs, except for mailings involving insignificant expenses. In addition, Counsel charged at actual cost for such expenses as Federal Express delivery. In every instance, Counsel attempted to use the least expensive means of communication based upon the circumstances. Counsel endeavors to utilize e-mail wherever appropriate.
4. Counsel absorbed the costs of facsimile transmission, secretarial word processing, and any necessary overtime and associated expenses.

| Category | Total Expenses |
|---|---|
| Filing Fees | $31.00 |
| Postage | $163.38 |
| Printing/Copies | $476.70 |
| Telephonic Appearance fee | $90.00 |
| Total | $761.08 |

Applicant has reviewed the requirements of Local Bankruptcy Rule 2016-1 and this Amended first interim fee application complies with the requirements of this Rule.

### ESTABLISHMENT OF RATES

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." In re Manoa Finance Company, 853 F.2d 687 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill, and reputation.

### TIME EXPENDED, EXPENSES INCURRED AND AMOUNTS REQUESTED

The narrative portion of this Application is a limited summary of the major areas of work performed by Counsel. The attached exhibits set forth, in detail, the actions taken by Counsel in the case.

The services for which counsel requests compensation were performed solely for or on behalf of the Debtor and Debtor-in-possession. At all times during the Application Period, Counsel diligently sought to fulfill its duty as Counsel for the Debtor.

The services rendered by Counsel were necessary, proper, and beneficial to the Debtor and to the entire bankruptcy estate in general. Counsel provided services to the Debtor in a manner that was professional, skilled, and expeditious. Counsel required substantially less time than would have been required of counsel with less expertise. Counsel has made every attempt to reduce attorney hours expended and, where appropriate, matters not demanding the services

Application for Compensation - 8

of the senior attorney were assigned to paralegals, whose costs were absorbed by Counsel and whose times are billed to Debtor under the terms of her retainer agreement with counsel for the instant case.

## **CONCLUSION**

Giving due consideration to the nature of the services rendered, applicant's normal and customary hourly rates for similar services, the results achieved on behalf of the estate, and the time devoted, Applicant respectfully submits that the fees and expenses for which compensation and reimbursement are sought in the Application are actual, reasonable and necessary costs of the administration in this case.

**WHEREFORE**, the Applicant respectfully requests that this Court enter an order:

a. Awarding to Applicant interim compensation for professional services rendered to the Debtor during the Application Period in the amount of **$18,405.00**, and reimbursement of costs incurred by Applicant during the Application Period in the amount of **$761.08** for a total award of **$19,166.08**.

b. b. For any and all other relief as the Court may deem appropriate.

Dated: February 14, 2018                                Anyama Law Firm

                                                         /s/ Onyinye Anyama
                                                         Onyinye Anyama
                                                         Attorney for Debtor