**United States Bankruptcy Court**
**Northern District of California**

In re: __Jinnie Jinhuei Chang Chao__          Case No. __15-31519__
                        Debtor(s)              Chapter __11__

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Onyinye N. Anyama 262152__

Authorized to Provide Professional Services to: __Jinnie Jinhuei Chang Chao__

Date of Order Authorizing Employment: __January 10, 2016__

Period for Which Compensation is Sought:

From: __March 16, 2017__       Through: __February 13, 2018__

Amount of Fees Sought: $ __7,390.00__

Amount of Expense Reimbursement Sought: $ __668.36__

This is an: Interim Application __x__       Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees and Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 3/15/2017 | 12/7/2015-3/14/2017 | 22,360.02 | 10,000.00 | 18,107.00 |

Date: __April 10, 2018__        By: __/s/ Onyinye N. Anyama__
                                    Onyinye N. Anyama 262152
                                    Attorney for Debtor(s)
                                    Anyama Law Firm, A Professional Corporation
                                    18000 Studebaker Road
                                    Suite 325
                                    Cerritos, CA 90703
                                    Phone: 562.645.4500
                                    info@anyamalaw.com

Onyinye Anyama Esq. (SBN: 262152)
**ANYAMA LAW FIRM | A Professional Law Corporation**
18000 Studebaker Road, Suite 325
Cerritos, California 90703
Tel. (562) 645.4500; Fax (562) 645.4494
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

In Re:

Jinnie Jinhuei Chang Chao

Debtors

Case No. 15-31519

Chapter 11

SECOND FEE APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF ANYAMA LAW FIRM FOR DEBTOR IN POSSESSION

DATE: April 26, 2018
TIME: 11:00 am.
ROOM: 17

(Judge Dennis Montali)

TO: THE HONORABLE DENNIS MONTALI UNITED STATES BANKRUPTCY JUDGE

Comes now Anyama Law Firm attorney for the Debtor in possession and respectfully submits the herein application for compensation under Rule 2002 of the Bankruptcy Rules and B.L.R. 9029-1.

## NOTICE OF APPLICATION

Notice of this Application is being sent concurrently with its filing to the Debtor, the Office of the United States Trustee, and all other parties required by the Court by ECF or by mail if a party is not registered. Applicant respectfully submits that no further notice is required in this matter.

The Debtor has also been provided a copy of this Application and an opportunity to review the Application pursuant to the UST Guidelines. A true and correct copy of the cover letter sent concurrently with the Application to the Debtor is attached to the Anyama Declaration as **Exhibit "E"**, in accordance with the UST Guidelines.

## INTRODUCTION

1. The within case was commenced by filing a voluntary Chapter 11 petition on December 4, 2016. A trustee has not been appointed and the Debtor is in possession of the estate.

2. **Employment**: The court authorized the Debtor's employment of Applicant on January 10, 2016. [See court Docket # 34].

3. **Prior Compensation**: On April 7, 2017, Applicant filed its First interim fee application [See Court Docket #106]. The hearing was set for and held on May 5, 2017. In its first interim fee application, applicant sought court approval for interim fees $21,280.00, and reimbursement of costs incurred by Applicant during the Application Period in the amount of $1,080.02 for a total award of $22,360.02. Applicant further requested that upon granting this application, it be permitted to apply the sum of $10,000.00; (Pre-petition retainer in Attorney client trust account). At the hearing, the court approved the application for compensation in part and the balance of the fees was deferred. The court

Application for Compensation - 2

Case: 15-31519    Doc# 203    Filed: 04/10/18    Entered: 04/10/18 11:18:05    Page 3 of 12

ordered that Applicant was allowed to withdraw the balance of the retainer in the Attorney-Client Trust Account in the amount of $10,000. The court deferred any decision granting or denying the application for the balance of fees requested. [See Court Docket #143]. The Following payments have been made to Applicant

(1) The debtor paid a pre-petition retainer of $18,107.00.

(2) The court approved partial first interim fee application of $10,000.00 (balance of pre-petition retainer in Attorney-Client Trust Account).

(3) Currently the sum of $12,360.02 is pending to be approved by this court.

4. **Current Compensation**: This is the second fee application herein filed by Applicant from March 16, 2017, through February 13, 2018 plus compensation and expenses for preparing the within fee application. Applicant rendered services with an additional value of $7,390.00. Applicant determined this figure more fully set forth in the detailed time records filed with this application.

5. **Courtesy Discounts:** It is important to note that the required compensation is net of numerous courtesy discounts reflected throughout the attached billing records.

6. **Expenses**: During the same time period, Applicant also incurred expenses of $668.38 as detailed time records filed with this application. The total of the aforesaid fees and expenses is $8,058.38.

7. **Compliance with guidelines**: As a general rule, Applicant's billing practices and hourly rates are identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy estates are either identical to or less than the costs charged to non-bankruptcy clients. This application is in compliance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Guidelines for

Professionals"). Applicant does not include word processing costs in its expenses and does not mark-up its expenses.

8. **Status of the Case**: The Debtor has filed all schedules and statements of financial affairs and is in full compliance with all reporting and administrative requirements established by the OUST. The Debtor has also filed Monthly Operating Report. On January 29, 2018 Applicant prepared and filed debtor's proposed combined Plan of reorganization and Disclosure statement. The hearing was set for and held on March 16, 2018. At the hearing, the court approved the Disclosure statement and confirmation hearing is set for April 26, 2018.

9. **2016(b) Statement**: Applicant has not agreed to share any compensation to be awarded herein with any other person. Applicant has neither received nor been promised other compensation for its services as counsel for the Debtor herein, other than as may be awarded by the Court herein.

## SUMMARY OF APPLICATION

Pursuant to Bankruptcy Code §§327, 328, 330 and 331, Bankruptcy Rule 2016(a), L.R. 7-216, and the court's Guidelines for Professionals, Applicant requests that this court allow the following $7,390.00 as compensation for services and $668.38 as reimbursement of expenses.

## SUMMARY OF SERVICES

The services rendered by Applicant are set forth in detail in Exhibit "A" attached hereto, and they are summarized as follows:

1. **COMMENCEMENT OF CASE**

Applicant was retained as general insolvency counsel to the Debtor to assist her on behalf of her estate in this case in her role as debtor-in-possession. This case was commenced by the

filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 4, 2016 (the "Petition Date"). Ms. Chao intends to continue in the possession of her properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the bankruptcy code.

Ms. Chao is an individual domiciled and with her primary residence within the San Francisco county, state of California. Ms. Chao is a self-employed real estate broker and also receives income from her rental properties. Ms. Chao is engaged in the business of sale of real properties. The major assets of Ms. Chao are five real properties owned by Ms. Chao.

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Chao (real estate professional) experienced major decrease in her income. She attempted to reorganize her debt by filing Chapter 13 cases in 2015 pro se. However the case was dismissed since Ms. Chao represented herself and was unsophisticated in bankruptcy matters. Ms. Chao employed the applicant to file her Chapter 11 bankruptcy to reorganize her debt.

Virtually all of the Debtor's assets are encumbered by holders of prior secured claims. The principal assets of the estate are the following properties currently owned by the debtor.

- 8108 Penobscot Ln. McKinney TX,
- 701 Braxton Ct. McKinney TX,
- 30 Pilarcitos Ct Hillsborough CA
- 305 St Andrews Dr. Pinehurst NC
- 9 Maverick Pl. Pinehurst

Donna S. Tamanaha is the attorney of record for the Office of the United States Trustee. On January 10, 2016, this Court entered an order appointing Anyama Law Firm as Debtor's General Insolvency and Bankruptcy Counsel.

Among other things, Applicant assisted the Debtor in preparing and filing the voluntary chapter 11 petition and in preparing and filing the schedules, statement of financial affairs and

other initial documents. Applicant analyzed the background and financial affairs of the Debtor (including assets, expenses, liens, in addition to mortgage statements, financial statements, rent rolls and other information). The Debtor maintains most of this information in numerous documents, which presented an unusual challenge to Applicant that required special attention.

Applicant further assisted the Debtor by preparing real property questionnaires and the Initial Debtor Interview materials provided to the office of the United States Trustee. Applicant appeared at the Initial Debtor Interview and the Section 341(a) Meeting of Creditors, and Applicant also advised the Debtor in opening debtor-in-possession accounts.

Applicant assisted the Debtor in successfully preparing and a motion for authority to use cash collateral on debtor's real properties. Considerable time was spent in collecting required information (rent rolls, proof of rent received, proof of expenses, and other information), calculating rental income and expenses, generating budgets for the Rental Properties and advising the Debtor on the appropriate use of cash collateral.

1. **CASE ADMINISTRATION**

The Firm assisted the Debtor with substantially all aspects of the administration of the within case, including by advising the Debtor with respect to her duties as debtor-in-possession and by reviewing and filing monthly operating reports. The firm analyzed the financial affairs and documents of the Debtor, developed case strategies, addressed issues regarding debtor-in-possession accounts, coordinated with other professionals, and reviewed and analyzed questions regarding proofs of claims.

In connection with this category, Applicant earned **$3,265.00** in attorney's fees, as follows:

Case: 15-31519   Doc# 203   Filed: 04/10/18   Entered: 04/10/18 11:18:05   Page 7 of 12

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 6.7 | $400.00 | $2,680.00 |
| Elizabeth Cruz | EC | 3.9 | $150.00 | $585.00 |
| SUBTOTAL | | 10.6 | | $3,265.00 |

2. **MOTIONS/CLAIM OBJECTIONS**

On the Motion for relief from Stay filed by secured creditor Penny Mac Loan Services, Applicant reviewed the Motion. Applicant prepared and reviewed debtor's opposition to the said motion. On June 27, 2017, counsel discussed and agreed on a stipulation regarding treatment of its secured claim under debtor's Chapter 11 plan. The court approved the stipulation on June 29, 2017. On Debtor's motion to determine the ownership of exempt funds, Applicant prepared and reviewed debtors' Motion to Determine Ownership of Exempt Funds with supporting declarations from the debtor. Debtor's motion sought to determine that the ownership of her individual Retirement account are exempt funds and part of the property of the bankruptcy estate. On November 21, 2017, the court entered the order granting debtor's motion.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 1.9 | $400.00 | $760.00 |
| Elizabeth Cruz | EC | 0.0 | $150.00 | $0.00 |
| SUBTOTAL | | 1.9 | | $760.00 |

3. **EMPLOYMENT OF PROFESSIONALS/ FEE APPLICATIONS**

Applicant prepared this fee application, including by reviewing its billing records, the docket of the within case, the firm's file and other documents, among other things. The preparation of this fee application required the firm to analyze billing and expense records and to properly categorize time.

Applicant prepared applications to employ Debtor's criminal defense counsel, Ethan A. Balogh. The court entered the order employing Ethan A. Balogh on November 28, 2017. Applicant also prepared applications to employ Albert J. Boro Jr. as debtor's criminal defense counsel. On October 2, 2017, the court entered the order employing Albert J. Boro Jr. On February 13, 2018, Counsel prepared and reviewed the Second interim application for compensation for legal services rendered and reimbursement of expenses incurred.

In connection with this category, Applicant earned $1,125.00 in attorney's fees, as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 2.4 | $400.00 | $960.00 |
| Elizabeth Cruz | EC | 1.1 | $150.00 | $165.00 |
| SUBTOTAL | | 3.5 | | $1,125.00 |

4. **COURT APPEARANCE**

Applicant represented the Debtor at status hearings and motion hearings. Applicant has responded to document requests, reviewed several stipulations drafted amendments to schedules, reviewed payments to creditors and other issues, all involving correspondence with the Debtor, the Court, and secured creditors.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 0.9 | $400.00 | $360.00 |
| Elizabeth Cruz | EC | 0.0 | $150.00 | $0.00 |
| SUBTOTAL | | 0.9 | | $360.00 |

5. **PLAN AND DISCLOSURE STATEMENT**

Applicant successfully negotiated and agreed with Secure creditors regarding treatment of its claim in debtor's Chapter 11 Plan. Counsel reviewed and prepared debtor's combined plan

and disclosure statement. On January 29, 2018 Applicant prepared and filed debtor's proposed combined Plan of reorganization and Disclosure statement. The hearing was set for and held on March 16, 2018. At the hearing, the court approved the Disclosure statement and confirmation hearing is set for April 26, 2018.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 4.7 | $400.00 | $1,880.00 |
| Elizabeth Cruz | EC | 0.0 | $150.00 | $0.00 |
| SUBTOTAL | | 4.7 | | $1,880.00 |

## BREAKDOWN OF TIME SPENT BY PROFESSIONAL

Applicant has prepared the following breakdown of its services to show the time spent by each professional and the corresponding attorney's fees:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Onyinye Anyama | OA | 16.6 | $400.00 | $6,640.00 |
| Elizabeth Cruz | EC | 5.0 | $150.00 | $750.00 |
| SUBTOTAL | | 21.6 | | $7,390.00 |

## BREAKDOWN OF EXPENSES INCURRED

From March 16, 2017, through February 13, 2018, Applicant incurred the following expenses:

| DESCRIPTION | EXPENSE |
|---|---|
| Postage | $82.18 |
| Court Fees | $151.00 |
| Photocopying | $435.20 |
| TOTAL COSTS | $668.38 |

In accordance with this Court's Guidelines for Professionals, Applicant's policy is to charge clients $.10 per page for internal photocopying and actual costs associated with postage, court fees and research.

## ESTABLISHMENT OF FEES

A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee. *In re Manoa Finance Company*, 853 F.2d 687, 689 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill, and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Applicant prays for entry of an order:

1. Approving and allowing compensation in the amount of $7,390.00

2. Approving and allowing reimbursement of expenses in the amount of $668.38, for a total of $8,058.38 in this second fee application.

3. Approval on a final basis of fees and expenses totaling $12,360.00 sought by Applicant in its First interim fee application which was deferred by this court on May 28, 2015.

4. For such other and further relief as the court deems appropriate.


Dated: April 10, 2018                                ANYAMA LAW FIRM


                                                                                                       /s/Onyinye N. Anyama
                                                                                                       Onyinye Anyama
                                                                                                        Counsel for Debtor-in-Possession
                                                                                                        Jinnie Chao

# **CERTIFICATION**

I Onyinye Anyama, counsel of record for the Debtor certify that I have read the application herein and to the best of my knowledge, information and belief, formed after responsible inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals promulgated by this court and the compensation and expense reimbursement request are billed at rates in accordance with practices no less favorable than those customarily employed by the applicant and generally accepted by the applicant's debtor-in-possession clients.

Dated: April 10, 2018 /s/Onyinye N. Anyama

Onyinye Anyama