CHRISTINA L. GOEBELSMANN (CA SBN 273379)
Assistant United States Trustee
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 15-31519-DM |
| | Chapter 11 |
| JINNIE JINHEUI CHANG CHAO, | |
| | Hearing Date: July 28, 2023 |
| | Hearing Time: 10:30 AM |
| | Location: Via Zoom Video Conference |
| Debtor(s). | Judge: Dennis Montali |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO <u>CONVERT OR DISMISS CHAPTER 11 CASE</u>**

Tracy Hope Davis, the U.S. Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this Motion to Dismiss or Convert Case pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss the above-captioned Chapter 11 Case ("Motion") case filed by the Debtor Jinnie Jinhuei Chang Chao ("Debtor").[1]

## I. INTRODUCTION

1. The Debtor filed her voluntary chapter 11 case in December 2015, nearly eight years ago. Since her creditors objected to her last filed disclosure statement and plan in 2018, the Debtor has failed to file another disclosure statement and plan and the progress of her case has

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.* All references to the "Rule" are to the Federal Rules of Bankruptcy Procedure.

UST's Motion to Convert or Dismiss: Chang Chao, Case No. 15-31519   1

stalled. Because the Debtor has (1) failed to expeditiously prosecute this case and (2) unreasonably delayed the filing of a disclosure statement and plan of reorganization, "cause" exists to convert or dismiss this case.

2. This Motion supported by the following Memorandum of Points and Authorities, and the Declaration of Gem Mil Langit filed herewith.[2]

## II. STATEMENT OF FACTS

3. On December 4, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF No. 1.

4. The Debtor reported $3,557,000.00 in real property assets, consisting of two properties in Pinehurst, North Carolina, collectively valued at $467,000.00 (hereinafter "Pinehurst Properties"); two properties in McKinney, Texas, collectively valued at $1,090,000.00 (hereinafter "McKinney Properties"); and one property in Burlingame, California, valued at $2,000,000.00 (hereinafter "Burlingame Property"). *Id.* The Debtor also reported approximately $2,654,579.78 in secured claims and $65,648.59 in unsecured claims. ECF No. 162; *see also* Claim Register (several creditors have filed proof of claims against the Debtor, totaling $2,813,923.71 in secured claims and $1,177,208.61 in unsecured claims.).

5. Between 2015 and 2018, the Debtor filed multiple disclosure statements and plans, but none were confirmed. ECF No. 183, 187, 193, 195, 197, 200, 210. Her last plan and disclosure statement was filed in March 2018. ECF No. 200.

6. In January 2023, the Debtor indicated that she would file a disclosure statement and plan on or before March 5, 2023. ECF No. 326. She did not do so. Instead, in April 2023, the Debtor represented that she "is unable to file a plan and disclosure statement at this time because [she] just went through surgery and was in the hospital for approximately 10 days and was discharged on March 30. She has been unable to actively participate in proposing the plan in her case and therefore requests additional time to get back on her feet." ECF No. 336.

---

[2] The U.S. Trustee reserves her right to supplement this Motion with additional facts or arguments for cause to dismiss or convert the Debtor's case.

7. As of June 23, 2023, the Debtor still has not filed a disclosure statement and plan. Instead, in a Status Conference Statement filed that date, the Debtor disclosed that she was unable to "reach a settlement and . . . will . . . proceed with trial in the adversary case" with two creditors, Salem D.D.S. and Ardeshir Salem. ECF No. 342.

### III. JURISDICTION AND STANDING

8. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b). The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

9. The United States Trustee has standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307 and 1112, and FRBP 1017 and 9014.

### IV. MEMORANDUM OF POINTS AND AUTHORITIES

*A. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Convert or Dismiss This Bankruptcy Case.*

10. Under 11 U.S.C. § 1112(b)(1), "on the request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause."

11. Section 1112(b) includes a non-exclusive list of what constitutes "cause"; however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). "The bankruptcy court has broad discretion to determine what constitutes 'cause' adequate for dismissal or conversion under § 1112(b)." *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted).

12. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Id.* Where reorganization or rehabilitation is unrealistic, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). "And, if a

bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re Sullivan*, 522 B.R. at 612.

### B. Cause Exists Under 11 U.S.C. § 1112(b)(4)(J) and § 1112(b)(4)(M).

13. Cause to dismiss or convert a Chapter 11 case includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,]. . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Conn. Assocs., L.P.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization.") (citations omitted).

14. Cause also includes a debtor's "failure to file a plan within any reasonable period of time [which] evidences an inability to effectuate such a plan." *Synovus Bank v. Brooks (In re Brooks)*, 488 B.R. 483, 490-91 (Bankr. N.D. Ga. 2013); *De Jounghe v. Mender (In re De Jounghe)*, 334 B.R. 760, 771 (B.A.P. 1st Cir. 2005) (holding that a debtor's failure to file a plan over a 14-month period is evidence that there is no prospect for reorganization and an inability to effectuate a plan under §§ 1112(b)(1) & (2)."); *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (holding that "the bankruptcy court may dismiss or convert a Chapter 11 case if the debtor is unable to effectuate a plan, which means that the debtor lacks the ability to formulate a plan or to carry one out."); *In re Milasinovich*, Case No. 11-13-12294 TA, 2014 Bankr. LEXIS 1578, at *6-7 (Bankr. D. N.M. Apr. 11. 2014) (affirming that the cause for dismissal or conversion of a Chapter 11 case stated in *Hall v. Vance*, 887 F.2d 1041 is still valid ground for cause for dismissal for Chapter 11 cases post-BAPCPA).

15. Here, the Debtor's case has been pending for nearly eight years without having made any meaningful progress towards plan confirmation. ECF No. 1. Although the Debtor filed multiple disclosure statements and plans at the beginning of her case, none of the plans were confirmed and she has not proposed a new plan in over five years. ECF No. 183, 187, 193, 195, 197, 200; 210. In January 2023, the Debtor indicated that she would propose a new plan by March 5, 2023. ECF No. 326. However, the Debtor again did not make any meaningful progress towards plan confirmation as she failed to propose a new plan by that deadline. ECF No. 336. Between April 2023 to present, Debtor still has not proposed a new plan. ECF No. 342. As there has been no meaningful progress towards plan confirmation for more than five years, the Debtor has failed to expeditiously prosecute her case and cause to dismiss or convert exists under 1112(b)(4)(J). Moreover, the Debtor's lack of meaningful progress toward plan confirmation in over five years is also evidence that the Debtor has no prospects for reorganization and lacks the ability to formulate a plan or to carry one out. Therefore, cause to dismiss or convert also exists under 1112(b)(4)(M).

### C. Once Cause is Established, the Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

16. Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under § 1112(b)(1). *See Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). This requires a showing that "unusual circumstances . . . that establish relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(2). "The Code does not define 'unusual circumstances,' but the term contemplates 'conditions that are not common in chapter 11 cases." *In re Products Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2012). "A contentious dispute over a creditor's claim is not an unusual circumstance in a chapter 11 case." *Baroni v. Seror (In re Baroni)*, 36 F.4th 958, 968 (9th Cir. 2022) (citing *In re Wallace*, No. 09-20496-TLM, 2010 Bankr. LEXIS 261 at *24 (Bankr. D. Idaho Jan. 26, 2010).

17. If the bankruptcy court does specifically find and identify such "unusual circumstances," the debtor must also prove (1) there is a reasonable likelihood of plan confirmation

within a reasonable time, (2) that the "cause" shown for conversion or dismissal was reasonably justified, and (3) that the cause for conversion or dismissal can be 'cured' within a reasonable time. *Green v. Howard (In re Green)*, 2016 Bankr. LEXIS 3963 at *31 (B.A.P. 9th Cir. Nov. 9, 2016) (citing *Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015)). A debtor must establish each of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *In Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

18. Here, the Debtor is engaged in a contentious dispute with her creditors, Salem D.D.S. and Ardeshir Salem, over their claim. Because a contentious dispute over a creditor's claim is not an unusual circumstance in a chapter 11 case, there are no unusual circumstances that would establish justification against granting the relief requested in the Motion.

19. Moreover, the Debtor had sought medical care. Because seeking such care is not an uncommon condition during the pendency of a chapter 11 case, there are no unusual circumstances that would establish justification against granting the relief requested in the Motion.

20. Even if the Court finds that these are unusual circumstances, given the extended time that this case has been pending without meaningful progress towards plan confirmation, there is no indication that there is any likelihood of plan confirmation in a reasonable time.

### D. Conversion Appears More Appropriate than Dismissal.

21. Conversion of this case to Chapter 7 appears to be a more appropriate remedy than dismissal. The potential proceeds from the sale of the Debtor's Pinehurst Properties, McKinney Properties, and Burlingame Property should be sufficient to satisfy all the secured creditors' claims and most of the unsecured creditors' claims. Based on the reported valuations in the Debtor's petition, the sale of the above properties will result in potential proceeds of approximately $3,557,000.00. This will fully satisfy the secured creditors' claims of approximately $2,813,923.71 and leave a residue of approximately $743,076.23. Thus, a Chapter 7 trustee could effectively evaluate estate assets and administer a potential distribution. *See Rand v. Porsche Fin.*

UST's Motion to Convert or Dismiss: Chang Chao, Case No. 15-31519
6
Case: 15-31519    Doc# 344    Filed: 06/28/23    Entered: 06/28/23 10:24:49    Page 6 of 7

*Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, at *10, n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

22. In the alternative, the United States Trustee does not object to the Court dismissing the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

## V. **PRAYER FOR RELIEF**

23. Based upon the foregoing, the United States Trustee respectfully requests this Court enter an order (1) granting the Motion; (2) converting or dismissing this case; and (3) for such other and further relief as is just and appropriate.

Date: June 26, 2023

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/ Trevor R. Fehr*
TREVOR R. FEHR
Trial Attorney

UST's Motion to Convert or Dismiss: Chang Chao, Case No. 15-31519
7
Case: 15-31519    Doc# 344    Filed: 06/28/23    Entered: 06/28/23 10:24:49    Page 7 of 7

*Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, at *10, n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

22. In the alternative, the United States Trustee does not object to the Court dismissing the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

## V. **PRAYER FOR RELIEF**

23. Based upon the foregoing, the United States Trustee respectfully requests this Court enter an order (1) granting the Motion; (2) converting or dismissing this case; and (3) for such other and further relief as is just and appropriate.

Date: June 26, 2023

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/ Trevor R. Fehr*
TREVOR R. FEHR
Trial Attorney