Onyinye Anyama (SBN 262152)
**ANYAMA LAW FIRM, A Professional Corporation**
18000 Studebaker Road, Suite 325
Cerritos, California 90703
Tel. (562) 645-4500; Fax. (562) 645-4494
E-mail: info@anyamalaw.com

# UNITED STATES BANKRUPTCY COURT
# NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Chapter 11 |
| | Case No. **15-31519** |
| **JINNIE JINHUEI CHANG CHAO** | **DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS PURSUANT TO 11 U.S.C §1112(b)** |
| **Debtor-in-Possession** | Date: July 28, 2023
Time: 10:30 a.m.
Location: Via Zoom Video Conference
United States Bankruptcy Court
Courtroom |

Jinnie Jinheui Chang Chao, as debtor and debtor-in-possession (the "debtor") in the above-captioned Chapter 11 case hereby respectfully submits her opposition (the "Opposition") to the U.S. Trustee's Motion to Convert or Dismiss pursuant to 11U.S.C § 1112(b) and FRBP 1017(f) and 9014 (Docket Nos. 334 – 347) [the "U.S. Trustee's Motion] and represents as follows:

**DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

- 1 -

# STATEMENT OF FACTS

**The Bankruptcy Proceeding**

1. The bankruptcy case was commenced by the filing of a voluntary petition under Chapter 11 of the United States Code on December 4, 2015 ("the Petition Date") by Jinnie Jinhuei Chang Chao (the "Debtor").

2. The principal assets of the estate are the following real properties owned by the Debtor.
   - *8108 Penobscot Ln. McKinney TX,*
   - *701 Braxton Ct. McKinney TX,*
   - *30 Pilarcitos Ct Hillsborough CA*
   - *305 St Andrews Dr. Pinehurst NC*
   - *9 Maverick Pl. Pinehurst*

3. Prior to filing the bankruptcy petition, Ms. Chao (real estate professional) experienced major decrease in her income which caused her to fall behind significantly on her real property located in Hillsborough, CA.

4. On June 29, 2017, debtor entered a Stipulation re: treatment of claim under Debtor's proposed Chapter 11 plan with the secured lender on the Hillsborough property (Docket Nos. 129 & 130)

5. Debtor continues to make payments to the secured creditor pursuant to the terms of the stipulation.

6. Debtor is also current with the adequate protection payments to all secured creditors on her other four out-of-state real properties.

7. Debtor is in compliance with all the requirements of the Office of the United States Trustee; debtor continues to file all monthly operating reports and payment of all quarterly fees. Debtor maintains appropriate insurance on all properties of the estate.

///

///

///

**The Criminal Case and Adversary Proceeding**

8. On June 10, 2016, Ardeshir Salem and A. Salem D.D.S, Inc filed an Amended Adversary Complaint, case number 16-3023 entitled First Amended Complaint to Determine Dischargeability of Debt against the Debtor, with the following causes of action:
   - First cause of action; violations of 11 U.S.C. §523(a)(2)(A)
   - Second cause of action; violations of 11 U.S.C. §523(a)(4).

9. On April 25, 2016, Defendant, Jinnie Chao filed an Answer to the Complaint and Counterclaim against the Plaintiffs.

10. On October 20, 2016, a criminal case, with case number CR-16-00435-EJD was filed by the United States of America against the Defendant, Jinnie Chao with the following charges.
    - 18 U.S.C. §1341- Mail Fraud
    - 18 U.S.C. §1343- Wire Fraud
    - 18 U.S.C. §1957- Money Laundering
    - 18 U.S.C. §981 (a)(1)(C)- Mail Fraud and Wire Fraud Forfeiture
    
    18 U.S.C. §982 (a)(1)- Money Laundering Forfeiture.

11. The proceedings in the adversary case were stayed/continued to see the outcome of the criminal proceedings.

12. On November 28, 2017, this court entered an Order approving the employment of Ethan A. Balogh as Criminal Defense counsel for the Debtor. (Docket No. 179).

13. The charges on the indictment include all the causes of action alleged in the adversary complaint.

14. A pretrial diversion agreement dated 08/16/2022 was entered by the defendant with the United States Attorney's office to make full restitution in the amount of $331,269.03 to Ardeshir Salem.

15. In sum, the United States agreed that approximately $330,000 amounted to "full and complete restitution" for Salem's allegations and it agreed to dismiss the case in full with no criminal penalties whatsoever. The criminal case is now closed.

**Debtor's Disclosure Statement and Plan of Reorganization**

16. The debtor filed her Disclosure Statement and Plan of Reorganization and a couple of amendments.

17. On March 28, 2018, the Court entered an Order tentatively approving Disclosures in Combined Plan and Disclosure Statement and setting deadlines for plan confirmation.

18. On April 19, 2018, Ardeshir Salem and A. Salem D.D.S filed an Objection to the confirmation of the debtor's Disclosure Statement and Plan.

19. The court continued the confirmation hearing a couple of times and finally made a determination that the outcome of the criminal case was crucial in the determination of the feasibility of the plan for purposes of confirmation.

20. With the restitution in the criminal case paid to Ardeshir Salem and A. Salem D.D.S and the closing of the criminal case, the outstanding issues are the confirmation of the debtor's plan and the adversary proceeding.

21. The debtor therefore has an approved Disclosure statement and the treatment of claims in the approved Disclosure Statement remains the same. However, the debtor may need to update the Disclosure statement to include the outcome of the criminal case.

**Failed Mediation Effort and Need for Retention of Counsel in Adversary Proceeding**

22. The criminal case was dismissed on August 9, 2022. The outstanding issue is the adversary complaint to determine dischargeability filed by plaintiffs, Ardeshir Salem and Salem D.D.S., Inc.

23. On June 2, 2023, the parties participated in mediation which was concluded the same day. However, the parties were unable to reach a settlement.

24. On January 13, 202, an Order was entered granting the motion of special counsel for the debtor in the adversary case, Bruce Janke to withdraw as counsel.

25. The debtor did not retain new counsel for the adversary proceeding since it was stayed due to the criminal matter and debtor's bankruptcy attorney has been temporarily serving as counsel in both the adversary proceeding and bankruptcy case.

26. In light of the failed mediation effort, the debtor has retained the services of her criminal defense attorney, Ethan Balogh and bankruptcy attorney Bernard Kornberg as counsel and co-counsel to represent her in the adversary proceeding.

27. Applications for employment of Ethan Balogh as counsel in the adversary case and Bernard Kornberg as co-counsel will be filed on or before July 21, 2023.

**LEGAL ARGUMENT**

28. On June 28, 2023, the Office of the United States Trustee filed a Motion to Convert or Dismiss the Debtor's Chapter 11 case pursuant to 11 U.S.C. 1112(b).

29. The U.S. Trustee's Motion raises one statutory basis for conversion or dismissal, under sections 1112(b)

30. Its grounds constituting "cause" for dismissal include: (1) failure of the debtor to expeditiously prosecute this case and (2) unreasonable delay in filing of a disclosure statement and plan of reorganization.

### A. *The Chapter 11 Case Demonstrates Unusual Circumstances*

After notice and a hearing, a chapter 11 case must be converted or dismissed upon a showing of "cause," a non-exhaustive list of examples of which is set forth in section 1112(b)(4). Even if the moving party can show cause, however, a court may not convert or dismiss a case if

> the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate,

**DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

- 5 -

and the debtor or any other party in interest establishes that—

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.11 U.S.C. § 1112(b)(2).

Here, the delayed confirmation of a plan in this case does not constitute cause, because the circumstances of the Chapter 11 Case are sufficiently unique, and no creditor's interests would be served by conversion or dismissal.

Without repeating the facts earlier stated, the extreme delay in confirming a plan in this case is due to the pendency of the criminal case and not just the adversary proceeding. In addition, the debtor has also faced some serious health challenges through this period but has continued to comply with her duties as a Chapter 11 debtor-in-possession. Therefore, the delay in this case is not unreasonable considering the circumstances of the case. As stated earlier, the debtor already has a tentatively approved Disclosure statement which needs to be updated to incorporate the current status of the criminal matter and the restitution paid to claimants. Debtor will file a revised Disclosure Statement and Plan on or before July 21, 2023.

**Conversion or Dismissal Is Not in the Best Interest of Any Party**

Even if the court finds that the delay in confirming a plan constitutes cause under section 1112(b), creditors would not benefit from conversion or dismissal and there has been no loss or diminution to the estate by such delay.

The debtor has an approved stipulation re: plan treatment with the secured creditor on its real property in Hillsborough, CA which was the major reason for the filing of the Disclosure Statement and Plan. Debtor continues to make all required payments pursuant to the terms of the approved stipulation

**DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

- 6 -

and is also making all required payments to all secured claims on all five properties. The tentatively approved disclosure statement provides for 100% distribution to all creditors; therefore, they will not receive a higher distribution from a Chapter 7 Trustee.

Dismissal also would not serve any creditors' interests. Were the Chapter 11 case dismissed, the pending adversary case would also be dismissed, and the claimants would have to expend time and money to pursue both a civil case against the debtor and collection, if successful.

## CONCLUSION

For the reasons set forth herein, Debtor, Jinnie Chao respectfully requests that the Court deny the U.S. Trustee's Motion.

Dated: July 14, 2023                              ANYAMA LAW FIRM, APC.

                                                    By: */s/Onyinye N. Anyama*
                                                        Attorney for Debtor,
                                                        Jinnie Chang Chao

DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS

- 7 -

Case: 15-31519    Doc# 348    Filed: 07/14/23    Entered: 07/14/23 23:01:52    Page 7 of 7