Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm | A Professional Law Corporation**
18000 Studebaker Road, Suite 325
Cerritos, Ca 90703
Tel: (562) 645-4500 Fax: (562) 645-4494
E-mail: info@anyamalaw.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**JINNIE JINHUEI CHANG CHAO**<br><br>**Debtor** | Case No. **15-31519**<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY SPECIAL COUNSEL BERNARD J. KORNBERG** |

**TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE**

The application of Jinnie Jinhuei Chang Chao, the debtor and debtor-in-possession in this Chapter 11 Case (the "Debtor"), respectfully represents:

1. The debtor filed a petition under Chapter 11 of the United States Bankruptcy Code on December 4, 2015. The Debtor is in possession of her estate, no trustee having been appointed.

2. Bankruptcy Code 327(e) states: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold

APPLICATION TO EMPLOY SPECIAL COUNSEL
Case: 15-31519    Doc# 352    Filed: 07/21/23    Entered: 07/21/23 19:56:55    Page 1 of 4

any interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

3. The Debtor hereby requests authority pursuant to Bankruptcy Code §327 and Bankruptcy Rule 2014(a), to employ the Bernard J. Kornberg of Practus, LLP, as Special Counsel.

4. Debtor has, concurrent with this application, sought to employ Mr. Ethan Balogh as counsel due to his significant experience with Debtor and her legal issues arising out of her business relationship with Ardeshir Salem and A. Salem D.D.S., Inc.

5. This case raises claims of dischargability of a debt under section 523 of the Bankruptcy Code along with other matters which are bankruptcy specific. The Debtor desires to employ Mr. Kornberg as Special Counsel to assist Mr. Balogh with the litigation of this case as to these bankruptcy specific matter, along with assisting in the litigation on an as needed basis.

6. Mr. Kornberg is well qualified for the engagement. He has over 15 years of experience as a litigator specializing in insolvency and bankruptcy matters. He has extensive experience practicing in this District and is well versed in the local rules and practices of the Court. Further, Mr. Kornberg has also developed a specialty in handling bankruptcy appeals and has been the prevailing attorney of record in published appeals in the Ninth Circuit Court of Appeal and Bankruptcy Appellate Panel.

7. Debtor believes that Mr. Kornberg is well qualified to provide representation as Special Counsel that the Debtor needs in the following:

 a. On March 10, 2016, Ardeshir Salem and A. Salem D.D.S., Inc commenced adversary proceeding no. 16-03023 in this court by filing a Complaint to Determine Dischargeability and Objection to Discharge by plaintiffs Ardeshir Salem and A. Salem, D.D.S., Inc., captioned Salem, et al. v. Chao, (the "Salem Adversary Case"). The facts alleged in the adversary complaint are essentially the same as those previously alleged in the state court of actions. Therefore, the Debtor would like Mr. Balogh to represent her in this adversary case.
 b. Any and all such matters that may need to be addressed on an ongoing basis that are within his expertise or experience. As Debtor is the owner of several real properties with significant equity beyond the debts owed to creditors, matters of limited scope often pop up that need

immediate legal attention and advice. The Debtor states that she needs Mr. Balogh to also assume the role as Special Counsel to protect the interests of Debtor's estates.

8. Debtor's general bankruptcy counsel does not have the background and expertise that proposed Special Counsel possesses in the Saleem Case. By retaining Mr. Kornberg to assist Mr. Balogh, legal costs, fees and other expenses will be significantly as it will prevent duplication of work due to Mr. Balogh's prior representation of Debtor, while at the same time providing Debtor with a bankruptcy litigator with familiarity with the Bankruptcy Code and this Court.

9. Mr. Kornberg's involvement as Special Counsel will include the adversary proceeding filed by Saleem, and any all matters that may need to be addressed on an ongoing basis that are within his expertise or experience or which require his knowledge.

10. Special Counsel will not be responsible for the development and/or administration of the bankruptcy estate and/or plan.

11. Special Counsel will seek compensation pursuant to 11 U.S.C 330 as well as the compensation guidelines of this court.

12. The Debtor is informed and believes and therefore alleges that the employment of Mr. Kornberg as Special Counsel, on the terms and conditions herein provided, is in the best interest of the estate, and such is her specific wish.

13. Based on this Application, and the Declaration of Bernard J. Kornberg filed in support, it is represented that Mr. Kornberg holds no interest adverse to this estate and is a disinterested person within the meaning of 11 U.S.C. §327(e) with respect to the matter upon which he will be engaged.

14. In this Application, the Debtor seeks approval by the Court under Section 328 of Mr. Kornberg's proposed Engagement Agreement and the compensation for attorneys' fees and reimbursement of expenses provided for thereunder. 11 U.S.C. § 328(a). The Engagement Agreement calls for an hourly rate for Mr. Kornberg of $500, which is discounted from his normal hourly rate of $600. The Engagement Agreement further requires the Debtor to pay a $25,000.00 retainer for his fees. Once the retainer is exhausted, Mr. Kornberg will have the option of requiring the retainer be supplemented to continue the representation.

15. Debtor states that the source of retainer payment to Mr. Kornberg comes from the funds held in certain of her retirement accounts and that are exempt funds and may be used to pay for special counsel. Because Mr. Kornberg would be paid with funds that are exempt from the bankruptcy estate because they are retirement funds, or are not part of the bankruptcy estate, the employment of Mr. Kornberg as special counsel will not diminish the assets available to creditors, and his representation in the Adversary Case may preserve estate assets for distribution to creditors.

16. Despite the fact that the funds are not fees of the bankruptcy estate, the retainer will not be drawn down on, nor will any fees be paid to Mr. Kornberg otherwise, unless approved by the Court as provided for under section 330 of the Bankruptcy Code and the local rules of this Court.

17. The Debtor believes that Mr. Kornberg's approval as Special Counsel satisfies the requirements of 11 U.S.C. §327(e) in that he "does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed.*" (Emphasis added.)

18. Debtor is informed and believes that Mr. Kornberg is aware of the provisions of the Local Rules of this Court dealing with the contents and procedures involving applications for allowance of fees.

19. Mr. Kornberg will not be responsible for, nor assist the Debtor with, or be compensated for administrative duties, pursuant to Section 323(a).

20. Based upon the foregoing, the Debtor believes that the best interests of this Chapter 11 estate will be served by the appointment of Bernard J. Kornberg as Special Counsel for the purposes described herein, and thus requests that the court approve her application without due delay.

Dated: July 14, 2023,

ANYAMA LAW FIRM, A.P.C.

*Onyinye Anyama*
Onyinye N. Anyama
Bankruptcy Counsel of Debtor and Debtor in Possession