Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm | A Professional Law Corporation**
18000 Studebaker Road, Suite 325
Cerritos, Ca 90703
Tel: (562) 645-4500 Fax: (562) 645-4494
E-mail: info@anyamalaw.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In Re:

**JINNIE JINHUEI CHANG CHAO**

                                                **Debtor**

Case No. **15-31519**

Chapter 11

**DECLARATION OF BERNARD J. KORNBERG IN SUPPORT OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO APPROVE HIS EMPLOYMENT AS SPECIAL COUNSEL IN THE ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. §§ 327(a), 328 & 329.**

I, Bernard J. Kornberg, declare:

     1.     I am the partner at Practus, LLP and am located in San Francisco, CA. I am a member of the State Bar of California and am admitted to practice before the Northern District of California. My membership number is 252006. I state the following based on personal knowledge, unless expressly stated otherwise, and could competently testify on the matters stated in this declaration, if called upon to do so.

2.      I am informed and believe that on or about December 4, 2015, the debtor and Debtor-in-Possession Jinnie Jinhuei Chang Chao ("Ms. Chao") filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the above-captioned bankruptcy action.

3.      I have agreed with Ms. Chao, contingent on this court's approval, to represent and defend her in the Adversary Case based on the terms set forth in an engagement agreement, a true and correct copy of which is attached as Exhibit A (the "Engagement Agreement").

4.      The Engagement Agreement calls for an hourly rate for myself of $500, which is discounted from my normal hourly rate of $600. These rates are set at a level designed to fairly compensate me for work that I perform and to cover fixed and routine overhead expenses. It is Practus, LLP's policy, in all areas of practice and for all clients, to charge for all other expenses incurred in connection with clients' cases.

5.      The Engagement Agreement further requires the Debtor to pay a $25,000.00 retainer for his fees. Once the retainer is exhausted, I will have the option of requiring the retainer be supplemented to continue the representation. However, in no event will any funds be drawn down on or otherwise paid unless approved by the Court.

6.      I am informed that the source of retainer payment comes from the funds held in certain of Ms. Chao's retirement accounts which are exempt and not part of the bankruptcy estate.

7.      I am well qualified for this engagement. I have over 15 years of experience as a litigator specializing in insolvency and bankruptcy matters. I have extensive experience practicing in this District and is well versed in the local rules and practices of the Court. Further, I have also developed a specialty in handling bankruptcy appeals and has been the prevailing attorney of record in published appeals in the Ninth Circuit Court of Appeal and Bankruptcy Appellate Panel.

8.      I believe the hourly rates I charge for my legal work and the attorney fees set forth in the flat fee agreement for representation of Ms. Chao are competitive with fees charged by other attorneys with similar experience and backgrounds.

9.      In my view, the Engagement Agreement is fair and reasonable to Ms. Chao and the bankruptcy estate.

10. No payments have been made or promised to me (except as set forth in the Engagement Agreement), for services rendered or to be rendered in any capacity whatsoever in connection with the case,

11. My firm will not share with any person or entity any compensation it is awarded in this case.

12. I am a "disinterested person" within the meaning of 11 U.S.C. § 327(a), and 11 U.S.C. § 101 (14), and do not hold or represent an interest adverse to the estate as described in Section 327(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed this 21th day of July 2023 at San Francisco, California.

_____
BERNARD J. KORNBERG
Attorney at Law

# P R A C T U S

June 27, 2023

Jinnie Chao
30 Pilarcitos Court
Hillsborough, CA 94010.

Re:     Terms of Engagement of Practus LLP

Ms. Chao,

Thank you for providing Practus LLP, (the "Firm") with the opportunity to represent you (the "Client"), as counsel. As the Rules of Professional Conduct require, this letter confirms in writing the Firm's arrangements with you. It is standard practice to confirm the scope of the services we propose to provide and the basis upon which the Firm will bill fees and expenses. The purpose of this letter is to provide that confirmation. This letter is also structured as an engagement letter, so that if you choose to accept the terms it can govern the legal services performed on your behalf.

## Scope of Engagement.

The Firm is proposing to provide the Client with representation in the matter of *Ardeshir Salem et al. v. Jinnie Jinhuei Chang Chao et al,* currently pending the United States Bankruptcy Court for the Northern District of California as case number 16-03023. The representation in this matter is limited to the adversary proceeding described in the previous sentence and does not extend to the underlying bankruptcy case or any other matter. It is intended that the Firm's representation of the Client will continue on an on-going basis and that such continued representation will be governed by the terms and conditions of this letter agreement unless mutually agreed otherwise.

For purposes of this engagement, Client authorizes the Firm to take instruction from Ethan Balogh of the law firm of Balogh & Co, APC and to provide all analysis, updates, and communications to Mr. Balogh directly. All invoices will be submitted directly to Mr. Balogh for approval.

Should you retain the Firm for subsequent matters, then the specifics of this agreement will remain the same unless otherwise communicated.

## Retainer

In order to proceed with your representation, a retainer of $25,000.00 is required. Payment instructions are included at the end of this letter. The retainer will be held in the trust account of Firm. Client hereby authorizes the Firm to withdraw sums from the trust account to pay the costs and fees for legal services incurred in Client's case. The Firm will withdraw costs and fees from

---

the trust account on a monthly basis to pay invoices upon billing, as set forth in the following section. Accordingly, the retainer constitutes prepayment of your fees and costs in this matter. Any money not used for costs, expenses, and fees for legal services will be refunded to the Client at the conclusion of the case.

In the event the retainer is exhausted, the Firm may require, as a condition of continued representation, an additional retainer to be deposited. Failure to pay the requested additional retainer shall constitute good cause for the Firm to terminate the representation and withdraw as counsel from any ongoing litigation.

## Fees and Costs.

For this engagement, Bernard J. Kornberg will be managing the work performed for you during the time this engagement is in place. The Firm's fees are determined based on the time devoted to a project. For this matter, the Firm has agreed to provide a discounted hourly attorney billing rate for Mr. Kornberg of $500 an hour. The Firm would charge its normal hourly rate unless otherwise negotiated. When it is efficient and cost effective, the Firm may use associated attorneys and other professionals with lower billing rates to reduce your costs. Hourly rates are reviewed and adjusted periodically. Adjusted rates will be applicable to work done after the effective date of such adjustment.

The Firm will bill for costs and expenses incurred in performing legal services in this matter, including but not limited to delivery charges, photocopying, and travel expenses.

Also, each month the Firm may send you an invoice for our services and the costs related to your work. Fees for legal services will be billed at the standard hourly rate as described above. The fees described herein are not contingent. Payment of invoices is due upon receipt and will be charged against the retainer to the extent available. We reserve the right to charge a late fee of one (1%) percent per month for any billing not paid within 60 days of issuance. We reserve the right to require full payment of any fees and estimated expenses in advance depending on the nature of the particular project.

Invoices may contain information that some (but not all) courts would consider protected by the attorney-client privilege. The privilege, if available, could be deemed to have been waived if someone other than the client sees the privileged material. Therefore, the Firm recommends that you keep all of our invoices in a segregated file marked "Attorney-Client Privileged Materials" and keep the file in a secure place.

## Document Retention.

During the course of our relationship, the Firm will accumulate materials related to its representation of you. Some of these materials will constitute attorney/client privileged communications or attorney-work product and will be kept confidential in accordance with applicable rules of professional conduct. From time to time, the Firm may purge the files of duplicative or outdated materials, copies of materials that may be obtained from other sources,

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

interim drafts of documents and other documents. We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

## Conflicts of Interest.

The Firm may represent several businesses that participate in the same or related industries. The Firm may in so doing gain a better understanding of the dynamics and legal issues related to those industries, allowing us to represent all of our clients more effectively. Of course, in keeping with ethical standards, the Firm will not represent two parties with directly adverse interests in the same transaction, without the consent of both and without such representation being consistent with rules of professional responsibility applicable to attorneys in the Firm.

You are aware that the Firm represents many other clients. It is possible that during the time we represent you, another present or future client of ours may have dealings or a dispute with you. Thus you agree, as a condition to our undertaking this engagement, that during the period of this engagement the Firm will not be precluded from representing present or future clients who may have interests adverse to you so long as (1) such adverse matter is not substantially related to our work for you and (2) our representation of the other client does not involve the use, to your material disadvantage, of your confidential information of a non-public nature that we have obtained as a result of this engagement.

## Representation Limited to Named Client(s).

Unless modified by this engagement letter or other written agreement, our representation is limited to the Client. Our Firm's representation of a corporation, partnership, joint venture, limited liability company, trade association, or other entity does not include a representation of the interests of (i) the individuals or entities that are shareholders, directors, officers, subsidiaries or affiliates of a corporation, (ii) partners or members of a partnership, joint venture or limited liability company, or (iii) the members of a trade association or other organization. Except as described in this letter, the Firm's professional responsibilities are owed only to the person or entity that is the Client of the Firm, and there is no attorney-client relationship between the Firm and any person or entity simply because of they are related to a client. In fact, we may represent other clients with interests that are adverse to persons or entities that have a relationship with you and you may not assert a conflict of interest on the Firm's part because of that fact.

## Termination of Representation.

Client may discharge the Firm at any time. The Firm may withdraw with Client's consent or for good cause or if permitted under the Rules of Professional Conduct of the State Bar of California and/or applicable law. Among the circumstances under which the Firm may withdraw are: (a) with the consent of Client; (b) Client's conduct renders it unreasonably difficult for the the Firm to carry

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

out the employment effectively; or (c) failure to timely tender payment to the Firm for legal services.

## Conclusion Of Services

When the Firm's services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, all unpaid charges for costs and expenses will be due and payable immediately. Client may have access to Client's case file at any reasonable time. The file will be kept in a digital format and the Firm will have no obligation to maintain original copies unless otherwise mandated by law. At the end of the engagement, Client may request the return of Client's case file. If Client has not requested the return of Client's file, and to the extent the Firm has not otherwise delivered it or disposed of it consistent with Client's directions, the Firm will retain the case file for a period of two years, after which the Firm is authorized by this agreement to have the case file destroyed. If Client would like the Firm to maintain Client's case file for more than two years after the conclusion of the Firm's services for Client on a given matter have concluded, a separate written agreement must be made between the Firm and Client, which may provide for Client to bear the cost of maintaining the file. In the event Client requests that the Firm transfers possession of Client's case file to Client or a third party, the Firm is authorized to retain copies of the case file at the Firm's expense. The case file includes Client materials and property as defined in Rule 1.16(e)(1) of the California Rules of Professional Conduct.

## Professional Liability Insurance Disclosure

Pursuant to California Rule of Professional Conduct 1.4.2.(a), the Firm is informing Client in writing that the Firm has professional liability insurance.

## No Tax Advice

The Firm has not been retained to provide Client with any tax advice concerning any of the services described in this Agreement. Any documents prepared by the Firm may have specific tax ramifications. To be sure Client understands and is certain of all the potential tax consequences, Client should consult with tax advisors regarding these matters.

## Disclaimer Of Guarantee

Nothing in this Agreement and nothing in the Firm's statements to Client will be construed as a promise or guarantee about the outcome of this matter. The Firm makes no such promises or guarantees. The Firm's comments about the outcome of this matter are expressions of opinion only, are neither promises nor guarantees, and will not be construed as promises or guarantees. Any deposits made by client or estimate of costs and expenses given by the Firm will not be a

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

limitation on costs and expenses or a guarantee that costs and expenses will not exceed the amount of the deposit or estimate. Actual costs and expenses may vary significantly from estimates given.

## **Mandatory Fee Arbitration**

The parties acknowledge that in any dispute over attorney's fees, costs or both subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to procedures as set forth in California Business and Professions Code Sections 6200-6206 (the Mandatory Fee Arbitration Act). If, after receiving a Notice of Client's Right to Fee Arbitration, Client does not elect to proceed under the Mandatory Fee Arbitration Act procedures by failing to file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration. Arbitration pursuant to the Mandatory Fee Arbitration Act is non-binding unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. The Mandatory Fee Arbitration Act procedures permit a court trial after non-binding arbitration, or a subsequent binding contractual arbitration if the parties have agreed to binding arbitration, if either party rejects the award within 30 days after the award is mailed to the parties.

In the event of binding arbitration, the parties shall jointly select an arbitrator. If the parties cannot agree on the selection of an arbitrator, a party may petition the Superior Court of San Francisco County County and the procedures set forth in Code of Civil Procedure Section 1281.6 for Appointment of Arbitrators shall apply. The court will choose an impartial arbitrator and the court's decision shall be final and conclusive on all parties. Each party shall bear its own costs, expenses, attorney's fees and an equal share of the arbitrators' and administrative fees. The venue for the arbitration and any post-award proceeding to confirm, correct or vacate the award shall be San Francisco County, California.

Client and The Firm confirm that they have read and understand the paragraphs above, and voluntarily agree to binding arbitration. In doing so, Client and the Firm voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client may

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

consult with an independent lawyer of Client's choice to review these arbitration provisions, and this entire agreement, prior to signing this Agreement.

## Entire Agreement

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

## Severability In Event of Partial Invalidity

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## Contact Information.

The goal of Practus, LLP is to provide the highest quality legal services on a prompt and timely basis. I encourage you to contact me at any time with any questions you may have at (341) 234-6629 or at bernard.kornberg@practus.com.

I hope this explanation of the structure of our relationship will be helpful to you and invite you to discuss the progress of any matter with me at any time or to inquire at any time about the status of fees or costs incurred. I will strive to keep you fully informed during the course of this engagement and anticipate that you likewise will keep us informed of pertinent developments. However, unless you request that I do so, I will not monitor or notify you of new legal developments that might affect your operations or business after this engagement has been completed.

It is understood that the terms of this letter and its enclosures constitute the terms under which the Firm proposes to undertake this representation. If you find the proposed engagement terms acceptable, please execute and return a copy of this letter to my attention. If you do not agree or accept any of the terms of this letter and its enclosures, please call me as soon as possible to discuss. I sincerely appreciate this opportunity to make this proposal, and I look forward to a mutually rewarding relationship.

Regards,

Bernard J. Kornberg

Intending to be legally bound, the undersigned accepts and agrees to the terms of this letter.

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

Jinnie Chao
June 27, 2023

By: _____    Jinnie Chao

12A7FA6B2D1A493...

Name: Jinnie Chao

Dated:    6/28/2023

DocuSign Envelope ID: 39E0E659-35C2-47CC-8DEF-0FA63D1D1551

Jinnie Chao
June 27, 2023

**Payment Instructions for Advance Payment/Retainer**

Bank: PNC Bank

Account #: 3816488786

Routing #:

FOR ACH: 083009060

FOR WIRES: 043000096 SWIFT: PNCCUS33