Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm | A Professional Law Corporation**
18000 Studebaker Road, Suite 325
Cerritos, Ca 90703
Tel: (562) 645-4500 Fax: (562) 645-4494
E-mail: info@anyamalaw.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:

**JINNIE JINHUEI CHANG CHAO**

**Debtor**

Case No. **15-31519**

Chapter 11

**APPLICATION TO EMPLOY SPECIAL COUNSEL-ETHAN A. BALOGH**

TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE

The application of Jinnie Jinhuei Chang Chao, the debtor and debtor-in-possession in this Chapter 11 Case (the "Debtor"), respectfully represents:

1. The debtor filed a petition under Chapter 11 of the United States Bankruptcy Code on December 4, 2015. The Debtor is in possession of her estate, no trustee having been appointed.

2. Bankruptcy Code 327(e) states: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

3. The Debtor hereby requests authority pursuant to Bankruptcy Code §327 and Bankruptcy Rule 2014(a), to employ the law firm of Ethan A. Balogh of Balogh & Co. APC, Attorney at Law, as Special Counsel. The Debtor desires to employ Mr. Balogh as Special Counsel because of his extensive experience in the matters of Debtor as her attorney of record in the criminal proceedings before the Northern District Court of California, captioned *United States v. Jinnie Chao*, No. 16-cr-00435 EJD (N.D. Cal.) (the "Federal Criminal Case"), which resulted in the diversion, and then dismissal, of the criminal charges.

4. In addition to his experience with the particular allegations raised by Dr. Salem in the adversary proceeding, Mr. Balogh has significant relevant experience. He has regularly tried cases in the federal courts since 1997, following his one-year judicial clerkship for the Honorable Marylin L. Huff, United States District Judge. Mr. Balogh graduated from Harvard College (A.B., 1990) and from the Yale Law School (J.D., 1994). Mr. Balogh served as a trial attorney for Federal Defenders of San Diego, before coming to San Francisco and becoming an associate, and then a partner, at Keker & Van Nest, LLP, where he represented clients in federal criminal cases and complex civil cases. Mr. Balogh's notable cases include *United States v. Beebe*, (E.D. La. Case No. 20 Cr. 65 (EEF); *McFarland v. County of Marin et al.*, (N.D. Cal. No. 10 Cv 3862 (WHA); *United States v. Fleishman* (S.D.N.Y. Case No. 11 Cr. 32 (JSR); and *United States v. Thomas*, (N.D. Cal. Case No. 06 Cr. 0803 (SI)).

5. Even more specifically, the Debtor believes that Mr. Balogh is well qualified to provide representation as Special Counsel that the Debtor needs in the following:

   a. On March 10, 2016, Ardeshir Salem and A. Salem D.D.S., Inc commenced adversary proceeding no. 16-03023 in this court by filing a Complaint to Determine Dischargeability and Objection to Discharge by plaintiffs Ardeshir Salem and A. Salem, D.D.S., Inc., captioned Salem, et al. v. Chao, (the "Salem Adversary Case"). The facts alleged in the adversary complaint are essentially the same as those previously alleged in the state court of actions. Therefore, the Debtor would like Mr. Balogh to represent her in this adversary case.

6. As noted above, Special Counsel represented the Debtor with respect to the same allegations Dr. Salem alleges in the adversary proceeding.

7. The Debtor believes that Mr. Balogh possess a special and intimate knowledge of the facts and circumstances involved herein supporting a conclusion that the most prudent and fiscally conservative approach is to retain the firm of Ethan A. Balogh as Special Counsel. Debtor's general bankruptcy counsel does not have the background and expertise that proposed Special Counsel possesses in the Salem Case. By retaining Mr. Balogh, legal costs, fees and other expenses will be significantly reduced as compared to another law firm not already familiar with the complex past actions in my matters, and that would avoid the need to recreate the work already performed and the knowledge of thousands of pages of documents as already possessed by Mr. Balogh in this matter.

Furthermore, the Debtor will be able to rely upon the contacts and relationships already established by proposed Special Counsel with respect to these claims. Such savings will be of benefit to the estate and to the Debtor.

8. Mr. Balogh's involvement as Special Counsel will include the adversary proceeding filed by Salem.

9. Special Counsel will not be responsible for the development and/or administration of the bankruptcy estate and/or plan.

10. The Debtor is informed and believes and therefore alleges that the employment of Mr. Balogh as Special Counsel, on the terms and conditions herein provided, is in the best interest of the estate, and such is her specific wish.

11. Based on this Application, and the Declaration of Ethan A. Balogh filed in support, it is represented that Mr. Balogh holds no interest adverse to this estate and is a disinterested person within the meaning of 11 U.S.C. §327(e) with respect to the matter upon which he will be engaged.

12. In this Application, the Debtor seeks pre-approval by the Court under Section 328 of Mr. Balogh's proposed Fee Agreement and the compensation for attorneys' fees and reimbursement of expenses provided for thereunder. 11 U.S.C. § 328(a). The Fee Agreement requires the Debtor to fund a trust account in the amount of $100,000 to fund this representation.  (Mr. Chao previously deposited $20,000 into Special Counsel's firm's IOLTA trust account for preparing for and participating in the mediation of this matter.)  Under the proposed retainer agreement, Ms. Chao will be responsible for out-of-pocket costs.

13. Debtor states that the source of retainer payment to Mr. Balogh comes from the funds held in certain of her retirement accounts and that are exempt funds and may be used to pay for special counsel. Because Mr. Balogh would be paid with funds that are exempt from the bankruptcy estate because they are retirement funds, or are not part of the bankruptcy estate, the employment of Mr. Balogh as special counsel will not diminish the assets available to creditors, and his representation in the Adversary Case may preserve estate assets for distribution to creditors.

14. The Debtor believes that Mr. Balogh's approval as Special Counsel satisfies the requirements of 11 U.S.C. §327(e) in that he "does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed.*" (Emphasis added.)

15. Mr. Balogh will not be responsible for, nor assist the Debtor with, or be compensated for administrative duties, pursuant to Section 323(a).

16. Based upon the foregoing, the Debtor believes that the best interests of this Chapter 11 estate will be served by the appointment of Ethan A. Balogh as Special Counsel for the purposes described herein, and thus requests that the court approve her application without due delay.

Dated: July 14, 2023,

ANYAMA LAW FIRM, A.P.C.

*Onyinye Anyama*
Onyinye N. Anyama
Bankruptcy Counsel of Debtor and Debtor in Possession