CHRISTOPHER J. D'ANJOU, State Bar No. 234299
**D'ANJOU LAW OFFICE**
1625 The Alameda, Suite 310
San Jose, CA 95126
Telephone: (408) 291-5401
Fax: (408) 291-5302
Email: danjoulaw@gmail.com

Attorneys For Creditors
ARDESHIR SALEM, an individual and A. SALEM D.D.S., INC.,
A California Corporation

UNITED STATES BANKRUPTCY COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: JINNIE JINHUEI CHANG CHAO<br><br>Debtor | BK Case No.: 15-31519<br>Adversary Case No. 16-3023<br>Chapter 11 |
| ARDESHIR SALEM, an individual, and A. SALEM D.D.S., Inc., A California Corporation,<br><br>   Plaintiffs,<br><br>vs.<br><br>JINNIE JINHUEI CHANG CHAO, and DOES 1-50, inclusive.<br><br>   Defendants. | **OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.**<br><br>Hearing Date: August 18, 2023<br>Time: 10:30 a.m.<br>Courtroom: 17 |

Adversary claimants ARDESHIR SALEM, an individual and A. SALEM, D.D.S., Inc., a California Corporation (collectively "SALEM") hereby submits the following objection to debtor Jinnie Jinhuei Chang Chao's ("Debtor") Combined Plan and Disclosure Statement (filed on July 21, 2023) as set forth below.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed her bankruptcy petition in the above-entitled court on December 4, 2015.

1
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.
Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 1 of 8

Prior to the filing of Debtor's petition, Salem and Debtor were engaged in litigation in Santa Clara County Superior Court, to wit *Jinnie Chao v. Ardeshir Salem, A. Salem, D.D.S., Inc.*, (Lead Case No. 112CV217465 and Consolidated Case No. 115CV275589). Salems' claims against Debtor included fraud and embezzlement. The state court claims were never adjudicated, as the debtor filed for bankruptcy before the case was set for trial. Presently, the state court matter is trailing the bankruptcy matter, and is scheduled for case status review set August 15, 2023 at 10 a.m. in the Santa Clara County Superior Court.[1] The state court was advised of the U.S. Trustee's Motion to Dismiss at the prior status conference that heard on July 6, 2023.

On March 10, 2015, Salem filed an adversary complaint against Debtor pursuant to 11 U.S.C., § 523(a)(2)(A) and (4) based on Debtor's scheme to embezzle and convert Salem's monies (essentially the same facts and circumstances that gave rise to the state court litigation). The adversary complaint seeks a minimum of $1,156,805.38 plus additional damages for lost investment opportunities, unknown tax liabilities and other costs including accounting and attorney's fees.

On October 20, 2016, the United States of America filed a 16 count indictment against Debtor for alleged violations of 18 U.S.C., § 1341 (Mail Fraud), 18 U.S.C., § 1343 (Wire Fraud) and 18 U.S.C., § 1957(a) (Money Laundering). The indictment details a scheme perpetrated by Debtor to defraud and embezzle monies from Salem. The allegations detailed in the indictment and its timeline practically mirror the allegations of the civil actions. The civil actions are broader in scope than the criminal matter, and covers more transactions than the criminal case. Debtor has resolved the criminal matter with the U.S. Attorney.

Debtor last filed a plan of reorganization on March 23, 2018. Debtor filed a more recent plan of reorganization on July 21, 2023.

---

[1] Debtor has not appeared in one bankruptcy status case in her state court matter.

2
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.
Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 2 of 8

On June 28, 2023, the U.S. Trustee filed a Motion to Dismiss or convert the debtor's present case.

Debtor's Plan of Reorganization filed on July 21, 2023 details Salem's claims as class 2(b) general unsecured claims and identifies claim 9-4 in the amount of $1,156,805.38 and as disputed. Debtor proposes, "[i]n the event the claim is allowed in any amount, Debtor shall pay the allowed amount of the claim in full within 180 days of a final, non-appealable order allowing the claim. Debtor shall, if necessary, sell some or all of her real property to pay Claim 9-4." Debtor further states that under part 7(f), "lawsuits," "confirmation of the Plan shall constitute a permanent injunction against further prosecution of the affirmative claims of the Salem Parties against the Debtor in the State Court Actions."

As detailed below, Salem objects to the Debtor's plan of reorganization as it is not feasible. Debtor has had years and years to resolve her claims with her creditors and Salem. The new plan does not bring any more certainty or resolution, and Debtor will not be able to have a feasible plan until she can actually resolve her state claims with Salem.

## II. LEGAL ARGUMENT

### A.  **Debtor's Plan Cannot Be Confirmed Because It Is Not Feasible.**

11 U.S.C., § 1129(a)(11) requires that "courts scrutinize carefully the plan to determine whether it offers a reasonable prospect success is workable." *In Re Beyond.com Corp.* 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003). Debtor's plan does not offer a reasonable prospect of success. The reorganization plan is vague and ambiguous at best.

First, "in the event the claim is allowable," does not lead the interested parties any closer to certainty. While the parties may agree that the Salem claims need to be litigated, that has not happened for the last eight years. While the debtor has known of these claims for many years, she is

3
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.

Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 3 of 8

only now seeking permission to employ counsel to defend her in those claims. Moreover, the Debtor seeks to use the power of the bankruptcy court to permanently enjoin Salem from ever prosecuting his state claims, even though the claims were never prosecuted to judgment.

Next, even if the parties were able to establish some certainty to make a determination on the disputed claims i.e. trial in state court, debtor's suggestion that "debtor shall, if necessary, sell some or all of her real property to pay Claim 9-4" is also not feasible. The debtor does not know when and what properties will be sold and what values they will command at some unknown point in the future, which demonstrates that the plan is not feasible.

As detailed in the U.S. Trustee's motion to dismiss on page 6, paragraph 21: "[b]ased on the reported valuations in the Debtor's petition, the sale of the above properties will result in potential proceeds of approximately $3,557,000.00. This will fully satisfy the secured creditors' claims of approximately $2,813,923.71 and leave a residue of approximately $743,076.23." Again, the Debtor does not articulate in her plan of reorganization the impact of payment of claim 9-4 through the sale of some or all properties will have on secured and unsecured creditors in light of this information. Even under the foregoing scenario, the residue does not cover the disputed amount of debt with Salem. As such, the Debtor's plan is likely not feasible.

Salem is opposed to any form of conversion to Chapter 7, and submits that the debtor's bankruptcy petition needs to be dismissed so that Salem's claims need to be prosecuted in the state court, where it can be set for trial. The Santa Clara Court sets trials 90-120 days from the trial setting conference. The state case would have priority because of it's age. Obtaining a judgment in the state matter provides more certainty in establishing any claim, and provides more certainty to the Debtor other creditors about the claim (and how the claim would affect all). The Debtor, may or may not need to file for bankruptcy again after a judgment is entered in the state case.

4
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.

Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519   Doc# 366   Filed: 08/10/23   Entered: 08/10/23 18:45:47   Page 4 of 8

# III. CONCLUSION

As detailed herein, the Debtor has not provided a feasible plan of reorganization that addresses the claims of Salem and the claims of Salem vis-a-vis the other secured and unsecured creditors.

Dated: August 10, 2023

    Respectfully Submitted,

    **D'ANJOU LAW OFFICE**

    */s/ Christopher D'Anjou*

    _____
    CHRISTOPHER D'ANJOU
    Attorney For ARDESHIR SALEM and A. SALEM D.D.S., INC.

5
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.
Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 5 of 8

# PROOF OF SERVICE
*Salem, et al. v. J. Chao*, et al.
United States Bankruptcy Court, Northern District of California
Number range CHAPTERBK Case No.: 15-31519/Adversary Case No. 16-3023

I, CHRISTOPHER D'ANJOU, hereby declare under penalty of perjury:

I am over the age of eighteen and not a party to this action. My business address is:

D'ANJOU LAW OFFICE
1625 The Alameda, Suite 310
San Jose, CA 951126

On August 10, 2023, I served a copy of the accompanying document(s) described herein, to the recipients stated below.

## DOCUMENTS

1. **OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.**

## RECIPIENTS

| | |
|---|---|
| Onyinye N. Anyama, Esq. On behalf of Debtor Jinnie Jinhuei Chang Chao<br>Anyama Law Firm<br>18000 Studebaker Rd., Ste. 700<br>Cerritos, CA 90703<br>Onyi@Anyamalaw.com | Trevor R. Fehr, Trial Attorney<br>United States DOJ, Office of the U.S. Trustee<br>450 Golden Gate Avenue, Rm 05-0153<br>San Francisco, CA 94102<br>Trevor.Fehr@usdoj.gov |
| Matthew R Clark, III on behalf of Creditor JP Morgan Chase<br>ecfcanb@aldridgepite.com | Donna S. Tamanaha on behalf of U.S. Trustee Office of the U.S. Trustee<br>Donna.S.Tamanaha@usdoj.gov |
| Lawrence D. Miller on behalf of Creditor Lawrence Miller<br>lmiller@ldmlawyer.com | Office of the U.S. Trustee / SF<br>USTPRegion17.SF.ECF@usdoj.gov |
| Kelly Marie Kaufmann on behalf of Creditor U.S. Bank NA, successor trustee to Bank of America, NA, | Alexandra DeLateur on behalf of Resolution Advocate Eva Alexandra |

| | |
|---|---|
| successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR9, bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com | (ra) DeLateur delateuresq@gmail.com |
| Bryan S. Fairman on behalf of Creditor Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1 ecfcanb@aldridgepite.com, BSF@ecf.inforuptcy.com | Nancy Lee on behalf of Creditor Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1 bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com |
| Christopher M. McDermott on behalf of Creditor JPMorgan Chase Bank, N.A. ecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com | Brian H. Tran on behalf of Creditor Flagstar Bank, FSB bankruptcy@zbslaw.com |
| Gilbert R. Yabes on behalf of Creditor PennyMac Loan Services, LLC ecfcanb@aldridgepite.com, GRY@ecf.inforuptcy.com | Ethan A. Balogh Coleman & Balogh LLP 235 Montgomery St #1070 San Francisco, CA 94104 |

Number range CHAPTER The method of service was as follows:

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 10, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons

7
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.
Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 7 of 8

are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated above.

Dated: August 10, 2023                                    /S/ Christopher D'Anjou
                                                          _____
                                                          Christopher J. D'Anjou

The following recipients will not receive electronic notice, but by the method described below:

**RECIPIENTS**

| Ethan A. Balogh | Albert J. Boro, Jr. |
| Coleman & Balogh LLP | Law Offices of Pillsbury Winthrop |
| 235 Montgomery St #1070 | 50 Fremont St. 5th Fl. |
| San Francisco, CA 94104 | P.O. Box 7880 |
| | San Francisco, CA 94105 |

[X] By placing a copy of the document described above for deposit with the United States Postal Service, in a sealed envelope, with postage prepaid, for collection and mailing on the same date following ordinary business practices. I am readily familiar with the business practice of processing correspondence for mailing with the United States Postal Service.

8
OBJECTION TO DEBTOR JINNIE JINHUEI CHANG CHAO'S COMBINED PLAN FOR REORGANIZATION AND DISCLOSURE STATEMENT BY ADVERSARY CLAIMANTS/CREDITORS ARDESHIR SALEM and A. SALEM D.D.S., INC.
Case No.: 15-31519
Adversary Case No. 16-3023

Case: 15-31519    Doc# 366    Filed: 08/10/23    Entered: 08/10/23 18:45:47    Page 8 of 8