**United States Bankruptcy Court**
**Northern District of California**

In re:

                                                                Case
                                                    No. 15-31519
                                                    Chapter 11

JINNIE JINHUEI CHANG CHAO

**[PROPOSED] COMBINED PLAN OF REORGANIZATION**

**AND DISCLOSURE STATEMENT**
**(July 14, 2023)**

**INTRODUCTION**

     This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan).  The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

     Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% of their allowed claims in semiannual payments over 5 years.  Taxes and other priority claims would be paid in full, as shown in Part 3.

     Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan.  Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date].  The court will hold a hearing on confirmation of the Plan on [date] at [time].

     Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.  Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case.  Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly income and expenses.  Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan.  Exhibit 5

Case: 15-31519    Doc# 376    Filed: 08/30/23    Entered: 08/30/23 19:55:46    Page 1 of 38

shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | Select Portfolio Servicing, Inc. Former U.S Bank, National Association | 8108 Penobscot Lane, McKinney Tx |
| 1B | Flagstar Bank, FSB | 701 Braxton Ct, McKinney Tx |
| 1C | Flagstar Bank, FSB | 305 St. Andrews Dr, Pinehurst, NC |
| 1D | Flagstar Bank, FSB | 9 Maverick Place, Pinehurst, NC |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Description of Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|------------------|--------------------------|------------|---------------|-----------------|------|
| 1E | Planet Home Lending, LLC. Former PennyMac Loan Services | 30 Pilarcitos Ct Hillsboroug, CA 94010 | 1,819,000.00 | 4.75% | $10,232.43 | 30 yrs |

As per Stipulation between parties regarding Treatment of Claim under Debtor's proposed Plan (Dkt 129 and 130)

Debtor will pay the entire amount contractually due with interest based on the terms of the stipulation agreement re treatment of claim with PennyMac Loan Services, LLC see attached as **Appendix A.** Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a) Small Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Amount to Pay on Effective Date |
|------------------|-----------------|--------------|-------------------|----------------------------------|
| Lawrence D. Miller | $962.20 | No | $962.20 | $962.20 |
| Menlo Dermatology Medical Group | $97.74 | No | $97.74 | $97.74 |
| Mills-Pennisula Emerg Med, Inc. | $589.00 | No | $589.00 | $589.00 |
| Online Collections | $83.00 | No | $83.00 | $83.00 |
| Saad A Shakir MD Inc. | $193.41 | No | $193.41 | $193.41 |

**This class includes any creditor whose allowed claim is $1,000.00**

or less, and any creditor in Class 2(b) whose allowed claim is larger than $1,000.00 but agrees to reduce its claim to $1,000.00. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $1,000.00.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.

**Class 2(b) General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Semi Annually |
|---|---|---|---|---|
| American Express | $6,305.37 | No | $6,305.37 | $630.48 |
| Bank of America | $10,095.00 | No | $10,095.00 | $1,009.50 |
| Bruce C. Janke | $13,135.66 | No | $13,135.66 | $1,313.52 |
| Chase Card Services | $10,595.00 | No | $10,595.00 | $1,059.48 |
| Chase Card Services | $8,515.00 | No | $8,515.00 | $851.46 |
| Chase Card Services | $6,914.00 | No | $6,914.00 | $699.68 |
| Penninsula Hospital and MI | $4,010.07 | No | $4,010.07 | $400.98 |

Allowed claims of general unsecured creditors not treated as small claims including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan shall be paid as follows:

**Percent Plan.** Creditors will receive 100% percent of their allowed claim in a 5 year period with semi-annual installments, due on the 1st day of the month, starting on the plan effective date.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**Class 2(c) Disputed General Unsecured Claim.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | |
|---|---|---|---|---|
| Ardeshir Salem | $1,156,805.38 | Yes | Disputed | |

The claim of Ardeshir Salem and A. Salem, D.D.S., Inc.
(collectively, the Salem Parties) is disputed and will be
resolved as follows: The Salem Parties have filed a Proof of
Claim as Claim 9-4 for $1,156,805.38. Debtor disputes the
validity of the claim and will, no later than the effective date
of this Plan, object to Claim 9-4, and any amendments to that
claim thereto. Confirmation of the Plan shall not have any res
judicata effect as to the amount or validity of Claim 9-4.

Debtor will not make any payments to the disputed claim reserve
for Claim 9-4 as provided for in section 7(b). In the event the
claim is allowed in any amount; Debtor shall pay the allowed
amount of the claim in full within 180 days of a final, non-
appealable order allowing the claim. Debtor shall, if necessary,
sell three of her out of State properties. Below is a Table of
the properties with the current values and balance of Liens on
the property:

Jinnie Chang Chao
Property Summary as of August 22, 2023

| Property Address | Current Value | Outstanding Mortgage Balance | Cost of Sale | Sale Tax | Estimated Net Proceeds | |
|---|---|---|---|---|---|---|
| 9 Maverick Place Pinehurst, NC 28374 | $390,000 | $81,000 | $23,400 | $39,000 | $246,600 | ★ |
| 305 St Andrews Dr., Pinehurst, NC 28374 | $460,000 | $90,000 | $27,600 | $46,000 | $296,400 | |
| 701 Braxton Court McKinney, TX 75071 | $800,000 | $206,000 | $48,000 | $80,000 | $466,000 | ★ |
| 8108 Penobscot Lane McKinney, TX 75071 | $1,150,000 | $352,000 | $69,000 | $115,000 | $614,000 | ★ |
| 30 Pilarcitos Court Hillsborough, CA 94010 | $5,150,000 | $1,819,000 | $309,000 | $515,000 | $2,507,000 | |

\* Properties to be sold if needed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a)  Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Anyama Law Firm-General Bankruptcy Counsel | $45,000.00 |
| Bernard J. Kornberg (Special Counsel) | $10,000.00 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b)  Other Administrative Claims.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| United States Trustee | $250.00 |
|  |  |

(c)  Tax Claims.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest

(at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) Executory Contracts/Unexpired Leases Assumed. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid in full on the Effective Date.

| Person whom you have a contract/lease with | Description of Contract/Lease | Lease is for: | Terms of Contract/ Lease | Installment Amount |
|---|---|---|---|---|
| Charles and Kathryn Cottle | Lease Agreement | 305 St. Andrews Dr. Pinehurst NC 28374 | Month to Month / Assume | $1,596.33 |
| Leon C., Kimberly & Carol McKenzie | Lease Agreement | 8108 Penobscot Drive McKinney TX 75071 | 1 Year from 6/1/2023 / Assume | $5,512.00 |
| Tom Sexton Nichols IV & Carissa | Lease Agreement | 701 Braxton Court McKinney TX 75071 | 3 Years / Assume | $3,950.00 |
| Marilda Siemers | Lease Agreement | 9 Maverick Lane Pinehurst, NC 28374 | Month to Month / Assume | $1,147.50 |

| Prime Properties | Contract | Texas Properties | One Year / Assume | 10% of one full month's rent per property. |
|---|---|---|---|---|
| Village of Pinehurst Rentals | Contract | North Carolina Properties | One Year / Assume | 15% of one's full month's rent per property |

(b) Executory Contracts/Unexpired Leases Rejected. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| N/A | |
| | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed assumed.


**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) Discharge. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) Plan Creates New Obligations. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such

lien under applicable non-Bankruptcy law.


**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.


(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.


(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.


(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.


(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left

unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f)  Effect of Conversion to Chapter 7.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g)  Retention of Jurisdiction.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


**PART 7: GENERAL PROVISIONS**

(a)  Effective Date of Plan.  The Effective Date of the Plan is The fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b)  Disputed Claim Reserve.  Except as indicated in Section 2, Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all

Case: 15-31519   Doc# 376   Filed: 08/30/23   Entered: 08/30/23 19:55:46   Page 10 of 38

distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c)  Cramdown.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  Lawsuits.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| None | | | | |
| | | | | |

(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed

Case: 15-31519   Doc# 376   Filed: 08/30/23   Entered: 08/30/23 19:55:46   Page 11 of 38

secured claim can make a timely election under section 1111(b) no
later than 14 days before the first date set for the hearing on
confirmation of the Plan.


Dated: <u>August 28, 2023</u>


_____
Debtor

_____
Attorney for Debtor

**Attorney Certification**

I, Onyinye N. Anyama, I am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Part 1 of Plan, Debtor remove the following paragraphs:

- ✔ Debtor to make Regular Payments and Pay Arrears Over Time.
- ✔ Debtor to Strip Lien to Value of Collateral and Pay Over Time.
- ✔ Debtor to Strip Off Lien.
- ✔ Debtor to Adjust Terms and Pay Amount Due in Full Over Time.
- ✔ Property to be Sold.

Page 2, Property to be Surrendered – Remove table and paragraph related to Property to be surrendered.

Page 3, terms of Class 1E, Debtor incorporated the terms of the stipulation and attached the stipulation as Appendix A.

Page 3, Treatment of General Unsecured Creditors-Debtor changed terms from monthly installments to semiannual installments.

Page 4, Debtor incorporated Class 2(c)Disputed General Unsecured Claims.

Page 5, Debtor incorporated a table showing the summary of real property estimated values in support of proposed Plan treatment for Class 2 (c) Creditor.

Page 7, Executory Contracts and Unexpired Leases, Debtor provided lease terms and removed Estimated Total Cure Amount and Number of Installments

I declare that the foregoing is true and correct.  Executed this 28th day of August 2023.

    /s/Onyinye N. Anyama
    Attorney for Debtor

**Exhibit 1 - Events That Led to Bankruptcy**

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Chao (real estate professional) experienced major decrease in her income. She attempted to reorganize her debt by filing Chapter 13 cases in 2015 pro se. However the case was dismissed since Ms. Chao represented herself and was unsophisticated in bankruptcy matters. Ms. Chao employed the applicant to file her Chapter 11 bankruptcy to reorganize her debt.

Virtually all of the Debtor's assets are encumbered by holders of prior secured claims. The principal assets of the estate are the following properties currently owned by the debtor.

- *8108 Penobscot Ln. McKinney TX,*

- *701 Braxton Ct. McKinney TX,*

- *30 Pilarcitos Ct Hillsborough CA*

- *305 St Andrews Dr. Pinehurst NC*

- *9 Maverick Pl. Pinehurst*

**Appendix A – Stipulation re Plan treatment with PennyMac Loan Services, LLC**

**Re Property:**

- *30 Pilarcitos Ct Hillsborough CA*

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 30 Pilarcitos, Hillsborough, Ca

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 5,150,000.00 | 1st PennyMac $1,819,000.00 | $309,000.00 | $515,000.00 | $0 | $2,507,000.00 |

Real Property #2: 8108 Penobscot Lane, Mckinney Tx

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 1,150,000.00 | 1st U.S Bank, N.A $352,000.00 | $69,000.00, | $115,000.00 | $0 | $614,000.00 |

Real Property #3: 701 Braxton Ct, Mckinney Tx

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 800,000.00 | 1st Flagstar Bank $206,000.00 | $48,000.00 | $80,000.00 | $0 | $466,000.00 |

Real Property #4: 305 St Andrews Dr, Pinehurst, NC

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 460,000.00 | 1st Flagstar Bank $90,000.00 | $27,600.00 | $46,000.00 | $0 | $296,400.00 |

Real Property #5: 9 Maverick Place, Pinehurst, Nc

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 390,000.00 | 1st Flagstar Bank $81,000.00 | $23,400.00 | $39,000.00 | $0 | $246,600.00 |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $20,000.00 | 0 | $20,000.00 | $0.00 |
| Automobile #1-2004 Mazda | $2,800.00 | | $2,800.00 | $0.00 |
| Automobile #2-2007 Cadillac | $7,341.00 | | $7,341.00 | $0.00 |
| Household Furnishings | $1,500.00 | | $1,500.00 | $0.00 |
| Clothes | $1,000.00 | | $1,000.00 | $0.00 |
| Jewelry | 0.00 | | 0.00 | $0.00 |
| Equipment | 0.00 | | 0.00 | $0.00 |
| Accounts Receivable/Earned Commission | $40,000.00 | | $40,000.00 | $0.00 |
| Other Personal Property | | | | $0.00 |
| TOTAL | | | | $0.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $4,130,000.00 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | $0 |
| Chapter 7 Administrative Claims [SUBTRACT] | $5,500.00 |
| Chapter 11 Administrative Claims [SUBTRACT] | $70,000.00 |
| Priority Claims [SUBTRACT] | $0 |
| Chapter 7 Trustee Fees [SUBTRACT] | $5,000.00 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | $5,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $4,044,500.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $1,162,953.30 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

## Exhibit 3 - Monthly Income and Expenses

| Income | Amount |
|---|---|
| Gross Personal Income | $1,743.00 |
| Total Family Contribution | $12,427.56 |

Individual Chapter 11
Combined Plan & Disclosure Statement (Version: 7/30/12)
July 30, 2012

Case: 15-31519    Doc# 376    Filed: 08/30/23    Entered: 08/30/23 19:55:46    Page 18 of 38

| | |
|---|---|
| Rental Income | $12,205.83 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $1,671.79 |
| **A. Total Monthly Income** | $28,048.18 |

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Rent | $ 0.00 |
| Home Maintenance/Repair | $ 0.00 |
| Electricity/Gas | $ 115.00 |
| Cell phone/Internet/Cable | $ 150.00 |
| Food and Housekeeping | $ 400.00 |
| Personal Care | $ 100.00 |
| Medical/Dental Expenses | $ 200.00 |
| Transportation | $ 400.00 |
| Entertainment | $ 0.00 |
| Charitable Contributions | $ 80.00 |
| Health Inurance | $ 450.00 |
| Vehicle Insurance | $ 260.00 |
| U.S Trustee Fees | $ 83.33 |
| Rental Expenses | |
| ***30 Pilarcitos, Hillsborough, Ca*** | |
| 1st Lienholder | $ 10,232.43 |
| Property Insurance | $ 435.16 |
| Property Taxes | $ 1,659.97 |
| Maintenance | $ 100.00 |
| ***8108 Penobscot Lane, Mckinney Tx*** | |
| 1st Lienholder | $ 3,919.96 |
| Property Insurance | $ Impounded |
| Property Taxes | $ Impounded |
| Maintenance (Property management) | $ 551.20 |
| ***701 Braxton Ct, Mckinney Tx*** | |
| 1st Lienholder | $ 3,236.29 |
| Property Insurance | $ Impounded |
| Property Taxes | $ Impounded |
| Maintenance (property Management) | $ 395.00 |
| ***305 St Andrews Dr, Pinehurst, NC*** | |
| 1st Lienholder | $ 1,084.53 |

Individual Chapter 11
Combined Plan & Disclosure Statement    (Version: 7/30/12)

| Property Insurance | $ | Impounded |
|---|---|---|
| Property Taxes | $ | Impounded |
| Maintenance (Property management) | $ | 239.45 |
| ***9 Maverick Place, Pinehurst, NC*** | | |
| 1st Lienholder | $ | 935.49 |
| Property Insurance | $ | Impounded |
| Property Taxes | $ | Impounded |
| Maintenance (Property management) | $ | 172.13 |
| **Total Monthly Expenses** | $ | 25,189.93 |

| **C. Disposable Income** (Line A - Line B) | $2,858.25 |
|---|---|

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $1,000.00 |
| Priority Claims | |
| General Unsecured Creditors (Allowed Claims) | $992.83 |
| [OTHER PLAN PAYMENTS - DESCRIBE] | |
| **D. Total Plan Payments** | $1,992.83 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $865.42 |
|---|---|

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | $21,000.00 | |
|    Payments on Effective Date | | |
|     Unclassified Claims | 0 | |
|     Administrative Expense Claims | $20,000.00 | |
|     Priority Claims | 0 | |
|     Small Claims (Class 2(a)) | 0 | |
|     U.S. Trustee Fees | $250.00 | |
| B. Total Payments on Effective Date | | $20,250.00 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | $750.00 |

**The proposed plan has the following risks:**

Debtor has a pending adversary proceeding case at U.S. Bankruptcy Court Northern District of California, captioned *Salem et al v. Chang Chao et al*, No. 3:16-ap-03023 (the "AP Case").

In the case that the adverse party (Salem)success his demand and his claim be allowed claim, the Debtor will sale three of her out of State properties to pay the total allowed claim of Salem.

Debtor has two property managers who manage the Texas and North Carolina properties. Debtor will also obtain a property manager for the Pilarcitos property.

**Exhibit 5 - Investment Property Analysis**


**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: [*8108 Penobscot Lane, Mckinney Tx*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $5,512.00 | 1st $3,919.96 | $Impounded | $Impounded | $551.20 | $1,040.84 |

Real Property #2 Income: [*305 St Andrews Dr, Pinehurst, NC*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $1,596.33 | 1st $1,084.53 | $ Impounded | $ Impounded | $239.45 | $272.35 |

Real Property #3 Income: [*9 Maverick Place, Pinehurst, NC*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $1,147.50 | 1st $935.49 | $ Impounded | $ Impounded | $172.13 | $39.89 |

Real Property #4 Income: [701 Braxton Ct, Mckinney Tx]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $3,950.00 | 1st$3,236.29 | $ Impounded | $Impounded | $395.00 | $318.71 |

| A. Total Positive Cash Flow | $1,671.79 |
|---|---|


**Properties with Negative Monthly Cash-Flow:**

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| B. Total Negative Cash Flow | |
|---|---|

**DECLARATION OF JONATHAN JASON CHAO**

I, Jonathan Jason Chao declare as follow:

1. I am the Debtor's son and do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness, I could and would competently testify to the truthfulness of all the below statements:

2. I am familiar with the instant bankruptcy proceeding case 3:15-bk-31519.

3. I make this declaration in support of the debtor's Plan of Reorganization.

4. Since February 28, 2019 I have been living on my mother's property located at 30 Pilarcitos Ct., Hillsborough, CA 94010 and I along with my brother Jason take care of the mortgage payments as well as all the necessary expenses for its maintenance.

5. I am willing and able to assist my mother every month commencing on the effective date of the plan towards her plan of reorganization.

6. The source of my contribution is my current employment income, attached is the proof of my employment income.

7. I have the financial ability to continue making it through the duration of the loan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed this 30th day of August, 2023 at Los Angeles, Califomia.

*Jonathan Jason Chao*
Jonathan Jason Chao
Declarant

1

# Earnings Statement



SMBC CAPITAL MARKETS
277 PARK AVENUE -H/R PAYROLL
NEW YORK, NY 10172

Period Beginning: 08/01/2023
Period Ending: 08/15/2023
Pay Date: 08/15/2023

**JONATHAN JASON CHAO**
**30 PILARCITOS CT**
**HILLSBOROUGH CA 94010**

Filing Status: Single/Married filing separately
Exemptions/Allowances:
  Federal: Standard Withholding Table

Social Security Number: XXX-XX-7423

| Earnings | rate | salary/hours | this period | year to date |
|----------|------|--------------|-------------|--------------|
| Regular | 8333.34 | 75.83 | 8,333.34 | 113,718.28 |
| Bonus | | | | 13,550.00 |
| **Gross Pay** | | | **$8,333.34** | 127,268.28 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -1,488.36 | 23,571.84 |
| | Social Security Tax | -507.79 | 7,835.30 |
| | Medicare Tax | -118.76 | 1,832.45 |
| | CA State Income Tax | -161.95 | 161.95 |
| | NY State Income Tax | -477.75 | 8,186.32 |
| | NY Paid Family Leave Ins | | 399.43 |
| | **Other** | | |
| | Cigna | -130.00* | 910.00 |
| | Dental | -29.00* | 203.00 |
| | 401K | -250.00* | 2,750.00 |
| | **Net Pay** | **$5,169.73** | |
| | Check1 | -5,169.73 | |
| | **Net Check** | **$0.00** | |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$7,924.34

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Comp | 8,333.34 | |
| Gtl | 15.75 | |
| 401K Match | 250.00 | |
| 401Kew | 8,333.34 | |
| Totl Hrs Worked | 75.83 | |
| 401-K Match | | 500.00 |
| 401Kew | | 127,268.28 |

**Important Notes**
YOUR COMPANY'S PHONE NUMBER IS 212-224-4000

BASIS OF PAY: SALARY

**Additional Tax Withholding Information**
Taxable Marital Status:
  CA: Single
  NY: Single
Exemptions/Allowances:
  CA: 0
  NY: 0

© 2000 ADP, Inc.

---

SMBC CAPITAL MARKETS
277 PARK AVENUE -H/R PAYROLL
NEW YORK, NY 10172

Advice number: **00000320062**
Pay date: 08/15/2023

| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| **JONATHAN JASON CHAO** | xxxxx3253 | xxxx xxxx | $5,169.73 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# Earnings Statement



*SMBC CAPITAL MARKETS*
*277 PARK AVENUE -H/R PAYROLL*
*NEW YORK, NY 10172*

| | |
|---|---|
| Period Beginning: | 07/16/2023 |
| Period Ending: | 07/31/2023 |
| Pay Date: | 07/31/2023 |

Filing Status: Single/Married filing separately
Exemptions/Allowances:
  Federal: Standard Withholding Table

**JONATHAN JASON CHAO**
**30 PILARCITOS CT**
**HILLSBOROUGH CA 94010**

| Earnings | rate | salary/hours | this period | year to date |
|----------|------|--------------|-------------|--------------|
| Regular | 8333.34 | 75.83 | 8,333.34 | 105,384.94 |
| Bonus | | | | 13,550.00 |
| **Gross Pay** | | | **$8,333.34** | 118,934.94 |

| Deductions | Statutory | | |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -1,526.52 | 22,083.48 |
| | Social Security Tax | -517.64 | 7,327.51 |
| | Medicare Tax | -121.06 | 1,713.69 |
| | NY State Income Tax | -488.08 | 7,708.57 |
| | NY Paid Family Leave Ins | | 399.43 |
| | **Other** | | |
| | 401K | -250.00* | 2,500.00 |
| | Cigna | | 780.00 |
| | Dental | | 174.00 |
| | **Net Pay** | **$5,430.04** | |
| | Check1 | -5,430.04 | |
| | **Net Check** | **$0.00** | |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$8,083.34

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Comp | 8,333.34 | |
| Gtl | 15.75 | |
| 401K Match | 250.00 | |
| 401Kew | 8,333.34 | |
| Totl Hrs Worked | 75.83 | |
| 401-K Match | | 250.00 |
| 401Kew | | 118,934.94 |

**Important Notes**
YOUR COMPANY'S PHONE NUMBER IS 212-224-4000

BASIS OF PAY: SALARY

**Additional Tax Withholding Information**
Taxable Marital Status:
  NY:          Single
Exemptions/Allowances:
  NY:          0

© 2000 ADP, Inc.

---

*SMBC CAPITAL MARKETS*
*277 PARK AVENUE -H/R PAYROLL*
*NEW YORK, NY 10172*

| | |
|---|---|
| **Advice number:** | **00000300061** |
| Pay date: | 07/31/2023 |

Deposited to the account of
**JONATHAN JASON CHAO**

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxx3253 | xxxx xxxx | $5,430.04 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

**DECLARATION OF JUSTIN CHAO**

I, Justin Chao declare as follow:

    1.    I am the Debtor's son and do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness, I could and would competently testify to the truthfulness of all the below statements:

    2.    I am familiar with the instant bankruptcy proceeding case 3:15-bk-31519.

    3.    I make this declaration in support of the debtor's Plan of Reorganization.

    4.    Since February 28, 2019 I have been living on my mother's property located at 30 Pilarcitos Ct., Hillsborough, CA 94010 and I along with my brother Jonathan take care of the mortgage payments as well as all the necessary expenses for its maintenance.

    5.    I am willing and able to assist my mother every month commencing on the effective date of the plan towards her plan of reorganization.

    6.    The source of my contribution is my current employment income from Central Peninsula Church where I am Pastor; attached is the proof of my employment income.

    7.    I have the financial ability to continue making it through the duration of the loan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed this 30th day of August, 2023 at Los Angeles, California.

_Justin Chao_
_____
Justin Chao
Declarant

1



## Adv Plus Banking - 1130 : Account Activity

## Transaction details

| | |
|---|---|
| Posting date | **Aug 22, 2023** |
| Description | **CENTRAL PENINSUL DES:Payroll ID:CN10683 388 INDN:JUSTIN CHAO CO ID:XXXXX76613 PPD** |
| Type | **Deposit** |
| Status | **Cleared** |
| Amount | **$2,499.72** |
| Description | **CENTRAL PENINSUL DES:Payroll ID:CN10683 388 INDN:JUSTIN CHAO CO ID:XXXXX76613 PPD** |
| Merchant name | **CENTRAL PENINSUL** |
| Transaction category | **Income: Paychecks/Salary** |



## Adv Plus Banking - 1130 : Account Activity

## Transaction details

| | |
|---|---|
| Posting date | **Aug 7, 2023** |
| Description | CENTRAL PENINSUL DES:Payroll ID:CN10683 388 INDN:JUSTIN CHAO CO ID:XXXXX76613 PPD |
| Type | **Deposit** |
| Status | **Cleared** |
| Amount | **$2,499.73** |
| Description | CENTRAL PENINSUL DES:Payroll ID:CN10683 388 INDN:JUSTIN CHAO CO ID:XXXXX76613 PPD |
| Merchant name | **CENTRAL PENINSUL** |
| Transaction category | **Income: Paychecks/Salary** |

# APPENDIX "A"

1   Gregory P. Campbell (SBN 281732)
    gcampbell@aldridgepite.com
2   Gilbert R. Yabes (SBN 267388)
    gyabes@aldridgepite.com
3   **ALDRIDGE | PITE, LLP**
    4375 Jutland Drive, Suite 200
4   P.O. Box 17933
    San Diego, CA 92177-0933
5   Telephone: (858) 750-7600
    Facsimile:  (619) 590-1385
6
7   Attorneys for: PennyMac Loan Services, LLC. as servicer for PennyMac Corp.

8

9                   **UNITED STATES BANKRUPTCY COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| 11   In re | Case No. 15-31519-DM |
| 12   JINNIE JINHUEI CHANG CHAO, | Chapter 11 |
| 13                        Debtor. | **STIPULATION RE TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| 14 15 | |
| 16 | <u>**SUBJECT PROPERTY**</u>: 30 Pilarcitos Court Hillsborough, California 94010 |
| 17 18 19 | |

20          This Stipulation is entered into by and between PennyMac Loan Services, LLC. as servicer

21  for PennyMac Corp. ("<u>Creditor</u>") by and through its attorneys of record, and Debtor, Jinnie Jinhuei

22  Chang Choa ("<u>Debtor</u>"), by her attorney of record.

23          The property which is the subject of this matter is commonly known as 30 Pilarcitos Court

24  Hilllsborough, California ("<u>Property</u>"), which is more fully described in the Deed of Trust.  (*See*

25  Claim No. 6).

26  /././

27  /././

28  /././

On April 4, 2005, Debtor executed a promissory note (the "<u>Note</u>") in the principal sum of $1,700,000.00. The Note is secured by a Deed of Trust (the "<u>Deed of Trust</u>") granting an interest in the Property. The Deed of Trust reflects that it was duly recorded in the County Recorder's Office. Subsequently, interest in the Note and Deed of Trust was assigned to Creditor. (*See* Claim No. 6).

On December 4, 2015, Debtor commenced the instant bankruptcy case, by filing a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California – San Francisco Division, and was assigned bankruptcy case number 15-31519-DM (the "<u>Bankruptcy Case</u>"). (*See* Dkt. No. 1).

On April 5, 2016, Creditor filed its Proof of Claim listing a secured claim of $1,821,433.95, including pre-petition arrears of $242,033.88. (*See* Claim No. 6-1).

**THE PARTIES STIPULATE AS FOLLOWS:**

1.     Creditor shall have a fully secured claim in the amount of $1,961,560.85 (the "<u>Secured Claim</u>") amortized over thirty (30) years at 4.75% fixed interest per annum in the Debtor's Chapter 11 Plan.

3.     Debtor shall tender monthly principal and interest payments ("<u>Principal and Interest Payments</u>") in the sum of **$10,232.43** to Creditor for the Secured Claim commencing **July 1, 2017**, and continuing on the same day of each month thereafter until the Secured Claim is paid in full.

4.     In addition to Principal and Interest Payments, Debtor shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("<u>Escrow Payments</u>") commencing **July 1, 2017**, subject to change pursuant to the terms of the Subject Loan. Debtor must obtain PennyMac's express written consent if she wishes to de-escrow the account.

6.     Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

**Pre-Confirmation Default**

4.     In the event of a pre-confirmation default under this Stipulation, Creditor may file a Motion for Relief From the Automatic Stay ("<u>Motion for Relief</u>").

5.     In the event Creditor is granted relief from the automatic stay, Debtor agrees to waive

1 | the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

2 |       6.      In the event the Debtor defaults under this Stipulation and Creditor files a Motion for

3 | Relief, Debtor shall be required to pay the reasonable fees and costs associated with filing the

4 | Motion for Relief in order to cure the default.

5 | **Post-Confirmation Default**

6 |       7.      The confirmation order will constitute an order for relief from stay.  However,

7 | Creditor will not take any action to enforce either the pre-confirmation obligation or the obligation

8 | due under this Stipulation/Plan, so long as Debtor is not in default under the terms of the Note and

9 | Deed of Trust, as modified by this Stipulation/Plan.

10 |       8.      In the event of a default, Creditor may: (i) file and serve a motion dismiss the case or

11 | convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the

12 | extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-

13 | confirmation obligation.

14 |       9.      The acceptance by Creditor (and/ or its servicer) of a late or partial payment shall not

15 | act as a waiver of Creditor's right to proceed hereunder.

16 | **Miscellaneous Provisions**

17 |      10.     The Debtor shall (i) file a Chapter 11 Plan that incorporates the terms of this

18 | Stipulation by reference to docket number and/or (ii) the confirmation order shall expressly

19 | incorporate the terms of this Stipulation by reference to docket number.

20 |      11.     The terms of this Stipulation may not be modified, altered, or changed by the Debtor's

21 | Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan

22 | of Reorganization and any confirmed order thereon without Debtor first attempting to seek the

23 | express written consent of Creditor's counsel.  If Creditor's counsel denies Debtor's request to

24 | modify the terms of this Stipulation, Debtor may seek court approval to modify the terms of the

25 | Stipulation after notice to Creditor's counsel and a hearing.  However, Creditor reserves its rights to

26 | object to confirmation of the Debtor's Chapter 11 Plan of Reorganization/submit a timely ballot

27 | rejecting confirmation of the Debtor's Chapter 11 Plan of Reorganization.

28 |      12.     In the event the Debtor's case is dismissed or converted to any other chapter under

Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Creditor shall retain its lien in the full amount due under the Note (i.e., the pre-Stipulation terms).

13. Payments to Creditor will continue past the date Debtor obtains a discharge. However, Creditor's rights against the Subject Property shall not be affected by the entry of a discharge, but shall continue to be governed by the terms of the Note and Deed of Trust, as modified by this Stipulation/Plan.

14. At the request of Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation/Plan.

15. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

16. Creditor shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtor's Chapter 11 case.

17. In the event the Debtor asserts that Creditor has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days after entry of the Order Confirming Debtor's Plan, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in good faith sought to remedy Debtor's grievance during the Meet and Confer Period, Debtor shall not request an award of his/her attorneys' fees and costs nor

1  sanctions as a result of filing said motion.

2       18.    The Parties to this Stipulation waive any and all claims and causes of action, whether

3  known or unknown, they currently have against each other, and their respective agents, parents,

4  affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan,

5  successors and assigns in relation to the Loan and any and all agreements which exist between them

6  regarding or relating to the Loan prior to the date of this Stipulation. This waiver includes Debtor's

7  right to object to Creditor's claim. All Parties to this Stipulation also release each other and their

8  respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent

9  holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date

10  of this Stipulation; and

11       19.    In exchange for the foregoing and after approval of Debtor's Disclosure Statement,

12  Creditor will execute a ballot voting in favor of Debtor's treatment of its Secured Claim under

13  Debtor's Chapter 11 Plan of Reorganization.

14       **IT IS SO STIPULATED:**

15

16  Dated: June 26, 2017        *Onyinye N. Anyama*

               **ONYI N. ANYAMA**

17                 Attorney for Debtor

18

19                 **ALDRIDGE | PITE, LLP**

20  Dated: 6/27/2017

21                 /s/

               **GILBERT R. YABES**

22                 Attorneys for PennyMac Loan Services, LLC. as

               servicer for PennyMac Corp.

23

24

25

26

27

28

Case: 15-31519  Doc# 375  Filed: 06/29/23  Entered: 06/29/23 19:55:16  Page 34 of
38

1  Gregory P. Campbell (SBN 281732)
   gcampbell@aldridgepite.com
2  Gilbert R. Yabes (SBN 267388)
   gyabes@aldridgepite.com
3  **ALDRDGE PITE. LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
6
7  Attorneys for PennyMac Loan Services, LLC. as servicer for PennyMac Corp.

8              **UNITED STATES BANKRUPTCY COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| 10 | In re | Case No. 15-31519-DM |
|----|-------|----------------------|
| 11 | JINNIE JINHUEI CHANG CHAO, | Chapter 11 |
| 12 | | **ORDER ON STIPULATION RE** |
| 13 | Debtor(s). | **TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| 14 | | |
| 15 | | <u>SUBJECT PROPERTY:</u> 30 Pilarcitos Court Hillsborough, California 94010 |
| 16 | | |

17        The parties having agreed to the terms set forth in the Stipulation Re Treatment of Claim

18  under Debtor's Proposed Chapter 11 Plan of Reorganization are bound by the terms of their

19  stipulation.  The Stipulation Re Treatment of Claim under Debtor's Proposed Chapter 11 Plan of

20  Reorganization, filed on June 28, 2017, docket number 129 is hereby approved and made an order of

21  the court.

22                       **\*\*END OF ORDER\*\***

23

24

25

26

27

28

1                         **COURT SERVICE LIST**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gregory P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
Gilbert R. Yabes (SBN 267388)
gyabes@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for PennyMac Loan Services, LLC. as servicer for PennyMac Corp.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 15-31519-DM |
| JINNIE JINHUEI CHANG CHAO, | Chapter 11 |
| Debtor. | **PROOF OF SERVICE** |
| | <u>SUBJECT PROPERTY:</u><br>30 Pilarcitos Court<br>Hillsborough, California 94010 |

I, Marie Begay, declare that:

I am over the age of eighteen years and not a party to this bankruptcy case or adversary proceeding. My business address is: 4375 Jutland Drive, Suite 200, San Diego, California, 92177.

On June 29, 2017, I caused the following documents:

- **Stipulation Re Treatment of Claim under Debtor's Proposed Chapter 11 Plan of Reorganization; and**

- **[Proposed] Order on Stipulation Re Treatment of Claim under Debtor's Proposed Chapter 11 Plan of Reorganization**

to be served in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, and/or via electronic means pursuant to Bankruptcy Local Rule 9013-3(c) as follows:

/././

/././

**JUDGE**
**(via U.S. Mail)**

Judge Dennis Montali
United States Bankruptcy Court
P.O. Box 7341
San Francisco, CA 94120-7341

**DEBTOR**
**(via U.S. Mail)**

Jinnie Jinhuei Chang Chao
50 Sandra Rd
Hillborough, CA 94010

**ATTORNEY FOR DEBTOR**
**(via NEF)**

Onyinye N. Anyama
Anyama Law Firm
18000 Studebaker Rd #700
Cerritos, CA 90703
info@anyamalaw.com

Bruce C. Janke
Law Office of Bruce C. Janke
16965 Roberts Rd. # A
Los Gatos, CA 95032-4556
B_Janke@MSN.com

**U.S. TRUSTEE**
**(via NEF)**

Office of the U.S. Trustee / SF
Barbara A. Matthews
Donna S. Tamanaha
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102
USTPRegion17.SF.ECF@usdoj.gov
barbara.a.matthews@usdoj.gov
Donna.S.Tamanaha@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 29, 2017

/s/ *Marie Begay*
MARIE BEGAY