**United States Bankruptcy Court**
**Northern District of California**


In re:

                                                         Case
                                                 No. 15-31519
                                                 Chapter 11


<u>JINNIE JINHUEI CHANG CHAO</u>

**COMBINED PLAN OF REORGANIZATION**

**AND DISCLOSURE STATEMENT**
**(July 14, 2023)**


**INTRODUCTION**

     This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan).  The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

     Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% of their allowed claims in semiannual payments over 5 years.  Taxes and other priority claims would be paid in full, as shown in Part 3.

     Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan.  Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date].  The court will hold a hearing on confirmation of the Plan on [date] at [time].


     Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.  Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case.  Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly income and expenses.  Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan.  Exhibit 5

Case: 15-31519   Doc# 402   Filed: 04/04/24   Entered: 04/04/24 19:35:53   Page 1 of 22

shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | Select Portfolio Servicing, Inc. Former U.S Bank, National Association | 8108 Penobscot Lane, McKinney Tx |
| 1B | Flagstar Bank, FSB | 701 Braxton Ct, McKinney Tx |
| 1C | Flagstar Bank, FSB | 305 St. Andrews Dr, Pinehurst, NC |
| 1D | Flagstar Bank, FSB | 9 Maverick Place, Pinehurst, NC |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

Case: 15-31519    Doc# 402    Filed: 04/04/24    Entered: 04/04/24 19:35:53    Page 2 of 22

| Class | Name of Creditor | Description of Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|------------------|--------------------------|------------|---------------|-----------------|------|
| 1E | Planet Home Lending, LLC. Former PennyMac Loan Services | 30 Pilarcitos Ct Hillsboroug, CA 94010 | 1,819,000.00 | 4.75% | $10,232.43 | 30 yrs |

As per Stipulation between parties regarding Treatment of Claim under Debtor's proposed Plan (Dkt 129 and 130)

Debtor will pay the entire amount contractually due with interest based on the terms of the stipulation agreement re treatment of claim with PennyMac Loan Services, LLC see attached as **Appendix A.** Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a) Small Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Amount to Pay on Effective Date |
|------------------|-----------------|--------------|-------------------|--------------------------------|
| Lawrence D. Miller | $962.20 | No | $962.20 | $962.20 |
| Menlo Dermatology Medical Group | $97.74 | No | $97.74 | $97.74 |
| Mills-Pennisula Emerg Med, Inc. | $589.00 | No | $589.00 | $589.00 |
| Online Collections | $83.00 | No | $83.00 | $83.00 |
| Saad A Shakir MD Inc. | $193.41 | No | $193.41 | $193.41 |

**This class includes any creditor whose allowed claim is $1,000.00**

or less, and any creditor in Class 2(b) whose allowed claim is larger than $1,000.00 but agrees to reduce its claim to $1,000.00. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $1,000.00.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.

**Class 2(b) General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Semi Annually |
|---|---|---|---|---|
| American Express | $6,305.37 | No | $6,305.37 | $630.48 |
| Bank of America | $10,095.00 | No | $10,095.00 | $1,009.50 |
| Bruce C. Janke | $13,135.66 | No | $13,135.66 | $1,313.52 |
| Chase Card Services | $10,595.00 | No | $10,595.00 | $1,059.48 |
| Chase Card Services | $8,515.00 | No | $8,515.00 | $851.46 |
| Chase Card Services | $6,914.00 | No | $6,914.00 | $699.68 |
| Penninsula Hospital and MI | $4,010.07 | No | $4,010.07 | $400.98 |

Allowed claims of general unsecured creditors not treated as small claims including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan shall be paid as follows:

**Percent Plan.** Creditors will receive 100% percent of their allowed claim in a 5 year period with semi-annual installments, due on the 1st day of the month, starting on the plan effective date.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**Class 2(c) Disputed General Unsecured Claim.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | |
|---|---|---|---|---|
| Ardeshir Salem | $1,156,805.38 | Yes | Disputed | |

The claim of Ardeshir Salem and A. Salem, D.D.S., Inc. (collectively, the Salem Parties) is disputed and will be resolved as follows: The Salem Parties have filed a Proof of Claim as Claim 9-4 for $1,156,805.38. Debtor disputes the validity of the claim and will, no later than the effective date of this Plan, object to Claim 9-4, and any amendments to that claim thereto. Confirmation of the Plan shall not have any res judicata effect as to the amount or validity of Claim 9-4.

Debtor will not make any payments to the disputed claim reserve for Claim 9-4 as provided for in section 7(b). In the event the claim is allowed in any amount; Debtor shall pay the allowed amount of the claim in full within 180 days of a final, non-appealable order allowing the claim. Debtor shall, if necessary, sell three of her out of State properties. Below is a Table of the properties with the current values and balance of Liens on the property:

Jinnie Chang Chao
Property Summary as of August 22, 2023

| Property Address | Current Value | Outstanding Mortgage Balance | Cost of Sale | Sale Tax | Estimated Net Proceeds | |
|---|---|---|---|---|---|---|
| 9 Maverick Place Pinehurst, NC 28374 | $390,000 | $81,000 | $23,400 | $39,000 | $246,600 | * |
| 305 St Andrews Dr., Pinehurst, NC 28374 | $460,000 | $90,000 | $27,600 | $46,000 | $296,400 | |
| 701 Braxton Court McKinney, TX 75071 | $800,000 | $206,000 | $48,000 | $80,000 | $466,000 | * |
| 8108 Penobscot Lane McKinney, TX 75071 | $1,150,000 | $352,000 | $69,000 | $115,000 | $614,000 | * |
| 30 Pilarcitos Court Hillsborough, CA 94010 | $5,150,000 | $1,819,000 | $309,000 | $515,000 | $2,507,000 | |

*Properties to be sold if needed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a)  Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Anyama Law Firm-General Bankruptcy Counsel | See Attached Appendix "B" |
|  |  |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b)  Other Administrative Claims.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| United States Trustee | $250.00 |
|  |  |

(c)  Tax Claims.  Debtor will pay allowed claims entitled to

priority under section 507(a)(8) in full over time with interest
(at the non-bankruptcy statutory interest rate) in equal
amortizing payments in accordance with section 511 of the
Bankruptcy Code.  Payments will be made [monthly/quarterly], due
on the [number] day of the [month/quarter], starting [month &
year].  To the extent amounts owed are determined to be other
than as shown below, appropriate adjustments will be made in the
number of payments.

Priority tax creditors may not take any collection action
against Debtor so long as Debtor is not in material default under
the Plan (defined in Part 6(c)).  **Priority tax claimants are not
entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |

**PART 4:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
(a) <u>Executory Contracts/Unexpired Leases Assumed</u>.  Debtor assumes
the following executory contracts and/or unexpired leases upon
confirmation of this Plan and will perform all pre-confirmation
and post-confirmation obligations thereunder.  Post-confirmation
obligations will be paid as they come due.  Pre-confirmation
arrears will be paid in full on the Effective Date.

| Person whom you have a contract/lease with | Description of Contract/Lease | Lease is for: | Terms of Contract/ Lease | Installment Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>.  Debtor
rejects the following executory contracts and/or unexpired leases

Case: 15-31519   Doc# 402   Filed: 04/04/24   Entered: 04/04/24 19:35:53   Page 7 of
22

and surrenders any interest in the affected property and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| N/A | |
| | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed assumed.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) <u>Discharge</u>. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation

or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b)  Obligations to Each Class Separate.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c)  Material Default Defined.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d)  Remedies Upon Material Default.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e)  Claims not Affected by Plan.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f)  Effect of Conversion to Chapter 7.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent

provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>.  The Effective Date of the Plan is The fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>.  Except as indicated in Section 2, Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  Lawsuits.

    Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|-------------|-----------------|-----------------|-----------------------------------|
| None  |             |                 |                 |                                   |
|       |             |                 |                 |                                   |

(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.


Dated: April 5, 2024

Individual Chapter 11
Combined Plan & Disclosure Statement                    (Version: 7/30/12)

Case: 15-31519   Doc# 402   Filed: 04/04/24   Entered: 04/04/24 19:35:53   Page 11 of 22

_(signature)_

Debtor

/s/Onyinye Anyama

Attorney for Debtor

**Attorney Certification**

I, Onyinye N. Anyama, I am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Part 1 of Plan, Debtor remove the following paragraphs:

- ✓ Debtor to make Regular Payments and Pay Arrears Over Time.

- ✓ Debtor to Strip Lien to Value of Collateral and Pay Over Time.

- ✓ Debtor to Strip Off Lien.

- ✓ Debtor to Adjust Terms and Pay Amount Due in Full Over Time.

- ✓ Property to be Sold.

Page 2, Property to be Surrendered – Remove table and paragraph related to Property to be surrendered.

Page 3, terms of Class 1E, Debtor incorporated the terms of the stipulation and attached the stipulation as Appendix A.

Page 3, Treatment of General Unsecured Creditors-Debtor changed terms from monthly installments to semiannual installments.

Page 4, Debtor incorporated Class 2(c)Disputed General Unsecured Claims.

Page 5, Debtor incorporated a table showing the summary of real property estimated values in support of proposed Plan treatment for Class 2 (c) Creditor.

I declare that the foregoing is true and correct. Executed this 5th day of April 2024.

/s/Onyinye N. Anyama
                                             Attorney for Debtor

Case: 15-31519    Doc# 402    Filed: 04/04/24    Entered: 04/04/24 19:35:53    Page 14 of
                                             22

**Exhibit 1 - Events That Led to Bankruptcy**

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Chao (real estate professional) experienced major decrease in her income. She attempted to reorganize her debt by filing Chapter 13 cases in 2015 pro se. However the case was dismissed since Ms. Chao represented herself and was unsophisticated in bankruptcy matters. Ms. Chao employed the applicant to file her Chapter 11 bankruptcy to reorganize her debt.

Virtually all of the Debtor's assets are encumbered by holders of prior secured claims. The principal assets of the estate are the following properties currently owned by the debtor.

- *8108 Penobscot Ln. McKinney TX,*
- *701 Braxton Ct. McKinney TX,*
- *30 Pilarcitos Ct Hillsborough CA*
- *305 St Andrews Dr. Pinehurst NC*
- *9 Maverick Pl. Pinehurst*

**Appendix A – Stipulation re Plan treatment with PennyMac Loan Services, LLC**

**Re Property:**

- *30 Pilarcitos Ct Hillsborough CA*

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 30 Pilarcitos, Hillsborough, Ca

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 5,150,000.00 | 1st PennyMac $1,819,000.00 | $309,000.00 | $515,000.00 | $0 | $2,507,000.00 |

Real Property #2: 8108 Penobscot Lane, Mckinney Tx

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 1,150,000.00 | 1st U.S Bank, N.A $352,000.00 | $69,000.00, | $115,000.00 | $0 | $614,000.00 |

Real Property #3: 701 Braxton Ct, Mckinney Tx

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 800,000.00 | 1st Flagstar Bank $206,000.00 | $48,000.00 | $80,000.00 | $0 | $466,000.00 |

Real Property #4: 305 St Andrews Dr, Pinehurst, NC

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 460,000.00 | 1st Flagstar Bank $90,000.00 | $27,600.00 | $46,000.00 | $0 | $296,400.00 |

Real Property #5: 9 Maverick Place, Pinehurst, Nc

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 390,000.00 | 1st Flagstar Bank $81,000.00 | $23,400.00 | $39,000.00 | $0 | $246,600.00 |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $20,000.00 | 0 | $20,000.00 | $0.00 |
| Automobile #1-2004 Mazda | $2,800.00 | | $2,800.00 | $0.00 |
| Automobile #2-2007 Cadillac | $7,341.00 | | $7,341.00 | $0.00 |
| Household Furnishings | $1,500.00 | | $1,500.00 | $0.00 |
| Clothes | $1,000.00 | | $1,000.00 | $0.00 |
| Jewelry | 0.00 | | 0.00 | $0.00 |
| Equipment | 0.00 | | 0.00 | $0.00 |
| Accounts Receivable/Earned Commission | $40,000.00 | | $40,000.00 | $0.00 |
| Other Personal Property | | | | $0.00 |
| TOTAL | | | | $0.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $4,130,000.00 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | $0 |
| Chapter 7 Administrative Claims [SUBTRACT] | $5,500.00 |
| Chapter 11 Administrative Claims [SUBTRACT] | $70,000.00 |
| Priority Claims [SUBTRACT] | $0 |
| Chapter 7 Trustee Fees [SUBTRACT] | $5,000.00 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | $5,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $4,044,500.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $1,162,953.30 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

## Exhibit 3 - Monthly Income and Expenses

| Income | Amount |
|---|---|
| Gross Personal Income | $1,743.00 |
| Total Family Contribution | $18,000.00 |

Individual Chapter 11
Combined Plan & Disclosure Statement          (Version: 7/30/12)

Case: 15-31519   Doc# 402   Filed: 04/04/24   Entered: 04/04/24 19:35:53   Page 18 of 22

| | |
|---|---|
| Rental Income | $12,205.83 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $1,671.79 |
| **A. Total Monthly Income** | $33,620.62 |

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Rent | $ 0.00 |
| Home Maintenance/Repair | $ 0.00 |
| Electricity/Gas | $ 115.00 |
| Cell phone/Internet/Cable | $ 150.00 |
| Food and Housekeeping | $ 400.00 |
| Personal Care | $ 100.00 |
| Medical/Dental Expenses | $ 200.00 |
| Transportation | $ 400.00 |
| Entertainment | $ 0.00 |
| Charitable Contributions | $ 80.00 |
| Health Inurance | $ 450.00 |
| Vehicle Insurance | $ 260.00 |
| U.S Trustee Fees | $ 83.33 |
| Rental Expenses | |
| *30 Pilarcitos, Hillsborough, Ca* | |
| 1st Lienholder | $ 10,232.43 |
| Property Insurance | $ 435.16 |
| Property Taxes | $ 1,659.97 |
| Maintenance | $ 100.00 |
| *8108 Penobscot Lane, Mckinney Tx* | |
| 1st Lienholder | $ 3,919.96 |
| Property Insurance | $ Impounded |
| Property Taxes | $ Impounded |
| Maintenance (Property management) | $ 551.20 |
| *701 Braxton Ct, Mckinney Tx* | |
| 1st Lienholder | $ 3,236.29 |
| Property Insurance | $ Impounded |
| Property Taxes | $ Impounded |
| Maintenance (property Management) | $ 395.00 |
| *305 St Andrews Dr, Pinehurst, NC* | |
| 1st Lienholder | $ 1,084.53 |

Individual Chapter 11
Combined Plan & Disclosure Statement

(Version: 7/30/12)

| | | |
|---|---|---|
| Property Insurance | $ | Impounded |
| Property Taxes | $ | Impounded |
| Maintenance (Property management) | $ | 239.45 |
| ***9 Maverick Place, Pinehurst, NC*** | | |
| 1st Lienholder | $ | 935.49 |
| Property Insurance | $ | Impounded |
| Property Taxes | $ | Impounded |
| Maintenance (Property management) | $ | 172.13 |
| **Total Monthly Expenses** | $ | 25,189.93 |

| | |
|---|---|
| **C. Disposable Income** (Line A - Line B) | $8,430.69 |

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $7,000.00 |
| Priority Claims | |
| General Unsecured Creditors (Allowed Claims) | $992.83 |
| [OTHER PLAN PAYMENTS - DESCRIBE] | |
| **D. Total Plan Payments** | $7,992.83 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $437.86 |

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | $21,000.00 | |
|    Payments on Effective Date | | |
|      Unclassified Claims | 0 | |
|      Administrative Expense Claims | $7,000.00 | |
|      Priority Claims | 0 | |
|      Small Claims (Class 2(a)) | 0 | |
|      U.S. Trustee Fees | $250.00 | |
| B. Total Payments on Effective Date | | $7,250.00 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | $13,750.00 |

**The proposed plan has the following risks:**

Debtor has a pending adversary proceeding case at U.S. Bankruptcy Court Northern District of California, captioned *Salem et al v. Chang Chao et al*, No. 3:16-ap-03023 (the "AP Case").

In the case that the adverse party (Salem) success his demand and his claim be allowed claim, the Debtor will sale three of her out of State properties to pay the total allowed claim of Salem.

Debtor has two property managers who manage the Texas and North Carolina properties. Debtor will also obtain a property manager for the Pilarcitos property.

Case: 15-31519    Doc# 402    Filed: 04/04/24    Entered: 04/04/24 19:35:53    Page 21 of 22

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: [*8108 Penobscot Lane, Mckinney Tx*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $5,512.00 | 1st $3,919.96 | $Impounded | $Impounded | $551.20 | $1,040.84 |

Real Property #2 Income: [*305 St Andrews Dr, Pinehurst, NC*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $1,596.33 | 1st $1,084.53 | $ Impounded | $ Impounded | $239.45 | $272.35 |

Real Property #3 Income: [*9 Maverick Place, Pinehurst, NC*]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $1,147.50 | 1st $935.49 | $ Impounded | $ Impounded | $172.13 | $39.89 |

Real Property #4 Income: [701 Braxton Ct, Mckinney Tx]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $3,950.00 | 1st$3,236.29 | $ Impounded | $Impounded | $395.00 | $318.71 |

| A. Total Positive Cash Flow | $1,671.79 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | | | | | |

| B. Total Negative Cash Flow | |
|---|---|