**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**



FILED

OCT 07 2025

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**In re:**
Jinnie Jinhuei Chang Chao, Debtor

**Adversary Proceeding No. 16-03023**
**Case No. 15-31519**

---

## MOTION TO DENY AND STRIKE FEE REQUEST BASED ON MISCONDUCT AND FALSE INFORMATION REPORTED BY THE OPPOSING PARTY DISPLAYED ON THEIR MOTION PAPER FILED 9/19/2025

To the Honorable Judge of the United States Bankruptcy Court:

I, **Jinnie Jinhuei Chang Chao**, submit this motion requesting the Court to **deny and strike in its entirety** the fee motion filed by my former counsel on **September 19, 2025**, on the grounds of **fabrication, concealment, fraud, breach of fiduciary duty, and unauthorized conduct** that undermine the integrity of these proceedings and the judicial system itself.

---

## I. Introduction

After a thorough and careful review of the 85-page motion and its exhibits, it is now evident that the request for fees is not supported by lawful conduct or factual truth. Rather, it is the direct product of **intentional deceit, falsified narratives, and a coordinated scheme** to conceal actions taken **without my knowledge, consent, or authorization** — many of which occurred **after I was excluded from my own trial proceedings on the second day of trial.**

---

## II. Pattern of Misconduct and Fabrication

1. **Unauthorized Exclusion and Secret Negotiations:** My counsel and opposing counsel coordinated behind closed doors and deliberately excluded me from critical trial events starting April 1–2, 2025. They then proceeded to negotiate terms that went far beyond the scope of the adversary proceeding — including my unrelated state-court judgment — without notice or approval.

2. **Fabricated Agreements (Exhibits G & H):** Documents presented as "mutual agreements" were prepared and signed by opposing parties **before I was ever notified,** then rushed to me for a single "click signature" under the false pretense of merely closing

the AP case. These documents incorporated unauthorized provisions and referenced appendices and stipulations I never saw or approved.

3. **False Representations to Two Courts:** My counsel filed or relied upon documents in **two separate courts** containing statements and representations that were never authorized or accurate, including orders dated **May 1, May 14, May 22, and May 24, 2025**, which I had no knowledge of prior to their appearance in the record.

4. **Breach of Fiduciary Duty and Privilege:** Confidential and privileged information was shared with opposing counsel and third parties without my authorization. Unauthorized contact with previous attorneys and discussions about waiving my judgment were conducted secretly.

5. **Concealment of Billing and Fraudulent Charges:** No bills were presented to me after December 2024, yet six-figure invoices suddenly appeared **months after the case was closed**. Many charges reflect activities never disclosed, never authorized, and never approved by the Court, in violation of both ethical obligations and bankruptcy court billing requirements.

6. **Financial Exploitation and Coercion:** The motion repeatedly claims my counsel "believed" I could pay and "believed" I would pay — using my age, health, and personal circumstances as leverage to pressure compliance. These statements were false and manipulative.

7. **Intent to Defraud and Misuse of the Judicial System:** The pattern of conduct — including fabricating documents, forging agreements, hiding evidence, and misrepresenting facts to this Court — constitutes a serious misuse of the judicial process. The fee request is built entirely upon this foundation of misconduct.

## III. Request for Relief

Given the overwhelming evidence of misconduct, concealment, and bad faith outlined above and supported by attached exhibits, I respectfully request that this Court:

- **DENY and STRIKE** the September 19, 2025 fee motion in its entirety;
- **BAR** any attempt by the firm to pursue collection of these fees in any other forum; and
- **REFER** this matter for further judicial investigation as deemed appropriate.

## IV. Cooperation with Court

I will cooperate fully with any investigation the Court chooses to initiate and provide all documentation, emails, and evidence in my possession that further substantiate these findings.

**Respectfully submitted,**
**Date:** October 7, 2025

_Jinnie Jinhuei Chang Chao_ (signature)

**Jinnie Jinhuei Chang Chao**
Debtor and Defendant, Pro Se

. **Exhibit A** – September 19, 2025 Motion and 85 pages of exhibits (includes Exhibits G and H)

MILLER NASH LLP
Bernie Kornberg, Bar No. 252006
bernie.kornberg@millernash.com
Brianna J. Morrison, OSB Bar No. 222885 (*Pro Hac*)
brianna.morrison@millernash.com
340 Golden Shore, Ste 450
Long Beach, CA 90802
Telephone:      562.435.8002
Facsimile:      562.435.7967

Attorneys for Miller Nash LLP

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-31519 |
| JINNIE JINHUEI CHANG CHAO, | Chapter 11 |
| Debtor. | Adv No. 16-03023<br>**(Consolidated with Objection to Claim 9-4)** |
| ARDESHIR SALEM *et al*,<br><br>Plaintiffs,<br><br>vs.<br><br>JINNIE JINHUEI CHANG CHAO,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIMS | **DECLARATION OF BERNARD KORNBERG IN SUPPORT OF MOTION TO DETERMINE ATTORNEYS' FEES AND COSTS OWED TO MILLER NASH LLP**<br><br>Date: October 17, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>Judge: Hon. Dennis Montali |

I, Bernard Kornberg, state and declare as follows:

     1.    I am a partner at Miller Nash LLP (the "Firm"). I make this declaration based on my own personal and first-hand knowledge.

     2.    The Firm previously represented Jinnie Jinhuei Chang Chao ("Debtor") in the litigation between Debtor, one hand, and Ardeshir Salem ("Dr. Salem") and A. Salem, D.D.S., Inc. (the "Dental Practice," and together with Dr. Salem, the "Salem Parties"), on the other. At all times, I was principal counsel for Debtor for the Firm.

     3.    To the extent it is relevant to this motion, this declaration also constitutes a

certification under Paragraph 8 of the Guidelines for Compensation and Expense Reimbursement of Professional and Trustees of the United States Bankruptcy Court for the Northern District of California.

4. I initially represented the Debtor at my prior firm, Practus, LLP. As Debtor was still pre-confirmation, I had my employment approved by the Court. The Court then approved fees and costs of $22,775.98 in its entirety. These fees were applied to the $25,000 advance fee deposit given by Debtor to Practus, LLP. The remainder of the $25,000 deposit made to Practus, LLP was applied to post-effective date fees incurred at Practus, LLP and was entirely exhausted. Kornberg Additional fees beyond this $25,000 were incurred by Debtor to Practus, LLP.

5. On June 17, 2024, I joined the Firm as a Partner. Debtor requested that I continue my engagement with her at my new firm. I explained to her that the terms of the engagement would have to be on those agreeable to the Firm and she agreed to enter into a new engagement agreement and provide a new retainer of $25,000.

6. Attached as Exhibit A is the July 1, 2024 Engagement Agreement (the "Engagement Agreement" between Debtor and the Firm.

7. Debtor paid all fees and costs invoiced to her through the December 2, 2024 invoice. Since that date, the Debtor has made no payments to the Firm, despite accruing significant fees and costs.

8. The Firm seeks an order that it is entitled to payment of attorneys' fees in the amount of $163,630.00, costs in the amount of $29,265.33, and interest of $6,296.30, for a total of $199,191.63.

9. The Firm continued to represent Debtor after December 2024 because (i) Debtor represented that she had the means to pay and that she would do so; (ii) Debtor explained that a change of email addresses caused her not to receive the invoices from December; and (iii) the fact that the trial was initially scheduled for February 24, and thus by the date the first invoice became overdue, Debtor was only a single payment behind, and the Firm did not believe it could ethically withdraw from the representation on the eve of trial under the applicable rules of professional conduct.

10.    The basis for the requested fees and costs is set forth below.

11.    A detailed itemization of the fees incurred by Debtor in her entire engagement with the Firm are attached as <u>Exhibit B</u>.  The fees requested in the Motion are true, correct and accurate for professional services rendered by the Firm as counsel for Debtor.  As set forth in <u>Exhibit B</u>, Debtor incurred, after discounts, $166,820.00 in fees for the services performed by the Firm.

12.    All fees and costs sought by the Firm were incurred after May 10, 2024, the effective date of Debtor's Chapter 11 plan and the date the estate revested in Debtor.

13.    The work performed by the Firm for Debtor was entirely incurred in the litigation between Debtor and the Salem Parties and can be categorized in the following stages. The fees listed in this section include all fees incurred by Debtor, regardless of whether previously paid or otherwise.

14.    **General - $10,505.00:** These represent general litigation activities required to prepare Debtor's case for settlement or trial and are not otherwise described in this motion. Because the case was at an advanced stage when I moved to the Firm, most of the activities in this category were communicating with the client, the retained forensic expert, and reviewing discovery to determine what additional depositions were necessary.

15.    **Deposition of Salem Parties - $6,710.00:** On January 15, 2025, counsel took the deposition of the Salem Parties through the deposition of Ardeshir Salem. This deposition was scheduled in advance of the mediation for purposes of assessing liability if the case went to trial. The fees were incurred for the preparation and taking of the deposition.

16.    **Mediation - $8,525.00:** On January 31, 2025, the Firm attended an all-day mediation at JAMS before the Honorable Wynne S. Carvill. Fees were incurred for the preparation of the mediation brief and attending the mediation. At the mediation, Debtor rejected the mediation offer of the Salem Parties. Before doing so, the Firm informed Plaintiff that if the matter went to trial, the fees incurred would exceed $100,000 and that the Firm intended to bring in a skilled bankruptcy litigation associate from Portland to assist with the trial. Debtor stated that she was prepared to pay those fees and had the means to pay them.

17.    **Pre-Trial Preparation - $107,753.00:** The fees incurred here were between

1     February 2, 2025, the day after the mediation, and March 30, 2025, the day before trial. These fees

2     were incurred in the intense preparation for trial.

3          18.     The bulk of this time was reviewing, compiling, and preparing for introduction at

4     trial, the voluminous discovery in the Firm's possession. This includes discovery served by Debtor

5     in state court before she filed for bankruptcy, the discovery received by Debtor as part of her

6     criminal case, and the discovery produced in Debtor's adversary proceeding before this Court.

7     This discovery included (i) tens of thousands of pages of bank statements and copies of thousands

8     of checks for the Salem Parties; (ii) deposition transcripts of Debtor, the Salem Parties, and

9     Darrow Chu and Deepa Subramaniam, third-party witnesses scheduled to be called at trial; (iii)

10     more than 20 witness interviews by various law enforcement agencies, including several hour-long

11     interviews of the Debtor; (iv) forensic accounting reports from the criminal case against Debtor;

12     and (v) thousands of additional documents. In depth review of these documents was not performed

13     until trial as it was not deemed necessary to prepare the case for a potential settlement.

14          19.     Extensive review of this evidence was necessary due to the nature of the trial. The

15     Salem Parties had accused the Debtor, who was acting as office manager during the relevant time

16     period, of embezzling more than one million dollars from the Dental Practice. At the same time,

17     Debtor admitted at trial to writing hundreds of thousands of dollars worth of checks for her own

18     benefit from the Dental Practices funds. There was no written evidence from Dr. Salem providing,

19     or denying, her authorization to do so. Thus the case would turn on credibility determinations by

20     the Court that Debtor was telling the truth regarding her authorization and that Dr. Salem was

21     testifying falsely regarding her lack of authority. This strategy ultimately resulted in Dr. Salem's

22     testimony being proven false during impeachment during the second day of trial, leading to the

23     settlement of the case without any payment by the Debtor.

24          20.     Further fees and costs were incurred in preparing the necessary pre-trial brief, the

25     motions in limine, preparing the Debtor for her trial examination, and other necessary trial

26     preparation.

27          21.     **Trial - $26,741.00**: These fees were incurred during the two days of trial, March 31

28     and April 1, by Bernie Kornberg and Brianna Morrison, along with minor other support work by

1 | Brett Palmer remotely. These fees are reasonable given the demands on attorney time during trial.

2 |      22.    **Post-Trial Settlement: $6,498.50**: These are the fees and costs in accounting the

3 | settlement to the Court and appearing at the post-trial hearing, preparing the settlement agreement,

4 | and effecting the settlement in the bankruptcy court and state court proceeding.

5 |      23.    A detailed itemization of the costs incurred by Debtor in her entire engagement

6 | with the Firm are attached as <u>Exhibit C</u>. The costs requested in the Motion are true, correct and

7 | accurate for costs incurred by the Firm as counsel for Debtor. As set forth in <u>Exhibit C</u>, Debtor

8 | incurred, after discounts, $69,265.33 in costs which were advanced to her by the Firm under the

9 | Engagement Agreement.

10 |      24.    A detailed payment history for Debtor's matter with the Firm is attached as <u>Exhibit</u>

11 | <u>D</u>. This payment history shows that Debtor has paid $43,190.00 to the Firm, including the

12 | application of her $25,000 retainer. The Firm applies payments as they are made, first to

13 | outstanding costs, then to fees. $3,190 of these payments were applied to fees, with the remaining

14 | $40,000 applied to costs.

15 |      25.    Accordingly, after subtracting payments made, the total amount owed by Debtor to

16 | Firm is fees of $163,630.00 and costs of $29,265.33.

17 |      26.    Attached as <u>Exhibit E</u> to this declaration are all invoices sent to Debtor by the Firm

18 | with an unpaid balance, in reverse order.

19 |      27.    Pursuant to section 2 of the Engagement Agreement, the Firm may charge interest

20 | at 9% per annum to any statement or invoice not paid after 30 days. The Firm seeks to charge the

21 | interest allowed under the Engagement Agreement, which amounts to $6,296.30 as of October 17,

22 | 2019.

23 |      28.    The compensation requested was billed at rates which were at a discount from the

24 | Firm's full rates. For example,

25 |      29.    The Engagement Agreement—which contains a number of standard terms for a law

26 | firm engagement—provided for a rate of $550 an hour for Bernie Kornberg, discounted from his

27 | standard rate of $645 an hour (which was increased to $695 an hour in 2025), to reflect the hourly

28 | rate Debtor received from him at Practus, LLP.

30. This rate is highly favorable to Debtor. Our firm employs a Director of Pricing & Financial Analytics who, as part of his duties, surveys the rates charged by other firms of the same size and expertise as the Firm. My regular rate, and those charged by other attorneys of the Firm, thus represent the Firm's view of the market rate of the services provided. While it is not uncommon for a client to receive a small discount off the Firm's standard rate, a discount of over $150 an hour from the regular rate is highly uncommon.

31. Since 2009, I have practiced as a litigator and bankruptcy specialist. I regularly practice on the creditor side, in the areas of commercial and consumer lending. However, I also handle all types of litigation insolvency bankruptcy issues. In this role, I have handled litigation of all types of matters, including numerous nondischargability and fraud actions, both for the plaintiff and defendant, in Bankruptcy, District, and State courts within California, along with outside the state. I am regularly retained by sophisticated clients to handle their matters, and the work I perform reflects my skill and expertise.

32. I have handled numerous adversary proceedings in the areas of insolvency and commercial litigation and appeared before this Court numerous times. I am the prevailing attorney of record in three published appellate decisions arising out of bankruptcy matters: *In re Turner*, 859 F.3d 1145 (9th Cir. 2017) (denying the standing of a third-party to challenge a loan sale), *In re Goldstein*, 526 B.R. 13 (B.A.P. 9th Cir. 2015) (determining when claims vest as property of the bankruptcy estate), and *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775 (N.D. Cal. 2016) (deciding the res judicata effect of a confirmed plan).

33. Based on this history, the rate of $550 an hour charged to Debtor is below market and well within the range an attorney may reasonably charge a client under the California Rules of Professional Conduct.

34. The associate who assisted with this case upon Debtor's decision to proceed with trial, Brianna Morrison, is also well qualified. Ms. Morrison has been an attorney since 2020 and, since then, has specialized in the practice of bankruptcy law. She has significant experience with bankruptcy litigation, and thus I requested that she assist me with this matter as our firm does not have any bankruptcy specific attorneys within California. Debtor expressly agreed for Ms.

MOTION TO DETERMINE ATTORNEYS' FEES AND COSTS OWED TO MILLER NASH LLP

4912-7310-6794.2

1 Morrison to assist me on this case. As such, her rate of $455 is well within the range an attorney
2 may reasonably charge a client under the California Rules of Professional Conduct.

3     35.     Additional help by timekeepers were provided in this matter as set forth in <u>Exhibit</u>
4 <u>B</u>. The fees charged by each timekeeper are equally reasonable and represent a small portion of
5 the total amounts charged.

6     36.     Debtor was fully aware that she would be required to pay the Firm's fees for
7 representing her in the litigation with Ardeshir Salem ("Dr. Salem") and A. Salem, D.D.S., Inc.
8 (the "Dental Practice," and together with Dr. Salem, the "Salem Parties").

9     37.     At the mediation held on January 31, 2025, I, as part of my analysis regarding
10 whether to take the settlement offer, orally informed Debtor that she would incur fees in excess of
11 $100,000 to proceed through trial, not including fees that she already had incurred and owed the
12 firm.

13     38.     I further advised Debtor that a settlement would cost less than the legal fees she
14 would incur at trial.

15     39.     Debtor stated that she was willing to pay the Firm's fees rather than settle, and that
16 she had the means for immediate payment of them. Debtor did not ask for any further estimates of
17 costs. Indeed, when the I raised with Debtor the issue of the fees and costs associated with trial to
18 ensure that Debtor understood the consequences of rejecting settlement, Debtor asserted that she
19 did not want to discuss settlement further and that she was willing to pay for trial.

20     40.     Debtor had just confirmed a plan where she stated that she owned real properties
21 with collective equity of over $4,000,000 and that those funds could be used to pay her creditors.
22 Thus, I had reason to believe that the Debtor could afford the defense she asked the Firm to
23 provide her, and that she intended to do so.

24     41.     Upon sending Debtor the June 11, 2025 invoice attached to <u>Exhibit E</u>, the Debtor
25 initially sent an email asking for a payment schedule. In response, I stated we would considere
26 one and asked for terms. Debtor since then has refused to respond to any email, call, or text,
27 despite being nearly immediately responsive to any such communication during the litigation.
28 Instead, she has only responded through the filings with the Court referenced in this motion.

42.     On July 11, 2025, I, on behalf of the Firm, sent the Debtor the letter attached as Exhibit F. I included with the letter a Notice of Client's Right to Fee Arbitration required under California and Professions Code section 6200 et seq.

43.     Debtor did not respond to the July 11 Fee Letter or otherwise request mandatory fee arbitration within the 30-day period provided by the State Bar Rules. Instead, Debtor filed an additional request for the Court to adjudicate the fee dispute.

44.     As to Debtor's claim that the Firm settled her claims without her permission, the communications between counsel and Debtor bely this claim.

45.     In this case, the settlement negotiations occurred after the end of the second day of trial on April 1, 2025.

46.     The Salem Parties conveyed an offer to release the claims against Debtor for payment of a sum certain and a complete release of claims against the Salem Parties, including Debtor's judgment against the Dental Practice.

47.     This offer was conveyed by the Firm to Debtor and, in plain English, it was explained that this settlement would result in her giving up her judgment as to the Dental Practice. This was observed by both of Debtor's counsel, me and Brianna Morrison of the Firm, and David Golbahar, the consulting forensic account at trial.

48.     Ultimately, a revised offer was made that same night by the Salem Parties that did not include a requirement for payment of funds.

49.     This offer was discussed with Debtor via the phone.

50.     Debtor stated that she would have to consider it and that she wanted to consult with Ethan Balough, her counsel in her criminal case regarding Plaintiffs, and her adult sons.

4912-7310-6794.2

51. Debtor then sent Bernie Kornberg the following series of texts.



52. After receiving this text, I called Debtor, who confirmed the settlement terms, including the release of the Dental Practice. Later that night, I also spoke to Ethan Balough, who also confirmed the scope of the settlement.

53. Afterwards, the parties memorialized the settlement in the written Settlement Agreement dated April 11, 2025 (the "Settlement Agreement"). Aside from the mutual release, the Settlement Agreement expressly calls for dismissal of the state court action out of which the judgment arises and satisfaction of the judgment. Debtor electronic signed the Settlement Agreement via DocuSign. A copy of the Settlement Agreement (which is publicly available) is attached as Exhibit G. A copy of the DocuSign Certificate for Debtor is attached as Exhibit H.

54.     No payments have been previously made or promised to the Firm for services rendered or to be rendered in any capacity whatsoever in connection with the case.

55.     No agreement or understanding exists between the Firm and any other person or entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 19, 2025

/s/ Bernard J. Kornberg
Bernard Kornberg

# EXHIBIT A

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



Bernie Kornberg
bernie.kornberg@millernash.com
562.247.7622 (direct)

July 1, 2024

**VIA EMAIL: NEWJCHAO@GMAIL.COM**

Jinnie Chao
30 Pilarcitos Court
Hillsborough, CA 94010

Subject:        Agreement for Legal Services

Dear Jinnie:

Thank you for asking Miller Nash LLP to provide legal services to you. This letter confirms the scope of our engagement as counsel and provides information about our fees, billing information, and other terms that will govern our relationship for this matter and any additional matters that we agree to handle on your behalf. If the terms below are acceptable, we ask that you return a signed copy of this letter to us. A copy by email is fine.

**1.**        **Client; Scope of Representation.**

Our client in this matter will be you individually. We will represent you in the matter of A. Salem D.D.S., Inc. et al. v. Jinnie Chao, currently pending in the United States Bankruptcy Court for the Northern District of California, Case No. 16-3023. We will also represent you in the case of A. Salem D.D.S., Inc. et al. v. Jinnie Chao, currently pending in the Superior Court of Santa Clara County, Case No. 12-cv-217465.

Although our engagement currently includes only the services above, at your request we would be happy to discuss the possibility of providing additional specific legal services.

Unless otherwise agreed in writing, our engagement does not include providing any advice or legal services relating to federal, state, or local tax or securities laws. We expect that you will rely on its outside accountants or bookkeeper for tax advice.

We may provide legal advice that affects a business decision, but the services we provide are legal services. The business decisions are yours.

California
Oregon
Washington
**MILLERNASH.COM**

340 Golden Shore, Ste 450 | Long Beach, CA 90802

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



### 2.    Fees and Expenses.

I will have primary responsibility to see that your legal needs are met. Other lawyers in the firm, as well as paralegals, will be part of the team helping with the work.

Our fees are based on the billing rate for each attorney and paralegal devoting time to your matters. Clients occasionally ask us to estimate the amount of fees and costs likely to be charged in a particular matter. These estimates are not guaranteed maximum amounts. The time and effort required will vary from situation to situation. This is especially true in matters involving negotiation, in which factors not within our control often affect the fee.

Our standard billing rates for attorneys currently range from $390 per hour to $875 per hour, based on experience level and practice area. My rate is $645 per hour but will be billing at a discount in the amount of $550 per hour and the attorneys likely to assist with the work described above have rates of $390 and $875 per hour, respectively. Time devoted by paralegals is charged at billing rates ranging from $265 to $360 per hour. These billing rates may be adjusted annually.

We will send you monthly statements describing the work done and expenses incurred through the previous month. Expenses are charged to you at cost; we do not add an administrative fee. If a statement is not paid within 30 days, we may suspend performing services until arrangements satisfactory to us have been made for payment of outstanding and future charges and may charge 9 percent per annum interest on overdue amounts from the invoice date.

Fees and expenses of others you approve of our retaining (such as experts, investigators, consultants, e-discovery vendors, and appraisers) generally will not be paid by us but will be billed directly to you. You will likely need electronic data processing and storage if this matter involves litigation or prospective litigation. Your costs for electronic data processing and storage—and whether those services are provided by the firm or a vendor—may increase or change depending on the volume and types of data involved and the needs of the case.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



If a trial, arbitration, mediation, or hearing date is set, we may require you to pay any outstanding amounts owing us and to deposit with us the attorney fees we estimate will be incurred in preparing for and completing that proceeding, as well as any administrative fees likely to be assessed. If you fail to pay as requested, we have the right to withdraw from representing you.

If at any time you have a question about our fees, please let us know. We want our charges to represent the fair value of our services to our clients.

**Advance Fee Deposit as Security.** In connection with this matter, we request an advance fee deposit in the amount of $25,000. Our representation will begin only after we receive these funds, which will remain in our client trust account for the duration of our representation. The funds may be used to satisfy any overdue statements for our work. If we do that, we may discontinue work until you replenish the deposit to the original amount.

You may send payment of your deposit by check or wire transfer. Checks should be sent to Accounting Department, Attention: Trust, at 1140 SW Washington St, Ste 700, Portland, OR 97205. We will provide wire transfer instructions upon request.

**3.      Responsibilities.**

Effective legal representation requires that you accept certain responsibilities. We expect that you will:

- be candid and cooperative with us and keep us informed with complete and accurate factual information, documents, and other communications relevant to our representation;

- allow reasonable time for us to prepare agreements, complete filings, and otherwise conduct our work; and

- inform us of any changes in contact information, including address, telephone number, and email address.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



We may express views or beliefs about possible strategies and expected results. These statements are intended to be an expression of opinion only, based on information available to us at the time, and not a promise or guarantee.

**4.      Communications.**

Our communications on this engagement will be with you or with others identified to us in writing as authorized contacts.

We will use Internet-based services, such as email, to communicate with you. These services involve some risk that third parties may hack into or otherwise intercept confidential communications, but we believe that the benefits outweigh the risk of accidental disclosure. We recommend that you avoid using computers or other communications tools owned, controlled, or accessible by others, such as your employer, public Wi-Fi networks, cloud storage, or shared home or office computers. Use of any computer, device, or account that is accessible by others increases the risk of hacking and could result in loss of the attorney-client privilege. Any device you use should be password-protected.

If you would like our email communications to be encrypted, we will work with you to establish encryption protocols.

**5.      Conflict-of-Interest Issues/Advance Conflict Waiver.**

Some of our present or future clients may ask us to advise them with respect to matters in which those clients' interests are actually or potentially adverse to yours. For example, our present or future clients may ask us to advise them with respect to contracts (including bank loans) to which you are a party, disputes with you (including representing them in contentious arbitration and litigation matters adverse to you), and bankruptcy or receivership matters in which those other clients' interests are adverse to yours. Additionally, it is possible that while representing you in matters adverse to other parties, those adverse parties may ask the firm to represent them in matters unrelated to our work for you.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



*By engaging us, you are giving us permission to concurrently represent other clients in matters that are not substantially related to our work for you, even though in some cases the interests of those other clients may be directly adverse to or competitive with your interests.*

***This section is sometimes known as an "advance conflict waiver."*** In consenting to this advance waiver, you should consider whether there is any significant risk (a) that any confidences or secrets furnished to the firm could be used adversely to you, or (b) that the firm will be less zealous or eager in representing you because of the other representation. We believe any risk in these respects is minimal, and the firm would not undertake representation of another client adverse to you if it believed that there was a significant risk that the firm's representation of the other client would be materially limited by its responsibilities to you, but you should evaluate for yourself the material risks of consenting to this advance waiver before retaining us as counsel. By signing this engagement letter (or, if we don't receive a signed copy of this engagement letter, by directing us to perform work for you), we will understand that you consent to this advance waiver.

If for any reason this advance waiver is not effective in specific circumstances, you agree to (a) consent to the firm's resignation from its representation of you and (b) support a motion (if filed by us) to withdraw from our representation of you if resignation at that time is otherwise permissible under the applicable professional rules.

We recommend that you obtain independent legal advice to determine whether to consent to this advance waiver. Whether to seek that advice is up to you.

6.      **Consent to In-House Attorney-Client Privilege.**

Sometimes we need to get our own legal advice about our duties to our clients or our handling of a matter. We then confer with an attorney (typically within the firm) who is responsible for providing us with legal advice on these questions. You are not charged for this advice.

In some jurisdictions, this in-house consultation may not be protected by attorney-client privilege. By engaging us, you consent to our consulting with our firm's counsel (either in-house

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



or outside) on a privileged basis and confirm that our contemporaneous representation of you will not waive, limit, or invalidate the privileged nature of the consultation.

### 7.   Conclusion of Representation.

You have the right to terminate our services for any reason at any time. We request that if you do so, you notify us in writing to avoid any confusion.

In some circumstances, and subject to the applicable professional rules, we may find it necessary or appropriate to withdraw from representing you. We will give you prompt notice of withdrawal in writing and will take steps that are reasonably practicable to protect your interests.

Unless previously terminated, our representation on any specific matter will conclude when we send our final statement for services rendered in the matter. After our representation of you in any specific matter is concluded, we will provide advice as to future legal developments affecting the matter only if you specifically engage us to do so. In the event that firm attorneys have performed no work on your behalf for a period of one year, you agree that our attorney-client relationship is terminated as of the last date firm attorneys performed legal services on your behalf, unless otherwise agreed in writing.

Termination of our services or withdrawal from representation does not affect your obligation to pay for legal services and expenses incurred up to the time of termination.

### 8.   Return and Disposition of Documents.

At your request, any papers and property you have provided to us will be returned promptly upon receipt of payment for outstanding fees and costs. You may also obtain copies of your "external" files (e.g., external correspondence and emails) at our cost of retrieval and duplication, so long as we still retain them. "Internal" files (e.g., internal firm emails, memos prepared for our own use, and firm administrative records) are the property of the firm. For various reasons, including reducing unnecessary storage expenses, we typically destroy or

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



otherwise dispose of any documents or other materials retained within a reasonable time after the representation ends without further notice to you.

**9.      Sign and Return.**

Let me know if you have any questions about our engagement terms. If this letter is acceptable, we ask that you sign and return it to us for our file. Sending a scanned copy by email is fine. While we'd prefer to have a signed copy of this letter, if we don't receive it but we proceed with your work at your request, we will consider ourselves engaged on the terms of this letter.

We are pleased to have this opportunity to work with you. Contact me at any time if you have questions or comments about our work.

Very truly yours,

*Bernie Kornberg*

Bernie Kornberg

ACKNOWLEDGED AND AGREED:

DocuSigned by:

*Jinnie Chao*

DOCPP323334248A

Jinnie Chao

Please provide contact(s) and email address(es) for appropriate billing distribution.

Contact Name: Jinnie Chao                    Email Address: newjchao@gmail.com

Contact Name: _____            Email Address: _____

4888-5586-8621.2

# EXHIBIT B

ATTORNEYS' FEES INCURRED BY JINNIE CHAO

| Date | Date | Timekeeper | Hours | Rate | Amount | Project Narrative Category |
|---|---|---|---|---|---|---|
| 7/18/2024 | 7/18/2024 | Kornberg, Bernie | 0.1 | $550 | $55.00 | General Communicate with client regarding status of retainer |
| 7/23/2024 | 7/23/2024 | Kornberg, Bernie | 0.6 | $550 | $330.00 | General Call with plaintiff's counsel regarding status conference and mediation (.3); draft joint status conference statement (.3) |
| 7/26/2024 | 7/26/2024 | Kornberg, Bernie | 0.5 | $550 | $275.00 | General Attend status conference hearing |
| 8/1/2024 | 8/1/2024 | Kornberg, Bernie | 0.2 | $550 | $110.00 | General Communicate with client regarding result of status conference |
| 8/7/2024 | 8/7/2024 | Kornberg, Bernie | 0.8 | $550 | $440.00 | General Review and revise proposed trial scheduling order (.3); communicate with Amanino regarding engagement agreement (.2); review Amanino engagement agreement (.3) |
| 8/12/2024 | 8/12/2024 | Kornberg, Bernie | 0.3 | $550 | $165.00 | General Communicate with court regarding proposed scheduling order (.2); communicate with Amanino regarding documents necessary to pay retainer (.1) |
| 8/20/2024 | 8/20/2024 | Kornberg, Bernie | 0.4 | $550 | $220.00 | General Review scheduling order (.2); send to client with comments (.1) communicate with accounting expert regarding start of work (.1) |
| 8/27/2024 | 8/27/2024 | Kornberg, Bernie | 1.0 | $550 | $550.00 | General Initial call with forensic accountant to discuss project |
| 8/29/2024 | 8/29/2024 | Kornberg, Bernie | 1.6 | $550 | $880.00 | General Prepare financial documents for review by expert and transmitted with comments |
| 9/18/2024 | 9/18/2024 | Kornberg, Bernie | 0.2 | $550 | $110.00 | General Call with expert on status of review |
| 9/26/2024 | 9/26/2024 | Kornberg, Bernie | 0.1 | $550 | $55.00 | General Communicate with expert regarding status of review |
| 10/1/2024 | 10/1/2024 | Kornberg, Bernie | 0.3 | $550 | $165.00 | General Call with accountant regarding additional documents needed for review (.2); communicate with Ethan Balogh regarding locating documents (.1) |
| 10/14/2024 | 10/14/2024 | Kornberg, Bernie | 0.5 | $550 | $275.00 | General Call with Amanino regarding status of accounting report |
| 10/15/2024 | 10/15/2024 | Kornberg, Bernie | 1.0 | $550 | $550.00 | General Draft subpoena on forensic accountant and United States Attorney General |
| 10/16/2024 | 10/16/2024 | Kornberg, Bernie | 0.2 | $550 | $110.00 | General Call with expert regarding updated status of review |
| 10/31/2024 | 10/31/2024 | Kornberg, Bernie | 0.4 | $550 | $220.00 | General Call with client to discuss accounting issues |
| 11/8/2024 | 11/8/2024 | Kornberg, Bernie | 0.7 | $550 | $385.00 | General Review discovery and send to client with comments on items to review |
| 11/13/2024 | 11/13/2024 | Kornberg, Bernie | 0.4 | $550 | $220.00 | General Call with accounting expert to discuss review of case and next steps |
| 11/21/2024 | 11/21/2024 | Kornberg, Bernie | 0.1 | $550 | $55.00 | General Communicate with client regarding status of review of documents |
| 11/25/2024 | 11/25/2024 | Kornberg, Bernie | 0.2 | $550 | $110.00 | General Email to Salem's counsel regarding scheduling of deposition and mediation |
| 12/23/2024 | 12/23/2024 | Kornberg, Bernie | 0.4 | $550 | $220.00 | General Communicate with Salem's counsel regarding deposition and mediation (.2); communicate with client regarding review of discovery (.2) |
| 1/7/2025 | 1/7/2025 | Kornberg, Bernie | 0.6 | $550 | $330.00 | General Draft deposition notices of Salem and Salem DDS, including examination topics |
| 1/8/2025 | 1/8/2025 | Kornberg, Bernie | 0.8 | $550 | $440.00 | General Call with client to discuss case review and settlement (.3); call with counsel for Salem regarding mediation (.3); contact potential mediators (.2) |
| 1/10/2025 | 1/10/2025 | Kornberg, Bernie | 1.2 | $550 | $660.00 | General Attend trial status conference (.4); communicate with JAMS regarding potential mediators (.2); communicate with counsel for Salem regarding mediation (.1); call with client regarding itemizing discovery issues (.5) |
| 1/13/2025 | 1/13/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | General Communicate with Salem's counsel regarding deposition |
| 1/15/2025 | 1/15/2025 | Kornberg, Bernie | 6.4 | $550 | $3,520.00 | General Prepare deposition subpoena for Wendy Spaulding and arrange service (.6); prepare for Salem deposition (5.8) |
| | | | | | **$10,505.00** | |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/14/2025 | Kornberg, Bernie | 4.2 | $550 | $2,310.00 | Deposition of Communicate with deposition service regarding timing of deposition (.1); Salem Parties prepare for Salem deposition (4.1.) |
| 1/16/2025 | Kornberg, Bernie | 8.0 | $550 | $4,400.00 | Deposition of Attend deposition of Salem and Salem DDS Salem Parties |
| | | | | **$6,710.00** | |
| 1/17/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Mediation Communicate with Salem's counsel regarding scheduling of mediation |
| 1/22/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Mediation Communicate with Salem's counsel regarding providing deposition transcripts (.2); communicate with JAMS regarding mediation |
| 1/23/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | Mediation Communicate with JAMS regarding mediation |
| 1/25/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Mediation Call with client to discuss mediation |
| 1/26/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Mediation Reviewed deposition transcripts provided by Salem |
| 1/27/2025 | Kornberg, Bernie | 8.8 | $550 | $4,840.00 | Draft mediation brief; communicate with client regarding brief |
| 1/28/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Communicate with Salem's counsel regarding exchange of briefs; call with mediator in perpetration of mediation |
| 1/30/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Reviewed Salem's brief; call client about brief |
| 1/31/2025 | Kornberg, Bernie | 5.7 | $550 | $3,135.00 | Attend mediation; review mediator's proposal and sent to client with comments |
| | | | | **$8,525.00** | |
| 2/2/2025 | Kornberg, Bernie | 1.0 | $550 | $550.00 | Trial Preperation Prepared trial subpoena and letter for Darrow Chu (.6); draft stipulation to continue trial (.4) |
| 2/3/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Trial Preperation Communicate with Darrow Chu regarding timing of deposition |
| 2/4/2025 | Kornberg, Bernie | 0.4 | $550 | $220.00 | Trial Preperation Draft order on stipulation to continue trial (.3); communicate with Vertext regarding release of Darrow Chu deposition (.1) |
| 2/5/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Trial Preperation Review order continuing trial; drafted amended subpoena for Darrow Chu and communicated with Darrow Chu regarding appearance |
| 2/6/2025 | Kornberg, Bernie | 0.7 | $550 | $385.00 | Trial Preperation Prepared Subramanian trial subpoena and letter; call with Subramanian regarding trial appearance |
| 2/13/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Trial Preperation Call with Salem's counsel regarding settlement and trial issues |
| 2/18/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Trial Preperation Call with client to discuss settlement |
| 2/27/2025 | Morrison, Brianna J. | 3.4 | $455 | $1,547.00 | Trial Preperation Review and analyze mediation briefs re prepare for trial (2.5); review California rules re pro hac vice (.5); review and revise pro-hac vice application (.3); request Oregon certificate of good standing for pro-hac vice application (.1) |
| 2/28/2025 | Morrison, Brianna J. | 0.7 | $455 | $318.50 | Trial Preperation Confer with Bernie Kornberg re background and next steps to prepare for trial |
| 2/28/2025 | Kornberg, Bernie | 1.1 | $550 | $605.00 | Trial Preperation Trial preparation call with Brianna Morrison; attend to transfer of files from Armanino |
| 3/3/2025 | Morrison, Brianna J. | 3.4 | $455 | $1,547.00 | Trial Preperation Analyze memorandum of interviews re Darrow Chu and Dr. Salem (3.2); coordinate filing of pro hac application with paralegal (.2) |
| 3/4/2025 | Morrison, Brianna J. | 1.4 | $455 | $637.00 | Trial Preperation Call with Jinnie Chao and Bernie Kornberg re trial strategy (1.1); call and email to Bruce re transfer of files (.3) |

| Date | Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| 3/4/2025 | 3/4/2025 | Kornberg, Bernie | 1.1 | $550 | $605.00 | Trial Preparation Communicate with Chao's counsel re providing initial disclosures; Call with client re trial preparation; additional perpetration with Brianna Morrison |
| 3/5/2025 | 3/5/2025 | Morrison, Brianna J. | 1.6 | $455 | $728.00 | Trial Preparation Review deposition transcript of Ardeshir Salem |
| 3/6/2025 | 3/6/2025 | Morrison, Brianna J. | 1.9 | $455 | $864.50 | Trial Preparation Confer with Bernie Kornberg re next steps to prepare for trial (1.0); confer with Amy Jones re state court pleadings (.4); review organized state court pleadings file for declarations and missing documents (.5) |
| 3/6/2025 | 3/6/2025 | Kornberg, Bernie | 1.7 | $550 | $935.00 | Trial Preparation Draft trial subpoena to First American Title Company; communicate with Salem's counsel re subpoena and pretrial prep; additional trial perpetration including location litigation documents to review |
| 3/6/2025 | 3/6/2025 | Jones, Amy E. | 2.0 | $320 | $640.00 | Trial Preparation Teleconference with Brianna Morrison re state of files (.2); organize files for attorney review (1.8) |
| 3/7/2025 | 3/7/2025 | Jones, Amy E. | 5.4 | $320 | $1,728.00 | Trial Preparation Teleconference with Brianna Morrison re document collection (.2); analyze discovery and draft tables re amounts allegedly embezzled (5.2) |
| 3/7/2025 | 3/7/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Trial Preparation Call with Salem's counsel re trial issues |
| 3/7/2025 | 3/7/2025 | Morrison, Brianna J. | 2.6 | $455 | $1,183.00 | Trial Preparation Coordinate chart of transfers with legal assistant (.5); review chart and begin entering Jinnie Chao's responses to alleged transfers (1.4); continue reviewing Salem's discovery documents produced re alleged transfers (.7) |
| 3/10/2025 | 3/10/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Trial Preparation Review Fellows trial subpoena (.2); communicate with court re trial issues (.2); communicate with counsel for First American Title re subpoena (.1) |
| 3/11/2025 | 3/11/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Trial Preparation Reviewed additional correspondence sent by client; call with counsel for First American re subpoena |
| 3/12/2025 | 3/12/2025 | Morrison, Brianna J. | 0.4 | $455 | $182.00 | Trial Preparation Review chart of transfers re impeachment for trial |
| 3/13/2025 | 3/13/2025 | Morrison, Brianna J. | 6.7 | $455 | $3,048.50 | Trial Preparation Confer with Bernie Kornberg re to-do list; confer with Golbahar re surprise expert testimony; prepare initial disclosures and cover letter re same; analyze documents and emails received from client week of March 10, 2025 |
| 3/13/2025 | 3/13/2025 | Kornberg, Bernie | 2.1 | $550 | $1,155.00 | Trial Preparation Trial perpetration with Brianna Morrison; call with Jinnie Chao; call with expert re pretrial preparation |
| 3/13/2025 | 3/13/2025 | Jones, Amy E. | 2.0 | $320 | $640.00 | Trial Preparation Organize files for attorney review, including bookmarking Box file scans (Box 2 through pg.350) |
| 3/14/2025 | 3/14/2025 | Jones, Amy E. | 4.8 | $320 | $1,536.00 | Trial Preparation Organize files for attorney review, including bookmarking Box file scans (Box 2 complete; begin Box 1 through pg. 1833) |
| 3/16/2025 | 3/16/2025 | Kornberg, Bernie | 0.4 | $550 | $220.00 | Trial Preparation Initial review of subpoena from First American Title |
| 3/17/2025 | 3/17/2025 | Jones, Amy E. | 1.5 | $320 | $480.00 | Trial Preparation Organize files for attorney review, including bookmarking Box file scans (Box 1 complete) |
| 3/17/2025 | 3/17/2025 | Morrison, Brianna J. | 3.2 | $455 | $1,456.00 | Trial Preparation Prepare draft exhibit list for trial |
| 3/18/2025 | 3/18/2025 | Morrison, Brianna J. | 5.2 | $455 | $2,366.00 | Trial Preparation Confer with Bernie Kornberg re preparation for trial; Call with Deepa Subramaniam ; Email with Darrow Chu; review documents produced by First American Title re subpoena; research admissibility of prior bad acts for motion in limine |
| 3/18/2025 | 3/18/2025 | Kornberg, Bernie | 1.4 | $550 | $770.00 | Trial Preparation Trial perpetration meeting; email to Court re exhibits; call and emails with Deepa Subramaniam re testimony at trial |

| Date | Date | Timekeeper | Hours | Rate | Amount | Category | Description |
|---|---|---|---|---|---|---|---|
| 3/19/2025 | 3/19/2025 | Kornberg, Bernie | 0.5 | $550 | $275.00 | Trial Preparation | Revised letter re initial disclosures and draft cover letter |
| 3/19/2025 | 3/19/2025 | Jones, Amy E. | 2.4 | $320 | $768.00 | Trial Preparation | Analyze files re restitution amounts; organize documents for trial for attorney review |
| 3/19/2025 | 3/19/2025 | Morrison, Brianna J. | 5.3 | $455 | $2,411.50 | Trial Preparation | Revise chart with client explanations of transfers; review drop box files from Bruce Jenke for potential trial exhibits; review Martinez v. Salem file; |
| 3/20/2025 | 3/20/2025 | Morrison, Brianna J. | 1.5 | $455 | $682.50 | Trial Preparation | Call with Jinnie Chao; continue searching for exhibits for witness and exhibit list |
| 3/20/2025 | 3/20/2025 | Kornberg, Bernie | 1.6 | $550 | $880.00 | Trial Preparation | Call with client re locating documents for trial and related issues; internal call to discuss additional trial preparation; prepare trial brief |
| 3/21/2025 | 3/21/2025 | Kornberg, Bernie | 2.4 | $550 | $1,320.00 | Trial Preparation | Draft trial brief; internal call to discuss review of evidence re Wells Fargo account; call with client re same |
| 3/21/2025 | 3/21/2025 | Morrison, Brianna J. | 6.2 | $455 | $2,821.00 | Trial Preparation | Continue reviewing document file for potential impeachment exhibits |
| 3/22/2025 | 3/22/2025 | Morrison, Brianna J. | 6.8 | $455 | $3,094.00 | Trial Preparation | Continue reviewing discovery re exhibits for trial |
| 3/22/2025 | 3/22/2025 | Kornberg, Bernie | 3.1 | $550 | $1,705.00 | Trial Preparation | Additional drafting and revisions to trial brief as to statute of limitations and claims, along with reviewing client comments and incorporating them |
| 3/22/2025 | 3/22/2025 | Jones, Amy E. | 3.5 | $320 | $1,120.00 | Trial Preparation | Organize discovery documents for attorney review |
| 3/23/2025 | 3/23/2025 | Kornberg, Bernie | 7.4 | $550 | $4,070.00 | Trial Preparation | Review all documents for trial and exhibit preparation |
| 3/23/2025 | 3/23/2025 | Morrison, Brianna J. | 0.9 | $455 | $409.50 | Trial Preparation | Continue reviewing discovery to add exhibits to witness and exhibit list |
| 3/23/2025 | 3/23/2025 | Morrison, Brianna J. | 4.1 | $455 | $1,865.50 | Trial Preparation | Revise witness and exhibit list |
| 3/24/2025 | 3/24/2025 | Morrison, Brianna J. | 1.3 | $455 | $591.50 | Trial Preparation | Continue revising witness and exhibit list |
| 3/24/2025 | 3/24/2025 | Morrison, Brianna J. | 11.4 | $455 | $5,187.00 | Trial Preparation | Finalize exhibit list and compile exhibits for service; draft witness list; review and revise trial brief |
| 3/24/2025 | 3/24/2025 | Kornberg, Bernie | 9.8 | $550 | $5,390.00 | Trial Preparation | Revise and finalize pretrial brief; additional review of potential exhibits and inclusion in exhibit list; revise witness list; communicate internally re same; call and email with client re edits |
| 3/24/2025 | 3/24/2025 | Jones, Amy E. | 4.4 | $320 | $1,408.00 | Trial Preparation | Analyze documents for use as trial exhibits; organize trial exhibits |
| 3/25/2025 | 3/25/2025 | Kornberg, Bernie | 4.6 | $550 | $2,530.00 | Trial Preparation | Sent trial briefs to client; communicate with Salem's counsel re meet and confer; meet and confer; draft motion in limine #2; revise motion in limine #1 |
| 3/25/2025 | 3/25/2025 | Morrison, Brianna J. | 5.9 | $455 | $2,684.50 | Trial Preparation | Draft motion in limine for prior bad acts; confer with Chris D'Arjou; continue pulling exhibits for impeachment |
| 3/26/2025 | 3/26/2025 | Morrison, Brianna J. | 6.5 | $455 | $2,957.50 | Trial Preparation | Coordinate preparing exhibit binders with legal assistants; confer with Bernie Kornberg and Jinnie Chao re checks and alleged transfers; review exhibit binders for revisions; review analysis of chart comparing checks to damages claimed in trial brief; continue notating Salem's deposition |
| 3/26/2025 | 3/26/2025 | Kornberg, Bernie | 3.2 | $550 | $1,760.00 | Trial Preparation | Call with client and expert consultant re trial appearance; call with client re case; research issues relating to admissions of witness interviews; begin outlining Chao examination |
| 3/26/2025 | 3/26/2025 | Jones, Amy E. | 3.5 | $320 | $1,120.00 | Trial Preparation | Analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |

| Date | Date | Timekeeper | Hours | Rate | Amount | Category | Description |
|---|---|---|---|---|---|---|---|
| 3/27/2025 | 3/27/2025 | Jones, Amy E. | 2.6 | $320 | $832.00 | Trial Preparation | Continued analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |
| 3/27/2025 | 3/27/2025 | Kornberg, Bernie | 2.3 | $550 | $1,265.00 | Trial Preparation | Trial preparation; additional outlining of Chao examination |
| 3/27/2025 | 3/27/2025 | Morrison, Brianna J. | 8.8 | $455 | $4,004.00 | Trial Preparation | Coordinate preparation of deposition binders with legal assistants (1.0); coordinate revisions to exhibit list binders with legal assistant (3.0); continue searching for impeachment documents and emails for witnesses and finalizing impeachment exhibit list (4.8) |
| 3/27/2025 | 3/27/2025 | Palmer, Brett | 1.0 | $410 | $410.00 | Trial Preparation | Research public records hearsay exception as applied to memorandum of interview by postal inspector and detective |
| 3/27/2025 | 3/27/2025 | Palmer, Brett | 1.0 | $410 | $410.00 | Trial Preparation | Research refreshing recollection exception to hearsay as applied to memorandum of interview by postal inspector and detective |
| 3/28/2025 | 3/28/2025 | Palmer, Brett | 0.5 | $410 | $205.00 | Trial Preparation | Review applicable memoranda of interviews in preparation for drafting pocket brief |
| 3/28/2025 | 3/28/2025 | Morrison, Brianna J. | 9.6 | $455 | $4,368.00 | Trial Preparation | Revise impeachment exhibit list and organize exhibits for impeachment binders (5.0); confer with Bernie Kornberg and Chris D'Anjou re stipulation to evidence (.2); coordinate spreadsheet calculating checks in comparison to trial brief (.3); continue notating deposition of Salem (3.8); confer with Bernie Kornberg re same (.3) |
| 3/28/2025 | 3/28/2025 | Kornberg, Bernie | 8.2 | $550 | $4,510.00 | Trial Preparation | Trial preparation including outlines and calls within firm and with consulting expert |
| 3/28/2025 | 3/28/2025 | Jones, Amy E. | 2.9 | $320 | $928.00 | Trial Preparation | Continued analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |
| 3/29/2025 | 3/29/2025 | Kornberg, Bernie | 8.6 | $550 | $4,730.00 | Trial Preparation | Trial preparation; draft opposition to motion to leave to amend |
| 3/29/2025 | 3/29/2025 | Morrison, Brianna J. | 7.5 | $455 | $3,412.50 | Trial Preparation | Finish assembling impeachment binders (2.2); begin drafting Salem impeachment outline (1.5); review Salem's responses to Jinnie's requests for admission (.8); travel to San Francisco for trial preparation session and trial (3.0) |
| 3/30/2025 | 3/30/2025 | Kornberg, Bernie | 12.3 | $550 | $6,765.00 | Trial Preparation | Trial perpetration with client; additional outlining and preparation |
| 3/30/2025 | 3/30/2025 | Morrison, Brianna J. | 11.3 | $455 | $5,141.50 | Trial Preparation | Attend trial preparation session with Jinnie Chao and Bernie Kornberg to prepare Jinnie Chao for testimony (8.5); prepare argument for motion in limine (.8); continue preparing impeachment outline for A. Salem (2.0) |
| | | | | | $107,753.00 | | |
| 3/31/2025 | 3/31/2025 | Morrison, Brianna J. | 11.1 | $455 | $5,050.50 | Trial | Attend first day of trial (8.5); confer with expert and Bernie Kornberg re strategy for second day of trial (1.5); notate interview for Salem's cross-exam outline (1.1) |
| 3/31/2025 | 3/31/2025 | Kornberg, Bernie | 14.5 | $550 | $7,975.00 | Trial | Attend trial; prepare for next day of trial |
| 3/31/2025 | 3/31/2025 | Palmer, Brett | 1.3 | $410 | $533.00 | Trial | Draft pocket brief on public records exception to hearsay rules as applied to memoranda of interviews to facilitate use of memos in trial |
| 4/1/2025 | 4/1/2025 | Kornberg, Bernie | 12.8 | $550 | $7,040.00 | Trial | Attend Trial; post-trial preparation; settlement communications with opposing counsel |

| Date | Timekeeper | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 4/1/2025 | Morrison, Brianna J. | 13.5 | $455 | $6,142.50 | Trial Review time stamps for impeachment (1.0); attend second day of trial (7.8); confer with Bernie Kornberg re next steps and possible settlement (1.4); prepare direct exam outline of Darrow Chu (1.5); prepare draft settlement agreement (1.6); email with Darrow Chu re notification of settlement (.1); email with Deepa Subramaniam re notification of settlement (.1) |
| | | | | $26,741.00 | |
| 4/2/2025 | Morrison, Brianna J. | 2.7 | $455 | $1,228.50 | Post-Trial Travel to courthouse to pack up trial binders (.2); pack up trial binders (1.5); Settlement attend trial status hearing (.3); coordinate disposal of trial binders (.7) |
| 4/2/2025 | Kornberg, Bernie | 2.1 | $550 | $1,155.00 | Post-Trial Attend Court for status conference and attend to retrieval of case items and Settlement return |
| 4/3/2025 | Morrison, Brianna J. | 3.0 | $455 | $1,365.00 | Post-Trial Travel from San Francisco for trial to Portland Office [B][No Charge 1.5][b] Settlement |
| 4/10/2025 | Kornberg, Bernie | 2.6 | $550 | $1,430.00 | Post-Trial Revise settlement agreement and draft supporting documents Settlement |
| 4/21/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | Post-Trial Email with Salem's counsel re review of settlement agreement Settlement |
| 4/22/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | Post-Trial Communicate with Salem's counsel re execution of settlement agreement Settlement |
| 4/24/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Post-Trial Communicate with client re review and execution of settlement agreement Settlement |
| 4/30/2025 | Kornberg, Bernie | 0.4 | $550 | $220.00 | Post-Trial Sent signed settlement agreement to Salem's counsel with comments re final Settlement execution; prepared final settlement package and proposed order for filing |
| 5/1/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Post-Trial Reviewed order approving settlement and prepared state court case for Settlement dismissal |
| 5/6/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | Post-Trial Review docket for status of dismissal Settlement |
| 5/9/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Post-Trial Communicate with court and Salem's counsel re dismissal of state court Settlement proceeding and execution of dismissal by Bobby Lau |
| 5/14/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Post-Trial Review notice re satisfaction of judgment and prepared amended satisfaction Settlement |
| 5/19/2025 | Kornberg, Bernie | 0.1 | $550 | $55.00 | Post-Trial Review status of entry of dismissal Settlement |
| 5/22/2025 | Kornberg, Bernie | 0.3 | $550 | $165.00 | Post-Trial Review rejection of request for dismissal and researched basis; communicate Settlement with court re basis for dismissal |
| 5/29/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Post-Trial Review communication with Court re dismissal of state court action; review Settlement order of dismissal |
| 6/4/2025 | Kornberg, Bernie | 0.2 | $550 | $110.00 | Post-Trial Sent filed dismissals and satisfaction to client with comments Settlement |
| | | | | $6,498.50 | |
| Subtotals | | 345.7 | | $167,502.50 | |
| Less Discounts | | | | ($682.50) | |
| Total Fees | | | | $166,820.00 | |

# EXHIBIT C

# COST INCURRED BY JINNIE CHAO

| Date | Narrative | Amount |
|---|---|---|
| 8/15/2024 | Vendor: Armanino LLP; Invoice#: 061812024; Expert Witness Services | $15,000.00 |
| 9/30/2024 | Vendor: Armanino Advisory LLC; Invoice#: CINV-1389025; Cost of accounting specialist services as expert witness | $12,403.13 |
| 10/31/2024 | Vendor: Armanino LLP; Invoice#: CINV-1410517; For Services Rendered Through Oct 31, 2024 | $6,478.50 |
| 11/12/2024 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-24-23163; Unsuccessful service of process cost re civil subpoena directed to Attorney General of the United States | $405.00 |
| 12/6/2024 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-24-25133; Service cost for process of subpoena on Wendy Spaulding | $275.00 |
| 1/28/2025 | JAMS, Inc (ACH); Invoice#: 7527530 – Mediation service retainer through 1.31.2025 | $6,000.00 |
| 1/31/2025 | Veritext Corp (ACH); Invoice#: 8050124; Cost of court reporting and transcription services for the deposition of Ardeshir Salem | $3,266.80 |
| 2/6/2025 | PRF* INV#711131, Date: 2/6/2025; Cost for service of process of subpoena on Deepa Subramaniam | $252.50 |
| 3/3/2025 | California Bankruptcy Court; Cost to submit application for pro hac vice appearance for Brianna Morrison | $328.00 |
| 3/10/2025 | Vendor: Washington Legal Messengers, Inc.; Invoice#: 383395; Service of subpoena in preparation of trial | $243.00 |
| 3/15/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-31542 - Cost to request case records to assist in argument for trial | $201.00 |
| 3/20/2025 | Vendor: Washington Legal Messengers, Inc.; Invoice#: 383693; Cost of messenger to pick up original case file from previous attorney, and delivery to Bernie Kornberg for upcoming trial | $373.00 |
| 3/26/2025 | Vendor: Naegeli Deposition and Trial (ACH); Invoice#: 49580 - Cost of obtaining transcript of police interviews | $1,956.64 |
| 3/28/2025 | Vendor: Washington Legal Messengers, Inc.; Invoice#: 383957; Cost of sending a messenger to pick delivery judge's courtesy copies to chambers | $252.35 |
| 3/28/2025 | GOLBAHAR CONSULTING GROUP; Invoice#: 20250326 – Retainer for Golbahar Consulting | $5,000.00 |
| 3/29/2025 | MERCHANT: UBER, Date: 3/29/2025 UBER - travel for trial - 62.95 - 593510.0001 | $62.95 |
| 3/29/2025 | MERCHANT: Grand Hyatt, Date: 3/29/2025 Grand Hyatt - hotel for trial - 2,713.50 - 593510.0001 | $2,713.50 |

| Date | Description | Amount |
|---|---|---|
| 3/29/2025 | MERCHANT: Alaska Airline, Date: 3/29/2025 Alaska Airline - checked bag for binders - 35.00 - 593510.0001 | $35.00 |
| 3/29/2025 | MERCHANT: , Date: 3/29/2025 Alaska Airline - flight for trial - 346.60 - 593510.0001 | $346.00 |
| 3/29/2025 | MERCHANT: THE WESTIN SAN FRANCISCO , Date: 3/29/2025 Cost associated with airport hotel conference room to conduct trial preparation for the following day | $694.53 |
| 3/30/2025 | MERCHANT: UBER Eats , Date: 3/30/2025 UBER Eats - meals - 29.10 - 593510.0001 | $29.10 |
| 3/30/2025 | MERCHANT: UBER, Date: 3/30/2025 UBER - travel for trial - 39.64 - 593510.0001 | $39.64 |
| 3/30/2025 | MERCHANT: Lyft, Date: 3/30/2025 | $84.00 |
| 3/30/2025 | MERCHANT: Starbucks, Date: 3/30/2025 | $25.00 |
| 3/31/2025 | FedEx Invoice#: 8-815-39082 - Delivery to Deepa Subramaniam on 03.27.2025 | $53.80 |
| 3/31/2025 | MERCHANT: Uber, Date: 3/31/2025 | $9.54 |
| 3/31/2025 | MERCHANT: Uber, Date: 3/31/2025 | $31.76 |
| 3/31/2025 | MERCHANT: Sam's Grill & Seafood Restaurant, Date: 3/31/2025 | $211.97 |
| 3/31/2025 | MERCHANT: Waymo, Date: 3/31/2025 | $20.38 |
| 3/31/2025 | MERCHANT: Lyft, Date: 3/31/2025 | $32.26 |
| 3/31/2025 | MERCHANT: UBER, Date: 3/31/2025 UBER - travel for trial - 17.39 - 593510.0001 | $17.39 |
| 3/31/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-32288 - Court cost for submission and first appearance fee for filing of complaint | $404.85 |
| 4/1/2025 | MERCHANT: Lyft, Date: 4/1/2025 | $27.31 |
| 4/1/2025 | MERCHANT: Lyft, Date: 4/1/2025 | $10.46 |
| 4/1/2025 | MERCHANT: UBER, Date: 4/1/2025 UBER - travel for trial - 18.30 - 593510.0001 | $18.30 |
| 4/1/2025 | MERCHANT: Cafe 450, Date: 4/1/2025 | $13.69 |
| 4/2/2025 | MERCHANT: Uber, Date: 4/2/2025 | $29.63 |
| 4/2/2025 | MERCHANT: Uber, Date: 4/2/2025 | $27.85 |
| 4/2/2025 | MERCHANT: Lyft, Date: 4/2/2025 | $20.47 |
| 4/2/2025 | MERCHANT: UPS, Date: 4/2/2025 | $187.00 |
| 4/2/2025 | MERCHANT: UBER, Date: 4/2/2025 UBER - travel for trial - 17.37 - 593510.0001 | $17.37 |
| 4/2/2025 | MERCHANT: UBER, Date: 4/2/2025 UBER - travel for trial - 22.41 - 593510.0001 | $22.41 |
| 4/2/2025 | MERCHANT: UBER Eats, Date: 4/2/2025 UBER Eats - meals - 48.82 - 593510.0001 | $48.82 |
| 4/2/2025 | MERCHANT: Alaska Airline, Date: 4/2/2025 Alaska Airline - checked bag for binders - 35.00 - 593510.0001 | $35.00 |
| 4/3/2025 | MERCHANT: UBER, Date: 4/3/2025 UBER - travel for trial - 49.44 - 593510.0001 | $49.44 |

| Date | Description | Amount |
|---|---|---|
| 4/3/2025 | MERCHANT: UBER, Date: 4/3/2025 UBER - travel for trial - 63.45 - 593510.0001 | $63.45 |
| 4/4/2025 | Vendor: GOLBAHAR CONSULTING GROUP; Invoice#: 20250328; Date: 4/4/2025 - Consulting Fees less retainer fee for Golbahar Consulting | $9,438.66 |
| 4/7/2025 | FedEx; Invoice#: E - Delivery to Bernie Kornberg on 03.28.2025 | $136.38 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $222.75 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $375.00 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $244.20 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $196.00 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $248.60 |
| 4/30/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | $339.95 |
| 5/15/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Cost for submission of acknowledgment of satisfaction of judgment | $56.00 |
| 5/15/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-3537 - Cost for submission of request for dismissal | $56.00 |
| 5/15/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Court cost for submission of acknowledgment | $56.00 |
| 5/15/2025 | Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Court cost for submission of request for dismissal | $78.00 |
| **Total** | | **$69,265.33** |

# EXHIBIT D



US Bancorp Tower
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204

September 17, 2025

Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010
United States

**PAYMENT HISTORY**

Account: 593510 - Jinnie Chao

| Matter | Description | Invoice | Date | Amount | Transaction |
|--------|-------------|---------|------|--------|-------------|
| 0001 | adv. A. Salem D.D.S. Inc. | 2239625 | 8/15/2024 | $15,660.00 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2239625 | 8/22/2024 | ($15,000.00) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2239625 | 11/8/2024 | ($660.00) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2239625 | 8/15/2024 | $0.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2241831 | 9/18/2024 | $2,365.00 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2241831 | 11/8/2024 | ($2,365.00) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2241831 | 9/18/2024 | $0.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2243839 | 10/15/2024 | $165.00 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2243839 | 11/8/2024 | ($165.00) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2243839 | 10/15/2024 | $0.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2246938 | 12/2/2024 | $7,798.50 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2246938 | 6/12/2025 | ($6,478.50) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2246938 | 12/2/2024 | $1,320.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2247726 | 12/16/2024 | $13,578.13 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2247726 | 6/12/2025 | ($12,808.13) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2247726 | 12/16/2024 | $770.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2250750 | 1/30/2025 | $495.00 | INVOICE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2250750 | 6/12/2025 | ($275.00) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2250750 | 1/30/2025 | $220.00 | BALANCE |
| 0001 | adv. A. Salem D.D.S. Inc. | 2252732 | 2/28/2025 | $27,010.00 | INVOICE |

| Matter | Description | Invoice | Date | Amount | Transaction |
|--------|-------------|---------|------|--------|-------------|
| 0001 | adv. A. Salem D.D.S. Inc. | 2252732 | 6/12/2025 | ($5,438.37) | Cash Receipt |
| 0001 | adv. A. Salem D.D.S. Inc. | 2252732 | 2/28/2025 | $21,571.63 | BALANCE |

|  |  |
|--|--|
| TOTAL FEES PAID: | $3,190.00 |
| TOTAL COSTS PAID: | $40,000.00 |
| TOTAL PAID: | $43,190.00 |

# EXHIBIT E



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001
adv. A. Salem D.D.S. Inc.

Invoice: 2263647
August 11, 2025

### Invoice Summary

| | |
|---|---:|
| Professional Fees Through July 31, 2025 | $0.00 |
| Disbursements | $243.00 |
| **Amount Due - Current Period:** | **$243.00** |
| **Prior Balance Due:** | **$192,652.33** |
| **Total Amount Due** | **$192,895.33** |

---

**To pay by wire transfer,** route to:
Miller Nash LLP, U.S. Bank National Association
Account # 1536-0646-7352, Routing # 123000220,
Swift Code USBKUS44IMT
Bank address: 17650 NE Sandy Blvd, Gresham, OR 97230

**To pay by credit card,** use this link:
https://secure.lawpay.com/pages/millernash/operating

**To pay by check,** remit to:
PO Box 3585
Portland, OR 97208-3585

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9% annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

## Disbursement Summary

| Disbursements | Amount |
|---|---|
| Vendor: Washington Legal Messengers, Inc.; Invoice#: 383395; Service of subpoena in preparation of trial | 243.00 |
| **Disbursement Total:** | **$243.00** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through July 31, 2025 | $0.00 |
| Disbursements | $243.00 |
| **Amount Due - Current Period:** | **$243.00** |



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001                                    Invoice: 2259537
adv. A. Salem D.D.S. Inc.                               June 11, 2025

### Invoice Summary

| | |
|---|---|
| Professional Fees Through June 10, 2025 | $136,817.00 |
| Less Fee Reduction | $-682.50 |
| Total Current Fees | $136,134.50 |
| Disbursements | $24,941.40 |
| **Amount Due - Current Period:** | **$161,075.90** |
| **Prior Balance Due:** | **$56,576.43** |
| **Total Amount Due** | **$217,652.33** |
| **Less Funds Held in Trust** | **$25,000.00** CR |
| **Total Amount Due** | **$192,652.33** |

| | |
|---|---|
| **To pay by wire transfer,** route to: | **To pay by credit card,** use this link: |
| Miller Nash LLP, U.S. Bank National Association | https://secure.lawpay.com/pages/millernash/operating |
| Account # 1536-0646-7352, Routing # 123000220, | |
| Swift Code USBKUS44IMT | **To pay by check,** remit to: |
| Bank address: Portland Main Complex, 555 SW Oak St, | PO Box 3585 |
| Portland, OR 97204 | Portland, OR 97208-3585 |

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9% annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

### Invoice Detail

| Date | Professional | Time | Description of Services |
|------|--------------|------|-------------------------|
| 03/03/25 | B. Morrison | 3.4 | Analyze memorandum of interviews re Darrow Chu and Dr. Salem (3.2); coordinate filing of pro hac application with paralegal (.2) |
| 03/04/25 | B. Kornberg | 1.1 | Communicate with Chao's counsel re providing initial disclosures; Call with client re trial preparation; additional perpetration with Brianna Morrison |
| 03/04/25 | B. Morrison | 1.4 | Call with Jinnie Chao and Bernie Kornberg re trial strategy (1.1); call and email to Bruce re transfer of files (.3) |
| 03/05/25 | B. Morrison | 1.6 | Review deposition transcript of Ardeshir Salem |
| 03/06/25 | A. Jones | 2.0 | Teleconference with Brianna Morrison re state of files (.2); organize files for attorney review (1.8) |
| 03/06/25 | B. Kornberg | 1.7 | Draft trial subpoena to First American Title Company; communicate with Salem's counsel re subpoena and pretrial prep; additional trial perpetration including location litigation documents to review |
| 03/06/25 | B. Morrison | 1.9 | Confer with Bernie Kornberg re next steps to prepare for trial (1.0); confer with Amy Jones re state court pleadings (.4); review organized state court pleadings file for declarations and missing documents (.5) |
| 03/07/25 | A. Jones | 5.4 | Teleconference with Brianna Morrison re document collection (.2); analyze discovery and draft tables re amounts allegedly embezzled (5.2) |
| 03/07/25 | B. Kornberg | 0.5 | Call with Salem's counsel re trial issues |
| 03/07/25 | B. Morrison | 2.6 | Coordinate chart of transfers with legal assistant (.5); review chart and begin entering Jinnie Chao's responses to alleged transfers (1.4); continue reviewing Salem's discovery documents produced re alleged transfers (.7) |
| 03/10/25 | B. Kornberg | 0.5 | Review Fellows trial subpoena (.2); communicate with court re trial issues (.2); communicate with counsel for First American Title re subpoena (.1) |

| Date | Professional | Time | Description of Services |
|------|--------------|------|-------------------------|
| 03/11/25 | B. Kornberg | 0.5 | Reviewed additional correspondence sent by client; call with counsel for First American re subpoena |
| 03/12/25 | B. Morrison | 0.4 | Review chart of transfers re impeachment for trial |
| 03/13/25 | A. Jones | 2.0 | Organize files for attorney review, including bookmarking Box file scans (Box 2 through pg. 350) |
| 03/13/25 | B. Kornberg | 2.1 | Trial perpetration with Brianna Morrison; call with Jinnie Chao; call with expert re pretrial preparation |
| 03/13/25 | B. Morrison | 6.7 | Confer with Bernie Kornberg re to-do list; confer with Golbahar re surprise expert testimony; prepare initial disclosures and cover letter re same; analyze documents and emails received from client week of March 10, 2025 |
| 03/14/25 | A. Jones | 4.8 | Organize files for attorney review, including bookmarking Box file scans (Box 2 complete; begin Box 1 through pg. 1833) |
| 03/16/25 | B. Kornberg | 0.4 | Initial review of subpoena from First American Title |
| 03/17/25 | A. Jones | 1.5 | Organize files for attorney review, including bookmarking Box file scans (Box 1 complete) |
| 03/17/25 | B. Morrison | 3.2 | Prepare draft exhibit list for trial |
| 03/18/25 | B. Kornberg | 1.4 | Trial perpetration meeting; email to Court re exhibits; call and emails with Deepa Subramaniam re testimony at trial |
| 03/18/25 | B. Morrison | 5.2 | Confer with Bernie Kornberg re preparation for trial; Call with Deepa Subramaniam ; Email with Darrow Chu; review documents produced by First American Title re subpoena; research admissibility of prior bad acts for motion in limine |
| 03/19/25 | A. Jones | 2.4 | Analyze files re restitution amounts; organize documents for trial for attorney review |
| 03/19/25 | B. Kornberg | 0.5 | Revised letter re initial disclosures and draft cover letter |

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 03/19/25 | B. Morrison | 5.3 | Revise chart with client explanations of transfers; review drop box files from Bruce Jenke for potential trial exhibits; review Martinez v. Salem file; |
| 03/20/25 | B. Kornberg | 1.6 | Call with client re locating documents for trial and related issues; internal call to discuss additional trial preparation; prepare trial brief |
| 03/20/25 | B. Morrison | 1.5 | Call with Jinnie Chao; continue searching for exhibits for witness and exhibit list |
| 03/21/25 | B. Kornberg | 2.4 | Draft trial brief; internal call to discuss review of evidence re Wells Fargo account; call with client re same |
| 03/21/25 | B. Morrison | 6.2 | Continue reviewing document file for potential impeachment exhibits |
| 03/22/25 | A. Jones | 3.5 | Organize discovery documents for attorney review |
| 03/22/25 | B. Kornberg | 3.1 | Additional drafting and revisions to trial brief as to statute of limitations and claims, along with reviewing client comments and incorporating them |
| 03/22/25 | B. Morrison | 6.8 | Continue reviewing discovery re exhibits for trial |
| 03/23/25 | B. Kornberg | 7.4 | Review all documents for trial and exhibit preparation |
| 03/23/25 | B. Morrison | 0.9 | Continue reviewing discovery to add exhibits to witness and exhibit list |
| 03/23/25 | B. Morrison | 4.1 | Revise witness and exhibit list |
| 03/24/25 | A. Jones | 4.4 | Analyze documents for use as trial exhibits; organize trial exhibits |
| 03/24/25 | B. Kornberg | 9.8 | Revise and finalize pretrial brief; additional review of potential exhibits and inclusion in exhibit list; revise witness list; communicate internally re same; call and email with client re edits |
| 03/24/25 | B. Morrison | 1.3 | Continue revising witness and exhibit list |

Miller Nash LLP
Page 4

Case: 15-31519   Doc# 431   Filed: 09/19/25   Entered: 09/19/25 15:19:36   Page 39 of
85
Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 43 of
102

| Date | Professional | Time | Description of Services |
|------|--------------|------|-------------------------|
| 03/24/25 | B. Morrison | 11.4 | Finalize exhibit list and compile exhibits for service; draft witness list; review and revise trial brief |
| 03/25/25 | B. Kornberg | 4.6 | Sent trial briefs to client; communicate with Salem's counsel re meet and confer; meet and confer; draft motion in limine #2; revise motion in limine #1 |
| 03/25/25 | B. Morrison | 5.9 | Draft motion in limine for prior bad acts; confer with Chris D'Anjou; continue pulling exhibits for impeachment |
| 03/26/25 | A. Jones | 3.5 | Analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |
| 03/26/25 | B. Kornberg | 3.2 | Call with client and expert consultant re trial appearance; call with client re case; research issues relating to admissions of witness interviews; begin outlining Chao examination |
| 03/26/25 | B. Morrison | 6.5 | Coordinate preparing exhibit binders with legal assistants; confer with Bernie Kornberg and Jinnie Chao re checks and alleged transfers; review exhibit binders for revisions; review analysis of chart comparing checks to damages claimed in trial brief; continue notating Salem's deposition |
| 03/27/25 | A. Jones | 2.6 | Continued analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |
| 03/27/25 | B. Kornberg | 2.3 | Trial preparation; additional outlining of Chao examination |
| 03/27/25 | B. Morrison | 8.8 | Coordinate preparation of deposition binders with legal assistants (1.0); coordinate revisions to exhibit list binders with legal assistant (3.0); continue searching for impeachment documents and emails for witnesses and finalizing impeachment exhibit list (4.8) |
| 03/27/25 | B. Palmer | 1.0 | Research public records hearsay exception as applied to memorandum of interview by postal inspector and detective |
| 03/27/25 | B. Palmer | 1.0 | Research refreshing recollection exception to hearsay as applied to memorandum of interview by postal inspector and detective |

Miller Nash LLP                                                                                     Page 5

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 40 of
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 44 of
102

| Date | Professional | Time | Description of Services |
|------|--------------|------|-------------------------|
| 03/28/25 | A. Jones | 2.9 | Continued analysis of amounts claimed and create spreadsheet re trial brief allegations comparing same |
| 03/28/25 | B. Kornberg | 8.2 | Trial preparation including outlines and calls within firm and with consulting expert |
| 03/28/25 | B. Morrison | 9.6 | Revise impeachment exhibit list and organize exhibits for impeachment binders (5.0); confer with Bernie Kornberg and Chris D'Anjou re stipulation to evidence (.2); coordinate spreadsheet calculating checks in comparison to trial brief (.3); continue notating deposition of Salem (3.8); confer with Bernie Kornberg re same (.3) |
| 03/28/25 | B. Palmer | 0.5 | Review applicable memoranda of interviews in preparation for drafting pocket brief |
| 03/29/25 | B. Kornberg | 8.6 | Trial preparation; draft opposition to motion to leave to amend |
| 03/29/25 | B. Morrison | 7.5 | Finish assembling impeachment binders (2.2); begin drafting Salem impeachment outline (1.5); review Salem's responses to Jinnie's requests for admission (.8); travel to San Francisco for trial preparation session and trial (3.0) |
| 03/30/25 | B. Kornberg | 12.3 | Trial perpetration with client; additional outlining and preparation |
| 03/30/25 | B. Morrison | 11.3 | Attend trial preparation session with Jinnie Chao and Bernie Kornberg to prepare Jinnie Chao for testimony (8.5); prepare argument for motion in limine (.8); continue preparing impeachment outline for A. Salem (2.0) |
| 03/31/25 | B. Kornberg | 14.5 | Attend trial; prepare for next day of trial |
| 03/31/25 | B. Morrison | 11.1 | Attend first day of trial (8.5); confer with expert and Bernie Kornberg re strategy for second day of trial (1.5); notate interview for Salem's cross-exam outline (1.1) |
| 03/31/25 | B. Palmer | 1.3 | Draft pocket brief on public records exception to hearsay rules as applied to memoranda of interviews to facilitate use of memos in trial |

| Date | Professional | Time | Description of Services |
|------|--------------|------|-------------------------|
| 04/01/25 | B. Kornberg | 12.8 | Attend Trial; post-trial preparation; settlement communications with opposing counsel |
| 04/01/25 | B. Morrison | 13.5 | Review time stamps for impeachment (1.0); attend second day of trial (7.8); confer with Bernie Kornberg re next steps and possible settlement (1.4); prepare direct exam outline of Darrow Chu (1.5); prepare draft settlement agreement (1.6); email with Darrow Chu re notification of settlement (.1); email with Deepa Subramaniam re notification of settlement (.1) |
| 04/02/25 | B. Kornberg | 2.1 | Attend Court for status conference and attend to retrieval of case items and return |
| 04/02/25 | B. Morrison | 2.7 | Travel to courthouse to pack up trial binders (.2); pack up trial binders (1.5); attend trial status hearing (.3); coordinate disposal of trial binders (.7) |
| 04/03/25 | B. Morrison | 3.0 | Travel from San Francisco for trial to Portland Office **(No Charge 1.5)** |
| 04/10/25 | B. Kornberg | 2.6 | Revise settlement agreement and draft supporting documents |
| 04/21/25 | B. Kornberg | 0.1 | Email with Salem's counsel re review of settlement agreement |
| 04/22/25 | B. Kornberg | 0.1 | Communicate with Salem's counsel re execution of settlement agreement |
| 04/24/25 | B. Kornberg | 0.2 | Communicate with client re review and execution of settlement agreement |
| 04/30/25 | B. Kornberg | 0.4 | Sent signed settlement agreement to Salem's counsel with comments re final execution; prepared final settlement package and proposed order for filing |
| 05/01/25 | B. Kornberg | 0.2 | Reviewed order approving settlement and prepared state court case for dismissal |
| 05/06/25 | B. Kornberg | 0.1 | Review docket for status of dismissal |

Miller Nash LLP
Page **7**

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 42 of
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 46 of
102

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 05/09/25 | B. Kornberg | 0.3 | Communicate with court and Salem's counsel re dismissal of state court proceeding and execution of dismissal by Bobby Lau |
| 05/14/25 | B. Kornberg | 0.2 | Review notice re satisfaction of judgment and prepared amended satisfaction |
| 05/19/25 | B. Kornberg | 0.1 | Review status of entry of dismissal |
| 05/22/25 | B. Kornberg | 0.3 | Review rejection of request for dismissal and researched basis; communicate with court re basis for dismissal |
| 05/29/25 | B. Kornberg | 0.2 | Review communication with Court re dismissal of state court action; review order of dismissal |
| 06/04/25 | B. Kornberg | 0.2 | Sent filed dismissals and satisfaction to client with comments |

## Fee Summary

| Professional | Title | Time | Rate | Amount |
|-------------|-------|------|------|--------|
| B. Kornberg | Partner | 106.6 | $550 | $58,630.00 |
| B. Morrison | Associate | 143.8 | 455 | 65,429.00 |
| B. Palmer | Associate | 3.8 | 410 | 1,558.00 |
| A. Jones | Paralegal | 35.0 | 320 | 11,200.00 |
| **Summary Total:** | | **289.2** | | **$136,817.00** |

## Disbursement Summary

| Disbursements | Amount |
|---|---|
| California Bankruptcy Court: Cost to submit application for pro hac vice appearance for Brianna Morrison | 328.00 |
| GOLBAHAR CONSULTING GROUP; Invoice#: 20250326 - Retainer for Golbahar Consulting | 5,000.00 |
| MERCHANT: THE WESTIN SAN FRANCISCO , Date: 3/29/2025 Cost associated with airport hotel conference room to conduct trial preparation for the following day | 694.53 |
| Vendor: GOLBAHAR CONSULTING GROUP; Invoice#: 20250328; Date: 4/4/2025 - Consulting Fees less retainer fee for Golbahar Consulting | 9,438.66 |
| MERCHANT: Sam's Grill & Seafood Restaurant, Date: 3/31/2025 | 211.97 |
| MERCHANT: Uber, Date: 3/31/2025 | 31.76 |
| MERCHANT: Uber, Date: 3/31/2025 | 9.54 |
| MERCHANT: Uber, Date: 4/2/2025 | 29.63 |
| MERCHANT: Uber, Date: 4/2/2025 | 27.85 |
| MERCHANT: Starbucks, Date: 3/30/2025 | 25.00 |
| MERCHANT: Waymo, Date: 3/31/2025 | 20.38 |
| MERCHANT: Cafe 450, Date: 4/1/2025 | 13.69 |
| MERCHANT: Lyft, Date: 4/1/2025 | 27.31 |
| MERCHANT: Lyft, Date: 3/31/2025 | 32.26 |
| MERCHANT: Lyft, Date: 4/1/2025 | 10.46 |
| MERCHANT: Lyft, Date: 4/2/2025 | 20.47 |
| MERCHANT: Lyft, Date: 3/30/2025 | 84.00 |
| MERCHANT: UPS, Date: 4/2/2025 | 187.00 |
| Vendor: Naegeli Deposition and Trial (ACH); Invoice#: 49580 - Cost of obtaining transcript of police interviews | 1,956.64 |
| Vendor: Washington Legal Messengers, Inc.; Invoice#: 383693; Cost of messenger to pick up original case file from previous attorney, and delivery to Bernie Kornberg for upcoming trial | 373.00 |
| FedEx Invoice#: 8-815-39082 - Delivery to Deepa Subramaniam on 03.27.2025 | 53.80 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-32288 - Court cost for submission and first appearance fee for filing of complaint | 404.85 |
| FedEx; Invoice#: E - Delivery to Bernie Kornberg on 03.28.2025 | 136.38 |
| Vendor: Washington Legal Messengers, Inc.; Invoice#: 383957; Cost of sending a messenger to pick delivery judge's courtesy copies to chambers | 252.35 |
| MERCHANT: , Date: 3/29/2025 Alaska Airline - flight for trial - 346.60 - 593510.0001 | 346.00 |
| MERCHANT: Alaska Airline, Date: 3/29/2025 Alaska Airline - checked bag for binders - 35.00 - 593510.0001 | 35.00 |
| MERCHANT: Grand Hyatt, Date: 3/29/2025 Grand Hyatt - hotel for trial - 2,713.50 - 593510.0001 | 2,713.50 |
| MERCHANT: UBER, Date: 3/29/2025 UBER - travel for trial - 62.95 - 593510.0001 | 62.95 |
| MERCHANT: UBER, Date: 3/30/2025 UBER - travel for trial - 39.64 - 593510.0001 | 39.64 |
| MERCHANT: UBER, Date: 3/31/2025 UBER - travel for trial - 17.39 - 593510.0001 | 17.39 |

Miller Nash LLP

Page 9

Case: 15-31519   Doc# 431   Filed: 09/19/25   Entered: 09/19/25 15:19:36   Page 44 of
Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 48 of
102

## Disbursement Summary

| Disbursements | Amount |
|---|---|
| MERCHANT: UBER, Date: 4/1/2025 UBER - travel for trial - 18.30 - 593510.0001 | 18.30 |
| MERCHANT: UBER, Date: 4/2/2025 UBER - travel for trial - 17.37 - 593510.0001 | 17.37 |
| MERCHANT: UBER, Date: 4/2/2025 UBER - travel for trial - 22.41 - 593510.0001 | 22.41 |
| MERCHANT: UBER, Date: 4/3/2025 UBER - travel for trial - 49.44 - 593510.0001 | 49.44 |
| MERCHANT: UBER, Date: 4/3/2025 UBER - travel for trial - 63.45 - 593510.0001 | 63.45 |
| MERCHANT: UBER Eats , Date: 3/30/2025 UBER Eats - meals - 29.10 - 593510.0001 | 29.10 |
| MERCHANT: UBER Eats, Date: 4/2/2025 UBER Eats - meals - 48.82 - 593510.0001 | 48.82 |
| MERCHANT: Alaska Airline, Date: 4/2/2025 Alaska Airline - checked bag for binders - 35.00 - 593510.0001 | 35.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 222.75 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 375.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 244.20 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 196.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 248.60 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-34419 - Obtain copies of case file for reference and to assist in preparing for trial | 339.95 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-31542 - Cost to request case records to assist in argument for trial | 201.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Cost for submission of acknowledgment of satisfaction of judgment | 56.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-3537 - Cost for submission of request for dismissal | 56.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Court cost for submission of acknowledgment | 56.00 |
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-25-35377 - Court cost for submission of request for dismissal | 78.00 |
| **Disbursement Total:** | **$24,941.40** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through June 10, 2025 | $136,817.00 |
| Less Fee Reduction | $-682.50 |
| Total Current Fees | $136,134.50 |
| Disbursements | $24,941.40 |
| **Amount Due - Current Period:** | **$161,075.90** |



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001                                    Invoice: 2254181

adv. A. Salem D.D.S. Inc.                               March 21, 2025

### Invoice Summary

| | |
|---|---|
| Professional Fees Through February 28, 2025 | $4,175.50 |
| Disbursements | $3,519.30 |
| **Amount Due - Current Period:** | **$7,694.80** |
| **Prior Balance Due:** | **$48,881.63** |
| **Total Amount Due** | **$56,576.43** |

**To pay by wire transfer,** route to:
Miller Nash LLP, U.S. Bank National Association
Account # 1536-0646-7352, Routing # 123000220,
Swift Code USBKUS44IMT
Bank address: Portland Main Complex, 555 SW Oak St,
Portland, OR 97204

**To pay by credit card,** use this link:
https://secure.lawpay.com/pages/millernash/operating

**To pay by check,** remit to:
PO Box 3585
Portland, OR 97208-3585

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9%
annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

Invoice:  2254181

March 21, 2025

## Invoice Detail

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 02/02/25 | B. Kornberg | 1.0 | Prepared trial subpoena and letter for Darrow Chu (.6); draft stipulation to continue trial (.4) |
| 02/03/25 | B. Kornberg | 0.2 | Communicate with Darrow Chu regarding timing of deposition |
| 02/04/25 | B. Kornberg | 0.4 | Draft order on stipulation to continue trial (.3); communicate with Veritext regarding release of Darrow Chu deposition (.1) |
| 02/05/25 | B. Kornberg | 0.3 | Review order continuing trial; drafted amended subpoena for Darrow Chu and communicated with Darrow Chu regarding appearance |
| 02/06/25 | B. Kornberg | 0.7 | Prepared Subramanian trial subpoena and letter; call with Subramanian regarding trial appearance |
| 02/13/25 | B. Kornberg | 0.3 | Call with Salem's counsel regarding settlement and trial issues |
| 02/18/25 | B. Kornberg | 0.2 | Call with client to discuss settlement |
| 02/27/25 | B. Morrison | 3.4 | Review and analyze mediation briefs re prepare for trial (2.5); review California rules re pro hac vice (.5); review and revise pro-hac vice application (.3); request Oregon certificate of good standing for pro-hac vice application (.1) |
| 02/28/25 | B. Kornberg | 1.1 | Trial preparation call with Brianna Morrison; attend to transfer of files from Armanino |
| 02/28/25 | B. Morrison | 0.7 | Confer with Bernie Kornberg re background and next steps to prepare for trial |

## Fee Summary

| Professional | Title | Time | Rate | Amount |
|---|---|---|---|---|
| B. Kornberg | Partner | 4.2 | $550 | $2,310.00 |
| B. Morrison | Associate | 4.1 | 455 | 1,865.50 |
| **Summary Total:** | | **8.3** | | **$4,175.50** |

## Disbursement Summary

| Disbursements | Amount |
|---|---|
| PRF* INV#711131, Date: 2/6/2025; Cost for service of process of subpoena on Deepa Subramaniam | 252.50 |
| Veritext Corp (ACH); Invoice#: 8050124; Cost of court reporting and transcription services for the deposition of Ardeshir Salem | 3,266.80 |
| **Disbursement Total:** | **$3,519.30** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through February 28, 2025 | $4,175.50 |
| Disbursements | $3,519.30 |
| **Amount Due - Current Period:** | **$7,694.80** |



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001                                Invoice: 2252732

adv. A. Salem D.D.S. Inc.                           February 28, 2025

**Invoice Summary**

| | |
|---|---:|
| Professional Fees Through January 31, 2025 | $21,010.00 |
| Disbursements | $6,000.00 |
| **Amount Due - Current Period:** | **$27,010.00** |
| **Prior Balance Due:** | **$21,871.63** |
| **Total Amount Due** | **$48,881.63** |

---

**To pay by wire transfer,** route to:
Miller Nash LLP, U.S. Bank National Association
Account # 1536-0646-7352, Routing # 123000220,
Swift Code USBKUS44IMT
Bank address: Portland Main Complex, 555 SW Oak St,
Portland, OR 97204

**To pay by credit card,** use this link:
https://secure.lawpay.com/pages/millernash/operating

**To pay by check,** remit to:
PO Box 3585
Portland, OR 97208-3585

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9%
annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

**Invoice Detail**

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 01/07/25 | B. Kornberg | 0.6 | Draft deposition notices of Salem and Salem DDS, including examination topics |
| 01/08/25 | B. Kornberg | 0.8 | Call with client to discuss case review and settlement (.3); call with counsel for Salem regarding mediation (.3); contact potential mediators (.2) |
| 01/10/25 | B. Kornberg | 1.2 | Attend trial status conference (.4); communicate with JAMS regarding potential mediators (.2); communicate with counsel for Salem regarding mediation (.1); call with client regarding itemizing discovery issues (.5) |
| 01/13/25 | B. Kornberg | 0.1 | Communicate with Salem's counsel regarding deposition |
| 01/14/25 | B. Kornberg | 4.2 | Communicate with deposition service regarding timing of deposition (.1); prepare for Salem deposition (4.1) |
| 01/15/25 | B. Kornberg | 6.4 | Prepare deposition subpoena for Wendy Spaulding and arrange service (.6); prepare for Salem deposition (5.8) |
| 01/16/25 | B. Kornberg | 8.0 | Attend deposition of Salem and Salem DDS |
| 01/17/25 | B. Kornberg | 0.3 | Communicate with Salem's counsel regarding scheduling of mediation |
| 01/22/25 | B. Kornberg | 0.2 | Communicate with Salem's counsel regarding providing deposition transcripts (.2); communicate with JAMS regarding mediation |
| 01/23/25 | B. Kornberg | 0.1 | Communicate with JAMS regarding mediation |
| 01/25/25 | B. Kornberg | 0.3 | Call with client to discuss mediation |
| 01/26/25 | B. Kornberg | 0.5 | Reviewed deposition transcripts provided by Salem |
| 01/27/25 | B. Kornberg | 8.8 | Draft mediation brief; communicate with client regarding brief |
| 01/28/25 | B. Kornberg | 0.5 | Communicate with Salem's counsel regarding exchange of briefs; call with mediator in perpetration of mediation |

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 01/30/25 | B. Kornberg | 0.5 | Reviewed Salem's brief; call client about brief |
| 01/31/25 | B. Kornberg | 5.7 | Attend mediation; review mediator's proposal and sent to client with comments |

### Fee Summary

| Professional | Title | Time | Rate | Amount |
|-------------|-------|------|------|--------|
| B. Kornberg | Partner | 38.2 | $550 | $21,010.00 |
| **Summary Total:** | | **38.2** | | **$21,010.00** |

### Disbursement Summary

| Disbursements | Amount |
|--------------|--------|
| JAMS, Inc (ACH); Invoice#: 7527530 -  Mediation service retainer through 1.31.2025 | 6,000.00 |
| **Disbursement Total:** | **$6,000.00** |

### Invoice Summary

| | |
|--|--|
| Professional Fees Through January 31, 2025 | $21,010.00 |
| Disbursements | $6,000.00 |
| **Amount Due - Current Period:** | **$27,010.00** |



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001                                      Invoice: 2250750
adv. A. Salem D.D.S. Inc.                                 January 30, 2025

### Invoice Summary

| | |
|---|---|
| Professional Fees Through December 31, 2024 | $220.00 |
| Disbursements | $275.00 |
| **Amount Due - Current Period:** | **$495.00** |
| **Prior Balance Due:** | **$21,376.63** |
| **Total Amount Due** | **$21,871.63** |

**To pay by wire transfer,** route to:
Miller Nash LLP, U.S. Bank National Association
Account # 1536-0646-7352, Routing # 123000220,
Swift Code USBKUS44IMT
Bank address: Portland Main Complex, 555 SW Oak St,
Portland, OR 97204

**To pay by credit card,** use this link:
https://secure.lawpay.com/pages/millernash/operating

**To pay by check,** remit to:
PO Box 3585
Portland, OR 97208-3585

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9% annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

## Invoice Detail

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 12/23/24 | B. Kornberg | 0.4 | Communicate with Salem's counsel regarding deposition and mediation (.2); communicate with client regarding review of discovery (.2) |

## Fee Summary

| Professional | Title | Time | Rate | Amount |
|-------------|-------|------|------|--------|
| B. Kornberg | Partner | 0.4 | $550 | $220.00 |
| **Summary Total:** | | **0.4** | | **$220.00** |

## Disbursement Summary

| Disbursements | Amount |
|--------------|--------|
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-24-25133; Service cost for process of subpoena on Wendy Spaulding | 275.00 |
| **Disbursement Total:** | **$275.00** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through December 31, 2024 | $220.00 |
| Disbursements | $275.00 |
| **Amount Due - Current Period:** | **$495.00** |

Miller Nash LLP                                                                                     Page **2**

Case: 15-31519     Doc# 431     Filed: 09/19/25     Entered: 09/19/25 15:19:36     Page 54 of
Case: 15-31519     Doc# 439     Filed: 10/07/25     Entered: 10/08/25 09:16:08     Page 58 of
102



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA  94010

Account:  593510.0001                                              Invoice:  2247726

adv. A. Salem D.D.S. Inc.                                        December 16, 2024

### Invoice Summary

| | |
|---|---|
| Professional Fees Through November 30, 2024 | $770.00 |
| Disbursements | $12,808.13 |
| **Amount Due - Current Period:** | **$13,578.13** |
| **Prior Balance Due:** | **$7,798.50** |
| **Total Amount Due** | **$21,376.63** |

---

**To pay by wire transfer,** route to:
Miller Nash LLP, U.S. Bank National Association
Account # 1536-0646-7352, Routing # 123000220,
Swift Code USBKUS44IMT
Bank address: Portland Main Complex, 555 SW Oak St,
Portland, OR 97204

**To pay by credit card,** use this link:
https://secure.lawpay.com/pages/millernash/operating

**To pay by check,** remit to:
PO Box 3585
Portland, OR 97208-3585

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9% annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

## Invoice Detail

| Date | Professional | Time | Description of Services |
|---|---|---|---|
| 11/08/24 | B. Kornberg | 0.7 | Review discovery and send to client with comments on items to review |
| 11/13/24 | B. Kornberg | 0.4 | Call with accounting expert to discuss review of case and next steps |
| 11/21/24 | B. Kornberg | 0.1 | Communicate with client regarding status of review of documents |
| 11/25/24 | B. Kornberg | 0.2 | Email to Salem's counsel regarding scheduling of deposition and mediation |

## Fee Summary

| Professional | Title | Time | Rate | Amount |
|---|---|---|---|---|
| B. Kornberg | Partner | 1.4 | $550 | $770.00 |
| **Summary Total:** | | **1.4** | | **$770.00** |

## Disbursement Summary

| Disbursements | Amount |
|---|---|
| Vendor: Legal Support Network LLC (ACH); Invoice#: LA-24-23163; Unsuccessful service of process cost re civil subpoena directed to Attorney General of the United States | 405.00 |
| Vendor: Armanino Advisory LLC; Invoice#: CINV-1389025; Cost of accounting specialist services as expert witness | 12,403.13 |
| **Disbursement Total:** | **$12,808.13** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through November 30, 2024 | $770.00 |
| Disbursements | $12,808.13 |
| **Amount Due - Current Period:** | **$13,578.13** |



Jinnie Chao
30 Pilarcitos Ct
Hillsborough, CA 94010

Account: 593510.0001                                    Invoice: 2246938
adv. A. Salem D.D.S. Inc.                               December 2, 2024

### Invoice Summary

| | |
|---|---:|
| Professional Fees Through October 31, 2024 | $1,320.00 |
| Disbursements | $6,478.50 |
| **Amount Due - Current Period:** | **$7,798.50** |

---

| | |
|---|---|
| **To pay by wire transfer**, route to: | **To pay by credit card**, use this link: |
| Miller Nash LLP, U.S. Bank National Association | https://secure.lawpay.com/pages/millernash/operating |
| Account # 1536-0646-7352, Routing # 123000220, | |
| Swift Code USBKUS44IMT | **To pay by check**, remit to: |
| Bank address: Portland Main Complex, 555 SW Oak St, | PO Box 3585 |
| Portland, OR 97204 | Portland, OR 97208-3585 |

Accounts due and payable in U.S. dollars upon receipt. Please include invoice number with remittance.
Invoice may not include all fees and expenses incurred prior to statement closing date. Late charges of .75% per month (9% annually) will accrue on all amounts unpaid after 30 days from date of invoice. Tax ID # 46-4958489.

## Invoice Detail

| Date | Professional | Time | Description of Services |
|------|-------------|------|------------------------|
| 10/01/24 | B. Kornberg | 0.3 | Call with accountant regarding additional documents needed for review (.2); communicate with Ethan Balogh regarding locating documents (.1) |
| 10/14/24 | B. Kornberg | 0.5 | Call with Armanino regarding status of accounting report |
| 10/15/24 | B. Kornberg | 1.0 | Draft subpoena on forensic accountant and United States Attorney General |
| 10/16/24 | B. Kornberg | 0.2 | Call with expert regarding updated status of review |
| 10/31/24 | B. Kornberg | 0.4 | Call with client to discuss accounting issues |

## Fee Summary

| Professional | Title | Time | Rate | Amount |
|-------------|-------|------|------|--------|
| B. Kornberg | Partner | 2.4 | $550 | $1,320.00 |
| **Summary Total:** | | **2.4** | | **$1,320.00** |

## Disbursement Summary

| Disbursements | Amount |
|--------------|--------|
| Vendor: Armanino LLP; Invoice#: CINV-1410517; For Services Rendered Through Oct 31, 2024 | 6,478.50 |
| **Disbursement Total:** | **$6,478.50** |

## Invoice Summary

| | |
|---|---|
| Professional Fees Through October 31, 2024 | $1,320.00 |
| Disbursements | $6,478.50 |
| **Amount Due - Current Period:** | **$7,798.50** |

Miller Nash LLP

Page **2**

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 58 of
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 62 of
102

# EXHIBIT F



**Bernie Kornberg**
Partner
bernie.kornberg@millernash.com
562.247.7622 (direct)

July 11, 2025

**VIA USPS PRIORITY MAIL AND EMAIL**

Jinnie Chao
30 Pilarcitos Court
Hillsborough, CA 94010
jchao888@gmail.com

Subject:     Past Due Invoices and Notice of Right to Initiate Fee Arbitration

Dear Jinnie:

As reflected in the enclosed statement of account, as of the date of this letter, you owe Miller Nash LLP (the "firm") $192,652.33 for legal services provided in connection with the litigation with Dr. Ardeshir Salem and A. Salem D.D.S. (the "Salem Litigation"). This amount does not include interest, which has accrued (and will continue to accrue) on past due amounts at the rate of nine percent per annum.

Before I respond to the merits of the Fee Motion, I would like to again remind you that Miller Nash is no longer your legal counsel.  In this letter, I will respond to your legal claims with citations to cases and authority.  We are not advising you on the law, but rather are providing you our position as to the claims you have raised, and as to our right to payment. I would recommend that you review this letter with new counsel.

On June 11, 2025, I sent you a final bill for the Salem Litigation. In response, you indicated that you "have no way of paying in full" and asked if the firm could set up a payment plan. I responded that the firm would consider a payment plan and asked you to propose terms for the firm to consider. Rather than providing proposed terms for a payment plan, on June 18, 2025, you filed with the Bankruptcy Court a Motion to Disallow Unapproved Attorney Fees and Costs (the "Fee Motion"). And since your June 11, 2025, email requesting a payment plan, you have not responded to any of my calls, emails, or texts asking to discuss this matter further.

The Fee Motion has no merit. The requirement that your attorneys be approved by the Bankruptcy Court ended upon confirmation of your Chapter 11 Plan.  The Chapter 11 plan filed on April 23, 2024 provides that "[o]n the Effective Date, all property of the estate and interests

340 Golden Shore, Suite 450 | Long Beach, CA 90802

4897-8475-6308.3



of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code." The plan defines the effective date as "[t]he fifteenth day following the date of the entry of the order of confirmation." On April 25, 2024, the Bankruptcy Court issued an order confirming the Chapter 11 plan. Accordingly, on May 10, 2024, your bankruptcy estate revested. At that time, there was not an estate to represent or pay professionals. You were free to hire professionals without approval of the Bankruptcy Court as to both hiring and compensation.

On July 1, 2024, you entered into an engagement with the firm whereby you agreed to pay the firm for services provided in connection with the Salem Litigation. A copy of your signed engagement letter is enclosed. You were fully informed and aware that the cost to proceed to trial in the Salem Litigation would exceed $100,000. You repeatedly stated that you were not interested in settlement, and the firm ultimately secured a settlement with no payment to Salem. This was the exact result you stated was your goal when we went to trial. The firm is confident that a fee arbitrator or the court will conclude that the firm is entitled to payment in full for its services.

Until the firm receives payment in full of its outstanding invoices (or until arrangements satisfactory to the firm have been made for payment of the outstanding invoices), the firm intends to proceed with its legal rights to collect payment under the Engagement Agreement and applicable law. In accordance with the Rules of the California State Bar and the Business and Professions Code, we enclose a copy of the Notice of Client's Right to Arbitration, which informs you of your right to proceed with Mandatory Fee Arbitration as provided by Business and Professions Code section 6200 et seq. We also enclose the Request for Arbitration of a Fee Dispute, which you can submit to the State Bar to initiate fee arbitration. An online version of this form, and other information, can be found on the State Bar's website at the following link: https://www.calbar.ca.gov/Attorneys/Compliance-Records/Mandatory-Fee-Arbitration/Forms-Resources.

If you do not request Mandatory Fee Arbitration within 30 days of receipt of this notice, or by August 15, 2025, whichever is later, the firm intends to commence legal proceedings. If you wish to discuss this letter, please feel free to call, text, or email. I am happy to have any reasonable discussion on this matter.

Jinnie Chao
July 11, 2025
Page 3



Respectfully,

Bernie Kornberg

Bernie Kornberg


Enclosures

4897-8475-6308.3

# Enclosure 1

# Notice of Client's Right to Fee Arbitration



# Notice of Client's* Right To Fee Arbitration

Client's Name:    Jinnie Chao                  Attorney's Name:    Bernie Kornberg

Client's Address:   30 Pilarcitos Ct             Attorney's Address:   340 Golden Shore, Ste 450

Client's City, State & Zip:   Hillsborough, CA 94010      Attorney's City, State & Zip:   Long Beach, CA 90802

You have an outstanding balance for fees and/or costs for professional services in the amount of  $ 192,652.33 in fees and costs, $744.63 in interest, with interest accruing charged to you in the matter of   Ardeshir Salem etl v. Jinnie Jinhuei Chang Chao, 16-03023, Bankr. N.D. Cal., and related matters

☐ I have filed a lawsuit against you in the:      Court: _____   Case No.: _____

                                         Address: _____

☐ I have filed an arbitration proceeding against you with the:   Agency: _____   Case No.: _____

                                         Address: _____

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN **30 DAYS** FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The arbitration program listed below is available to you:

         Name of Program: _____

         Address: _____

         City, State & Zip: _____

         Telephone No.: _____

         You may wish to check the State Bar's website at www.calbar.ca.gov to see if there are other programs available to you.

☒ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

Date:   July 11, 2025                Attorney:   /s/ Bernie Kornberg

*The request for arbitration may also be made by a person who is not the client but who may be liable for or entitled to a refund of attorney's fees or costs.

(Mandatory State Bar Approved Form Rev. March 2013)

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 64 of
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 68 of
102

# Enclosure 2

# Engagement Agreement



**Bernie Kornberg**
bernie.kornberg@millernash.com
562.247.7622 (direct)

July 1, 2024

**VIA EMAIL: NEWJCHAO@GMAIL.COM**

Jinnie Chao
30 Pilarcitos Court
Hillsborough, CA 94010

Subject:     Agreement for Legal Services

Dear Jinnie:

Thank you for asking Miller Nash LLP to provide legal services to you. This letter confirms the scope of our engagement as counsel and provides information about our fees, billing information, and other terms that will govern our relationship for this matter and any additional matters that we agree to handle on your behalf. If the terms below are acceptable, we ask that you return a signed copy of this letter to us. A copy by email is fine.

**1.     Client; Scope of Representation.**

Our client in this matter will be you individually. We will represent you in the matter of A. Salem D.D.S., Inc. et al. v. Jinnie Chao, currently pending in the United States Bankruptcy Court for the Northern District of California, Case No. 16-3023.  We will also represent you in the case of A. Salem D.D.S., Inc. et al. v. Jinnie Chao, currently pending in the Superior Court of Santa Clara County, Case No. 12-cv-217465.

Although our engagement currently includes only the services above, at your request we would be happy to discuss the possibility of providing additional specific legal services.

Unless otherwise agreed in writing, our engagement does not include providing any advice or legal services relating to federal, state, or local tax or securities laws. We expect that you will rely on its outside accountants or bookkeeper for tax advice.

We may provide legal advice that affects a business decision, but the services we provide are legal services. The business decisions are yours.

California
Oregon
Washington
**MILLERNASH.COM**

340 Golden Shore, Ste 450 | Long Beach, CA 90802

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



## 2.     Fees and Expenses.

I will have primary responsibility to see that your legal needs are met. Other lawyers in the firm, as well as paralegals, will be part of the team helping with the work.

Our fees are based on the billing rate for each attorney and paralegal devoting time to your matters. Clients occasionally ask us to estimate the amount of fees and costs likely to be charged in a particular matter. These estimates are not guaranteed maximum amounts. The time and effort required will vary from situation to situation. This is especially true in matters involving negotiation, in which factors not within our control often affect the fee.

Our standard billing rates for attorneys currently range from $390 per hour to $875 per hour, based on experience level and practice area. My rate is $645 per hour but will be billing at a discount in the amount of $550 per hour and the attorneys likely to assist with the work described above have rates of $390 and $875 per hour, respectively. Time devoted by paralegals is charged at billing rates ranging from $265 to $360 per hour. These billing rates may be adjusted annually.

We will send you monthly statements describing the work done and expenses incurred through the previous month. Expenses are charged to you at cost; we do not add an administrative fee. If a statement is not paid within 30 days, we may suspend performing services until arrangements satisfactory to us have been made for payment of outstanding and future charges and may charge 9 percent per annum interest on overdue amounts from the invoice date.

Fees and expenses of others you approve of our retaining (such as experts, investigators, consultants, e-discovery vendors, and appraisers) generally will not be paid by us but will be billed directly to you. You will likely need electronic data processing and storage if this matter involves litigation or prospective litigation. Your costs for electronic data processing and storage—and whether those services are provided by the firm or a vendor—may increase or change depending on the volume and types of data involved and the needs of the case.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



If a trial, arbitration, mediation, or hearing date is set, we may require you to pay any outstanding amounts owing us and to deposit with us the attorney fees we estimate will be incurred in preparing for and completing that proceeding, as well as any administrative fees likely to be assessed. If you fail to pay as requested, we have the right to withdraw from representing you.

If at any time you have a question about our fees, please let us know. We want our charges to represent the fair value of our services to our clients.

**Advance Fee Deposit as Security.** In connection with this matter, we request an advance fee deposit in the amount of $25,000. Our representation will begin only after we receive these funds, which will remain in our client trust account for the duration of our representation. The funds may be used to satisfy any overdue statements for our work. If we do that, we may discontinue work until you replenish the deposit to the original amount.

You may send payment of your deposit by check or wire transfer. Checks should be sent to Accounting Department, Attention: Trust, at 1140 SW Washington St, Ste 700, Portland, OR 97205. We will provide wire transfer instructions upon request.

**3.      Responsibilities.**

Effective legal representation requires that you accept certain responsibilities. We expect that you will:

- be candid and cooperative with us and keep us informed with complete and accurate factual information, documents, and other communications relevant to our representation;

- allow reasonable time for us to prepare agreements, complete filings, and otherwise conduct our work; and

- inform us of any changes in contact information, including address, telephone number, and email address.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



We may express views or beliefs about possible strategies and expected results. These statements are intended to be an expression of opinion only, based on information available to us at the time, and not a promise or guarantee.

**4.     Communications.**

Our communications on this engagement will be with you or with others identified to us in writing as authorized contacts.

We will use Internet-based services, such as email, to communicate with you. These services involve some risk that third parties may hack into or otherwise intercept confidential communications, but we believe that the benefits outweigh the risk of accidental disclosure. We recommend that you avoid using computers or other communications tools owned, controlled, or accessible by others, such as your employer, public Wi-Fi networks, cloud storage, or shared home or office computers. Use of any computer, device, or account that is accessible by others increases the risk of hacking and could result in loss of the attorney-client privilege. Any device you use should be password-protected.

If you would like our email communications to be encrypted, we will work with you to establish encryption protocols.

**5.     Conflict-of-Interest Issues/Advance Conflict Waiver.**

Some of our present or future clients may ask us to advise them with respect to matters in which those clients' interests are actually or potentially adverse to yours. For example, our present or future clients may ask us to advise them with respect to contracts (including bank loans) to which you are a party, disputes with you (including representing them in contentious arbitration and litigation matters adverse to you), and bankruptcy or receivership matters in which those other clients' interests are adverse to yours. Additionally, it is possible that while representing you in matters adverse to other parties, those adverse parties may ask the firm to represent them in matters unrelated to our work for you.

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



**By engaging us, you are giving us permission to concurrently represent other clients in matters that are not substantially related to our work for you, even though in some cases the interests of those other clients may be directly adverse to or competitive with your interests.**

**This section is sometimes known as an "advance conflict waiver."** In consenting to this advance waiver, you should consider whether there is any significant risk (a) that any confidences or secrets furnished to the firm could be used adversely to you, or (b) that the firm will be less zealous or eager in representing you because of the other representation. We believe any risk in these respects is minimal, and the firm would not undertake representation of another client adverse to you if it believed that there was a significant risk that the firm's representation of the other client would be materially limited by its responsibilities to you, but you should evaluate for yourself the material risks of consenting to this advance waiver before retaining us as counsel. By signing this engagement letter (or, if we don't receive a signed copy of this engagement letter, by directing us to perform work for you), we will understand that you consent to this advance waiver.

If for any reason this advance waiver is not effective in specific circumstances, you agree to (a) consent to the firm's resignation from its representation of you and (b) support a motion (if filed by us) to withdraw from our representation of you if resignation at that time is otherwise permissible under the applicable professional rules.

We recommend that you obtain independent legal advice to determine whether to consent to this advance waiver. Whether to seek that advice is up to you.

**6.      Consent to In-House Attorney-Client Privilege.**

Sometimes we need to get our own legal advice about our duties to our clients or our handling of a matter. We then confer with an attorney (typically within the firm) who is responsible for providing us with legal advice on these questions. You are not charged for this advice.

In some jurisdictions, this in-house consultation may not be protected by attorney-client privilege. By engaging us, you consent to our consulting with our firm's counsel (either in-house

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



or outside) on a privileged basis and confirm that our contemporaneous representation of you will not waive, limit, or invalidate the privileged nature of the consultation.

## 7.    Conclusion of Representation.

You have the right to terminate our services for any reason at any time. We request that if you do so, you notify us in writing to avoid any confusion.

In some circumstances, and subject to the applicable professional rules, we may find it necessary or appropriate to withdraw from representing you. We will give you prompt notice of withdrawal in writing and will take steps that are reasonably practicable to protect your interests.

Unless previously terminated, our representation on any specific matter will conclude when we send our final statement for services rendered in the matter. After our representation of you in any specific matter is concluded, we will provide advice as to future legal developments affecting the matter only if you specifically engage us to do so. In the event that firm attorneys have performed no work on your behalf for a period of one year, you agree that our attorney-client relationship is terminated as of the last date firm attorneys performed legal services on your behalf, unless otherwise agreed in writing.

Termination of our services or withdrawal from representation does not affect your obligation to pay for legal services and expenses incurred up to the time of termination.

## 8.    Return and Disposition of Documents.

At your request, any papers and property you have provided to us will be returned promptly upon receipt of payment for outstanding fees and costs. You may also obtain copies of your "external" files (e.g., external correspondence and emails) at our cost of retrieval and duplication, so long as we still retain them. "Internal" files (e.g., internal firm emails, memos prepared for our own use, and firm administrative records) are the property of the firm. For various reasons, including reducing unnecessary storage expenses, we typically destroy or

DocuSign Envelope ID: 3601D4C2-B21D-48FB-A134-2B6D39F27439



otherwise dispose of any documents or other materials retained within a reasonable time after the representation ends without further notice to you.

**9.      Sign and Return.**

Let me know if you have any questions about our engagement terms. If this letter is acceptable, we ask that you sign and return it to us for our file. Sending a scanned copy by email is fine. While we'd prefer to have a signed copy of this letter, if we don't receive it but we proceed with your work at your request, we will consider ourselves engaged on the terms of this letter.

We are pleased to have this opportunity to work with you. Contact me at any time if you have questions or comments about our work.

Very truly yours,

*Bernie Kornberg*

Bernie Kornberg

ACKNOWLEDGED AND AGREED:

_____
*Jinnie Chao*
DocuSigned by:
DOCFP323934249A.

Jinnie Chao

Please provide contact(s) and email address(es) for appropriate billing distribution.

Contact Name: Jinnie Chao              Email Address: newjchao@gmail.com

Contact Name: _____        Email Address: _____

4888-5586-8621.2

# EXHIBIT G

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "**_Agreement_**") is entered into as of April 11, 2025 (the "**_Effective Date_**"), and is by and between Jinnie Jinhuei Cheng Chao ("**_Chao_**"), an individual on one hand, and Ardeshir Salem ("**_Salem_**"), an individual and A. Salem D.D.S. Inc., a California Corporation (the "**_Dental Practice_**") (collectively, the "**_Salem Parties_**"), on the other hand. Chao and the Salem Parties are collectively referred to as the "**_Parties_**" and each individually as a "**_Party_**".

## RECITALS

WHEREAS, on January 26, 2012, Chao commenced a lawsuit in Santa Clara County Superior Court, case number 1-12-CV-217465, for causes of action to recover the advanced funds and back wages and sought damages against both entities in the total of $1,474,500 against Salem and the Dental Practice (the "**_State Court Proceeding_**");

WHEREAS, on August 14, 2012, the Dental Practice and Salem filed a cross-complaint against Chao and other parties in the State Court Proceeding;

Whereas, on January 14, 2015, the Dental Practice filed a new action (the "2015 Complaint") as to Jinnie Chao and others in Santa Clara Superior Court, case no. 1-15-cv-275589, which was consolidated into the State Court Proceeding;

WHEREAS, on December 12, 2013, Chao obtained a default judgment against the Dental Practice in the State Court Proceeding (the "**_State Court Judgment_**");

WHEREAS, on December 4, 2015, Chao commenced a case under Chapter 11 of Title 11 of the United States Bankruptcy Court in the Northern District of California, San Francisco Division (the "**_Bankruptcy Court_**"), Case No. 15-31519 (the "**_Bankruptcy Case_**");

WHEREAS, on March 10, 2016, the Salem Parties filed an adversary complaint (the "**_Adversary Complaint_**") bringing a claim to Determine the dischargability of Chao's debt to Salem and the Dental Practice and object to her discharge (the "**_Adversary Proceeding_**");

WHEREAS, Chao answered the Adversary Complaint and brought a cross-complaint against Salem, reasserting the claims raised in the State Court Action as to non-payment of her personal loans to him (the "**_Adversary Cross-Complaint_**");

WHEREAS, the Salem Parties filed Claim 9-4 in this Adversary Proceeding. Claim 9-4 seeks payment of the sum of $1,156,805.38 and is predicated on the same claims as raised in the Adversary Proceeding. [Claim 9-4] (the "**_Proof of Claim_**");

WHEREAS, Chao objected to this claim and the claim objection was consolidated with the Adversary Proceeding;

4906-3860-1264.2

Case: 15-31519   Doc# 431   Filed: 09/19/25   Entered: 09/19/25 15:19:36   Page 74 of
Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 78 of
102

Docusign Envelope ID: 9FCE00F9-9DC8-4DE2-953B-FCD328BAD3C7

WHEREAS, On April 4, 2024, Chao renewed the State Court Judgment against the Dental Practice;

WHEREAS, to avoid the expense and uncertainty of litigation, the Parties desire to resolve all claims related to the State Court Proceeding, the State Court Judgment, the Proof of Claim, and the Adversary Proceeding, subject to the terms of conditions of this Agreement; and

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows.

## AGREEMENT

1.      **Recitals True**. The foregoing recitals are true in all respects and incorporated by reference as though fully set forth as provisions of this Agreement.

2.      **Court Approval.**  Pursuant to the Court's April 2, 2025 ruling, the parties shall submit this Settlement Agreement for approval of the Bankruptcy Court through the Bankruptcy Stipulation (as defined in section 3.a., below).  This Settlement Agreement shall become effective upon entry of an order from the Bankruptcy Court approving the Settlement Agreement.

3.      **Settlement**. In consideration for the mutual releases set forth herein, the Parties agree to the following:

   a.  ***Dismissal of Adversary Proceeding and Withdrawal of Proof of Claim.*** The Parties agree to dismiss the Adversary Proceeding, including the Adversary Complaint and Cross-Complaint, with prejudice and with the parties to bear their own costs, and to withdrawal Proof of Claim 9-4 with prejudice.  Counsel for the Parties shall, concurrent with the execution of this Agreement, sign the Stipulation to Approve Settlement, Dismiss the Adversary Proceeding, and Withdraw Claim 9-4 (the "Bankruptcy Stipulation") attached as <u>Appendix A</u> to this Agreement.  Counsel for Chao shall, without waiting for the effective date, file the Bankruptcy Stipulation, with a conforming order, in the Adversary Proceeding within three court days of full execution of this Agreement, including <u>Appendix A</u>, <u>Appendix B</u>, and <u>Appendix C</u>.

   b.  ***Dismissal of the State Court Action.***  The Parties agree to dismiss the State Court Action, including the consolidated 2015 Complaint, in its entirety, with prejudice, and with the parties to bear their own costs.  Counsel for the Parties shall, concurrent with the execution of this Agreement, sign the Request for Dismiss attached as <u>Appendix B </u>to this Agreement.  Counsel for Chao shall file the Request for Dismissal in the State Court Action within three court days of the Effective Date of this Agreement.

4906-3860-1264.2

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 75 of
85
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 79 of
102

c. ***Satisfaction of State Court Judgment***. Counsel for Chao shall, concurrent with the execution of this Agreement, sign the Satisfaction of Judgment attached as <u>Appendix C</u> to this Agreement. Counsel for Chao shall file the Satisfaction of Judgment in the State Court Action within three court days of the Effective Date of this Agreement.

d. ***No Payment***. No money shall exchange hands as part of this Agreement. Except for as set forth in paragraph 8.g., below, the Parties agree to bear their own fees and costs.

4. <u>**Mutual General Release**</u>. Except with respect to any rights, obligations or duties arising out of this Agreement, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Chao, on the one hand, and Salem and the Dental Practice, on the other hand, do hereby, for themselves, their affiliates, family members, members, shareholders, officers, employees, attorneys, representatives, agents, successors and assigns (collectively, the "Releasing Parties"), release, acquit and forever discharge each other, and their respective affiliates (including American Dental Management Corp. and Wizcorp Corporation), family members (including Jonathan Chao and Justin Chao), members, shareholders, officers, employees, attorneys, representatives, agents, successors and assigns (the "Released Parties") of and from any and all known or unknown claims, demands, complaints, charges, lawsuits or claims for relief of any kind. The purpose of this release is to fully resolve all disputes, known or unknown, between the Released Parties as of the effective date of this Agreement, and as such, the release should be interpreted in the broadest possible manner.

The Releasing Parties certify that they have read the provisions of California Civil Code Section 1542 and have consulted their own counsel regarding that section. The Releasing Parties waive any and all rights under California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree and acknowledge that the released claims extend to and include unknown and unsuspected claims.

5. <u>**Acknowledgements**</u>. The Parties acknowledge that:

a. The Parties have read and understands the effect of the release in paragraph 3 of this Agreement (the "***Release Provision***"); The Parties had the assistance of independent counsel of their own choice, or had the opportunity to retain such independent counsel, in reviewing, discussing, and considering all the terms of the Release Provision; and if counsel was retained, counsel for the Parties have read and considered the Release Provision and advised the Parties to execute the same. Before execution of this Agreement, the Parties had adequate

4906-3860-1264.2

Case: 15-31519   Doc# 431   Filed: 09/19/25   Entered: 09/19/25 15:19:36   Page 76 of
Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 80 of
102

opportunity to make whatever investigation or inquiry the Parties deem necessary or desirable in connection with the subject matter of the Release Provision.

b.      The Parties are not acting in reliance on any representation, understanding, or agreement not expressly set forth herein. The Parties acknowledges that each county-party has not made any representation with respect to the Release Provision except as expressly set forth herein.

c.      The Parties have executed this Agreement and the Release Provision as the Parties' free and voluntary act, without any duress, coercion, or undue influence exerted by or on behalf of any person.

d.      The Parties have not sought, received, or relied on the counter-party or any agent for a counter-party for any tax advice of any kind with respect to the effects of this Agreement, the forgiveness of the Remaining Balance, the Release, or the delivery of any consideration identified herein. The Parties have been advised to consult with their own tax advisor regarding any tax issues that may arise from entering into this Agreement, including any taxable income that may be recognized by the Parties as a result of the forgiveness of the Loan.

6.      **Non-Admission**. It is understood and agreed that this Agreement does not constitute any admission by the Parties with respect to any conduct or action, including any of the claims, allegations or defenses raised, or which could have been raised, in the State Court Proceeding, the Bankruptcy Case, or the Adversary Proceeding, and that, except as provided herein, this Agreement is being entered into solely for the purpose of resolving disputed claims and issues of fact. Neither this Agreement nor any allegations, claims and/or defenses from the State Court Proceeding, the Bankruptcy Case, or the Adversary Proceeding shall be cited or referenced in any way by either of the Parties as being indicative of any improper or illegal conduct, wrongdoing, or liability on the part of any of the Parties.

7.      **Representations**.

a.      *No Assignment*. Each Party represents and warrants that it is the sole and exclusive owners of all claims and causes of action that are the subject of this Agreement, that it has not assigned an interest in the claims and causes of action described in this Agreement to any other person, party or entity, and that it has the sole and exclusive, unqualified right to give the releases and make the agreements, covenants, and representations set forth in this Agreement.

b.      *Capacity; Authority*. Each Party represents and warrants that it has capacity to enter into this Agreement and covenant on its own behalf and on behalf of its heirs, family members, successors and assigns never to make any claim to the contrary. Each Party further represents and warrants that it has full and complete authority to execute this Agreement for the Parties on whose behalf it signs and thereby to legally bind such Party to the terms hereof.

4906-3860-1264.2

Case: 15-31519   Doc# 431   Filed: 09/19/25   Entered: 09/19/25 15:19:36   Page 77 of
85
Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 81 of
102

Docusign Envelope ID: 9FCE00F9-9DC8-4DE2-953B-FCD328BAD3C7

c.    *Legal Representation*. Each Party represents and warrants that it is either represented by legal counsel, who has reviewed and approved the terms of this Agreement, or has been provided the opportunity to have the terms of this Agreement reviewed by legal counsel and has chosen not to.

8.    **Miscellaneous.**

a.    *Choice of Law; Jurisdiction; Jury Waiver*.  This Agreement is to be interpreted and construed according to the laws of the state of California, without regard to choice-of-law principles. The Parties agree that any dispute regarding this Agreement shall be decided by motion brought to United States Bankruptcy Court for the Northern District of California, and the Parties consent to the jurisdiction of that Court.  If that Court determines it lacks jurisdiction to hear the dispute or otherwise declines to hear the dispute, the Parties shall submit the Dispute to any Court with jurisdiction venued within the City of San Francisco, California.  **TO THE FULLEST EXTENT ALLOWED BY LAW, THE PARTIES WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY CASE OR PROCEEDING PERTAINING TO THE INTERPRETATION AND ENFORCEMENT OF THIS AGREEMENT AND ANY ASSOCIATED DOCUMENT.**

b.    *Binding Agreement*. This Agreement is binding on the Parties and their heirs, family members, affiliates, predecessors, successors, assigns, estates, personal representatives, executors, owners, officers, directors, shareholders, principals, members, managers, employees, agents, and representatives, and on any other person or entity claiming a right or interest through any Party.

c.    *Counterparts*. This Agreement may be executed (a) by electronic or facsimile signatures and (b) in separate counterparts, which together are deemed to be the original Agreement.

d.    *Construction*. The rule of construction that an agreement is to be construed against the drafting party is not to be applied in interpreting this Agreement. The Parties acknowledge that they have executed this Agreement voluntarily and that they understand its meaning and intent. Section titles within this Agreement are for convenience only and are not to be considered as substantive terms of this Agreement.

e.    *Entire Agreement*. This Agreement is the final and complete integration of the agreements of the Parties concerning the subject matter it contains, and the terms of this Agreement may not be modified except by a further written agreement signed by all Parties. This Agreement supersedes any prior oral or written agreements or communications on the subject matter it addresses.

f.    *Further Cooperation and Assurances*. Each Party agrees to take further action and execute further documents as reasonably necessary to effectuate the intent of this Agreement.

4906-3860-1264.2

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 78 of
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 82 of
102

g.    *Costs and Attorney Fees*. Notwithstanding the foregoing, in the event that any Party to this Agreement brings an action to enforce the provisions of this Agreement, the prevailing party in such action shall be awarded its reasonable attorney's fees, costs, and other expenses in connection with such action. Any judgment which results from an action to enforce the provisions of this Agreement shall include an award of all reasonable attorneys' fees, costs and other expenses associated with enforcing and executing the judgment.

IN WITNESS WHEREOF, the undersigned have executed this Agreement

A. Salem D.D.S.

By: ___*Ardeshir salem*___
Name: Ardeshir Salem
Title:  Chief Executive Officer

*Ardeshir salem*
_____
Ardeshir Salem, individually

DocuSigned by:
*Jinnie Chao*
_____
Jinnie Cheng Chao, individually

4906-3860-1264.2

Case: 15-31519    Doc# 431    Filed: 09/19/25    Entered: 09/19/25 15:19:36    Page 79 of
85
Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 83 of
102

Docusign Envelope ID: 9FCE00F9-9DC8-4DE2-953B-FCD328BAD3C7

 **Audit Trail**

DigiSigner Document ID: 70fa3d7c-e317-4170-a546-1b539374ab54

| Signer | Signature |
|---|---|
| Email: smile@smilelosaltos.com<br>IP Address: 2603:3024:1824:4800:851e:71d9:1d79:c06d | *Ardeshir salem* |
| Email: smile@smilelosaltos.com<br>IP Address: 2603:3024:1824:4800:851e:71d9:1d79:c06d | *Ardeshir salem* |

| Event | User | Time | IP Address |
|---|---|---|---|
| Upload document | danjoulaw@gmail.com | 4/22/25 1:00:08PM EDT | 24.4.39.100 |
| Open document | danjoulaw@gmail.com | 4/22/25 1:00:18PM EDT | 24.4.39.100 |
| Close document | danjoulaw@gmail.com | 4/22/25 1:00:52PM EDT | 24.4.39.100 |
| Send for signing | danjoulaw@gmail.com | 4/22/25 1:01:16PM EDT | 24.4.39.100 |
| Open document | smile@smilelosaltos.com | 4/24/25 4:16:58PM EDT | 2603:3024:1824:4800:851e:7 1d9:1d79:c06d |
| Sign document | smile@smilelosaltos.com | 4/24/25 4:20:49PM EDT | 2603:3024:1824:4800:851e:7 1d9:1d79:c06d |
| Close document | smile@smilelosaltos.com | 4/24/25 4:20:49PM EDT | 2603:3024:1824:4800:851e:7 1d9:1d79:c06d |

# EXHIBIT H



## Certificate Of Completion

Envelope Id: 9FCE00F9-9DC8-4DE2-953B-FCD328BAD3C7
Subject: Settlement Agreement
Source Envelope:
Document Pages: 7
Certificate Pages: 4
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: 1
Initials: 0

Status: Completed

Envelope Originator:
Bernie Kornberg
111 SW 5th Ave
Suite 3400
Portland, OR 97204
bernie.kornberg@millernash.com
IP Address: 52.182.227.38

### Record Tracking

Status: Original
    4/24/2025 | 03:23 PM

Holder: Bernie Kornberg
    bernie.kornberg@millernash.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Jinnie Chao<br>jchao888@gmail.com<br>Security Level: Email, Account Authentication (None) | *Jinnie Chao*<br>DocuSigned by:<br>5D4F01AC95C6ND7<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 73.158.61.181 | Sent: 4/24/2025 \| 03:23 PM<br>Viewed: 4/25/2025 \| 02:51 PM<br>Signed: 4/25/2025 \| 02:54 PM |

Electronic Record and Signature Disclosure:
    Accepted: 4/25/2025 | 02:51 PM
    ID: 8a2a1f2d-b7dd-469c-a675-45d3873c761d

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 4/24/2025 \| 03:23 PM |
| Certified Delivered | Security Checked | 4/25/2025 \| 02:51 PM |
| Signing Complete | Security Checked | 4/25/2025 \| 02:54 PM |
| Completed | Security Checked | 4/25/2025 \| 02:54 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Miller Nash LLP (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

### All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Miller Nash LLP:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: hsigler@millernash.com

**To advise Miller Nash LLP of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at hsigler@millernash.com and in the body of such request you must state: your previous email address, your new email address. We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Miller Nash LLP**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to hsigler@millernash.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Miller Nash LLP**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to hsigler@millernash.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Miller Nash LLP as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Miller Nash LLP during the course of your relationship with Miller Nash LLP.

- **Exhibit B** – Unauthorized Court Filings (May 1, May 14, May 22, May 23)

T. Phan

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*<br>After recording, return to:<br>Bernie Kornberg 252006<br>Miller Nash LLP<br>340 Golden Shore, Suite 450<br>Long Beach, CA 90802<br>TEL. NO.: (562) 247-7622  FAX NO. (optional):<br>E-MAIL ADDRESS *(Optional):* bernie.kornberg@millernash.com<br>☒ ATTORNEY FOR  ☒ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD | |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

*FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY*

PLAINTIFF: Jinnie Chao

DEFENDANT: Ardeshir Salem et al.

CASE NUMBER:
2012-1-CV-217465

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

☒ FULL  ☐ PARTIAL  ☐ MATURED INSTALLMENT

*FOR COURT USE ONLY*
Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/14/2025 3:29 PM
Reviewed By:T. Phan
Case #2012-1-CV-217465
Env #19352494

1. Satisfaction of the judgment is acknowledged as follows:
   a. ☒ Full satisfaction
      (1) ☐ Judgment is satisfied in full.
      (2) ☒ The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment.
   b. ☐ Partial satisfaction
      The amount received in partial satisfaction of the judgment is $
   c. ☐ Matured installment
      All matured installments under the installment judgment have been satisfied as of *(date):*

2. Full name and address of judgment creditor:
   Jinnie Chao, c/o Bernie Kornberg, Miller Nash LLP, 340 Golden Shore, Suite 450, Long Beach, CA 90802

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   A. Salem, D.D.S., Inc., 925 N. San Antonio Road, Los Altos, CA 94022

5. a. Judgment entered on *(date):* May 16, 2014
   b. ☒ Renewal entered on *(date):* April 4, 2024

6. ☐ An  ☐ abstract of judgment  ☐ certified copy of the judgment has been recorded as follows *(complete all information for each county where recorded):*

   | COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
   |---|---|---|

7. ☐ A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify):*

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date: May 14, 2025

▶ *Bernie Kornberg*

*(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY**)*

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. July 1, 2014]

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

Page 1 of 1
Code of Civil Procedure, §§ 724.060,
724.120, 724.250

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SANTA CLARA** | **F I L E D**<br>MAY 22 2025<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY_____ R. TIEN, DEPUTY |
| **PLAINTIFF:**<br>Jinnie Chao | |
| **DEFENDANT:**<br>Ardeshir Salem et al. | |
| **ORDER OF DISMISSAL** | **CASE NO.**<br>2012-1-CV-217465 |

This matter came on for hearing before Honorable Frederick S. Chung, Department 10 on May 22, 2025 for the following:

☐ Failure to Appear at a previous hearing by ☐ Plaintiff ☐ all parties

☐ Failure to Serve

☐ Order to Show Cause Re: Sanctions/Dismissal

☒ Case Status Review Re: Bankruptcy

☐ Dismissal After Settlement Re: 3.1385

☐ No Special Appearance and No Telephonic Appearance ordered.

☐ Other:

Good cause appearing, it is the **ORDER** of this court:

    ☒ This case is dismissed without prejudice

    ☒ Entire Action

    ☐ (Partial) Dismissal ONLY as to:

    ☒ No appearance by ☐ Plaintiff ☒ all parties

    ☐ Dismissal After Settlement Re: 3.1385

    ☐ Other:

Dated:    May 22, 2025        _____
                                     Honorable Frederick S. Chung
                                     JUDGE OF THE SUPERIOR COURT



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION

**File Copy**

RE: **Jinnie Chao vs Ardeshir Salem et al**
Case Number: **2012-1-CV-217465**

## PROOF OF SERVICE

**Order of Dismissal** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL OR EMAIL:** I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA. If consent to be electronically served was provided, I served this notice via email to each person listed below at the email address shown. Service performed on 05/23/2025. CLERK OF THE COURT, by Rachel Tien, Deputy.

cc: Bruce C. Janke  16965 Roberts Rd., Apt. A, Los Gatos, CA 95032-4556
Babach Bobby Lau  Law Office of Bobby Lau 99 S. Almaden Blvd., Suite 600, San Jose, CA 95113
Bernard Jaron Kornberg  Miller Nash LLP 340 Golden Shore, Suite 450, Long Beach, CA 90802



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION

**File Copy**

RE: **Jinnie Chao vs Ardeshir Salem et al** 
Case Number: **2012-1-CV-217465**

### PROOF OF SERVICE

**Order of Dismissal** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL OR EMAIL:** I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA. If consent to be electronically served was provided, I served this notice via email to each person listed below at the email address shown. Service performed on 05/23/2025. CLERK OF THE COURT, by Rachel Tien, Deputy.

cc: Bruce C. Janke  16965 Roberts Rd., Apt. A, Los Gatos, CA 95032-4556
Babach Bobby Lau  Law Office of Bobby Lau 99 S. Almaden Blvd., Suite 600, San Jose, CA 95113
Bernard Jaron Kornberg  Miller Nash LLP 340 Golden Shore, Suite 450, Long Beach, CA 90802



1   MILLER NASH LLP
    Bernie Kornberg, Bar No. 252006

2   bernie.kornberg@millernash.com
    Brianna J. Morrison (*Pro Hac*)

3   brianna.morrison@millernash.com
    340 Golden Shore, Ste 450

4   Long Beach, CA 90802
    Telephone:   562.435.8002

5   Facsimile:    562.435.7967

Signed and Filed: May 1, 2025

**DENNIS MONTALI**
U.S. Bankruptcy Judge

6

7   Attorneys for Jinnie Jinhuei Chang Chao

8                 UNITED STATES BANKRUPTCY COURT

                  NORTHERN DISTRICT OF CALIFORNIA

9

10                   SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 15-31519 |
| JINNIE JINHUEI CHANG CHAO, | Chapter 11 |
| Debtor. | Adv No. 16-03023 |
| | **(Consolidated with Objection to Claim 9-4)** |
| ARDESHIR SALEM *et al*, | **ORDER ON STIPULATION TO APPROVE SETTLEMENT, DISMISS THE ADVERSARY PROCEEDING, AND WITHDRAW CLAIM 9-4** |
| Plaintiffs, | |
| vs. | Date: March 31 to April 2, 2025 |
| JINNIE JINHUEI CHANG CHAO, | Time: 10:00 a.m. |
| Defendant. | Ctrm: 17 |
| | The Hon. Dennis Montali |
| AND RELATED COUNTER-CLAIMS | |
| . | |

22       The Court, having reviewed the April 30, 2025 Stipulation between Plaintiffs and Counter

23   Defendants Ardeshir Salem and A. Salem D.D.S., Inc. ("Plaintiffs") and Defendant and

24   Counterclaimant Jinnie Jinhuei Chang Chao ("Defendant") to resolve this adversary proceeding

25   and claim objection for approval of the Court, and to effect the dismissal of this adversary

26   proceeding and withdrawal of Claim 9-4 (the "Stipulation"), filed as docket #79, and for good

27   cause showing, hereby approves it.

28

1

ORDER ON STIPULATION TO APPROVE SETTLEMENT, DISMISS THE ADVERSARY PROCEEDING, AND
WITHDRAW CLAIM 9-4
Case: 16-03023   Doc# 80   Filed: 05/01/25   Entered: 05/01/25 14:13:05   Page 1 of 3

Case: 15-31519   Doc# 439   Filed: 10/07/25   Entered: 10/08/25 09:16:08   Page 95 of
102

1      THEREFORE IT IS ORDERED THAT:

2          1.      The April 11, 2025 Settlement Agreement between Plaintiffs and Defendant, a

3  copy of which is attached as Exhibit A to the Stipulation, is approved and its terms shall become

4  the order of the Court;

5          2.      This adversary proceeding, including the complaint of Plaintiffs and the cross-

6  complaint of Defendant, is dismissed with prejudice, with the parties to bear their own costs; and

7          3.      Plaintiff's Claim 9-4 is withdrawn with prejudice and Plaintiffs no longer shall

8  have any claim as to Chao in the underlying bankruptcy case.

9                          *** END OF ORDER ***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ORDER ON STIPULATION TO APPROVE SETTLEMENT, DISMISS THE ADVERSARY PROCEEDING, AND
WITHDRAW CLAIM 9

Case: 18-03023    Doc# 80    Filed: 05/01/25    Entered: 05/01/25 14:15:05    Page 2 of 3

Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 96 of
102

4918-3168-9277.1

**COURT SERVICE LIST**

ALL PARTIES SERVED BY ECF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

Case: 16-03023    Doc# 80    Filed: 05/01/25    Entered: 05/01/25 14:13:05    Page 3 of 3
ORDER ON STIPULATION TO APPROVE SETTLEMENT, DISMISS THE ADVERSARY PROCEEDING, AND WITHDRAW CLAIM 9-4

Case: 15-31519    Doc# 439    Filed: 10/07/25    Entered: 10/08/25 09:16:08    Page 97 of
102

4918-3168-9277.1

- 
- **Exhibit C** – Concealed Billing Notice (June 23, 2025)


---

## FW: Final Bill
1 message

---

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>

Mon, Jun 23, 2025 at 1:46 PM

---

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

-------------------------------------
**CONFIDENTIALITY NOTICE:** This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
-------------------------------------

**From:** Kornberg, Bernie
**Sent:** Wednesday, June 11, 2025 1:33 PM
**To:** Jinnie Chao (jchao888@gmail.com) <jchao888@gmail.com>
**Cc:** Haeffner, Marci <Marci.Haeffner@millernash.com>
**Subject:** Final Bill

Jinnie,

I hope all is well.  Attached is our final bill in this matter, which totals $192,652.33.  It includes the $136,817 in fees that were incurred after the mediation, along with $24,941.40 in costs (including those of David Golbahar)  and $56,576.43 in the unpaid balance of fees that largely occurred at or before the mediation.  Your $25,000 retainer has been applied, leaving this balance.

Please feel free to call if you want to discuss anything.  Again, it was a pleasure working for you in this matter.

Bernie

---

📄 **593510.0001 invoice 2259537.pdf**
92K

- 
- **Exhibit D** – Final Resolution Email (June 4, 2025) and First Final Bill (June 11, 2025)


## Final Resolution

1 message

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>

Wed, Jun 4, 2025 at 3:44 PM

Jinnie,

Just sent you a text, but wanted to let you know we finally got the settlement completed. Santa Clara kept refusing to dismiss the case until the Court did so itself. Everything is attached, but its finally officially done, so to speak. No cases, judgments, etc.

I've held off on sending you a bill until we complete this, which took longer than expected. But we'll put it together and get it to you shortly.

Thanks again and call for anything.

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
Email | Bio | Insights | Website
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

-------------------------------------
CONFIDENTIALITY NOTICE: This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
-------------------------------------

**3 attachments**

📎 **Chao Order on Stipulation to Approve Settlement, 4913-1581-8557 v.1.pdf**
272K

📎 **2012-1-CV-217465 Order of Dismissal, 4905-9084-3208 v.1.pdf**
63K

📎 **Satisfaction of Judgment.pdf**
167K


## Final Bill

1 message

---

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>
Cc: "Haeffner, Marci" <Marci.Haeffner@millernash.com>

Wed, Jun 11, 2025 at 1:32 PM

Jinnie,


I hope all is well.  Attached is our final bill in this matter, which totals $192,652.33.  It includes the $136,817 in fees that were incurred after the mediation, along with $24,941.40 in costs (including those of David Golbahar)  and $56,576.43 in the unpaid balance of fees that largely occurred at or before the mediation.  Your $25,000 retainer has been applied, leaving this balance.


Please feel free to call if you want to discuss anything.  Again, it was a pleasure working for you in this matter.



Bernie


**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct*: 562.247.7622 | *Office*: 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

-------------------------------------
CONFIDENTIALITY NOTICE: This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
-------------------------------------

---

📄 **593510.0001 invoice 2259537.pdf**
92K