

**FILED**

OCT 1 4 2025

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Case No. 15-31519 | Adv. No. 16-03023**
**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

Re: Response to Motion to Determine Attorneys' Fees and Costs (Dkt 418)**
Filed September 19, 2025 by Bernard Kornberg

---

**Hon. Dennis Montali**
United States Bankruptcy Court, Northern District of California
450 Golden Gate Avenue, 18th Floor
San Francisco, CA 94102

**Dear Judge Montali:**

I am the Debtor and pro se litigant in the above-referenced case. This submission is my formal response to the Motion for Attorneys' Fees and Costs filed on September 19, 2025 by Bernard Kornbert. Upon reviewing the Motion filed by my former counsel, I have discovered a great deal of misconducts and unlawful events conducted strictly behind my back and had seriously influenced the outcome of the AP case closure which this Court presided.

The accompanying document explains why all alleged fees and charges must be denied in their entirety.

The record shows:

1. The $25,000 retainer approved by this Court fully covered authorized services.
2. No monthly invoices or fee statements were ever issued during representation. No work stated on the fees and costs application were never disclosed, authorized, or approved.
3. All additional statements on their internal account records appeared several months of activities before, during and after AP case closure and are unsupported by court approval or to my knowledge. No billings were issued until two and four months after AP closed in April.
4. My AP concluded on April 2, and extensive post-trial filings and negotiation, and a so called "settlement agreement" dated April 11 were completely created by other parties without my consent or knowledge, followed by a series of unapproved documents used to submit to two different courts in California, completely without my authorization, or knowledge. Should I have been notified of such events and documents, no grand theft style transactions would be possible.
5. A series of unpermitted activities were carried out with my opposing parties without approval, disclosure, or completely behind my back and seriously affecting the attorney-client fiduciary duties. My counsel was retained to help me, not against me.
6. These unapproved and concealed actions resulted in severe, unauthorized loss of my assets and rights strictly coordinated with other parties. Such acts are to be sanctioned.

The Counsel I retained is supposed to help to protect my interests in the case, on the opposite, I was excluded from any communications from the second day of Trial and on.

7.

8. As evidenced on their own internal records in this Motion now depicted that a series of negotiations with the opposing parties took place purposely to allow them to carry out the entire scheme without my knowledge and approval, and resulted in a great success and windfall for themselves.

I respectfully request that the Court:

- Strike the entire fee and cost for none of them were disclosed, billed, and approved.
- Reconfirm that no compensation is due after April 2, 2025 as they threaten to bring me to outside court to settle these charges with great penalties and interests.
- Address misconducts arising from undisclosed or fabricated billing; and
- Urge the Court to intervene to recover damages caused by these unauthorized and criminal like actions.

Thank you for your attention to this matter and for reviewing the detailed attached response, which includes Part A through Part D and the full page-by-page audit of the opposing declaration.

Respectfully submitted,

/s/ **Jinnie Jinhuei Chang Chao**
30 Pilarcitos Court
Hillsborough, CA 94010
Dated: October 13, 2025

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

**In re:**
**JINNIE JINHUEI CHANG CHAO,**
Debtor.

**Case No. 15-31519**
**Adv. No. 16-03023**

**RESPONSE TO MOTION TO DETERMINE ATTORNEYS' FEES AND COSTS (DKT 418)**

**Judge:** Hon. Dennis Montali
**Place:** U.S. Bankruptcy Court – Courtroom 17
450 Golden Gate Avenue, 18th Floor, San Francisco, CA 94102

**Filed by:**
**Debtor**
**Jinnie Jinhuei Chang Chao**
30 Pilarcitos Court
Hillsborough, CA 94010
(650) 696-9999

*Jinnie Jinhuei Chang Chao*

**Jinnie Jinhuei Chang Chao**
Debtor
Dated: October 13, 2025

## PART A — BASIS AND NEW DISCOVERIES

This Response is submitted pursuant to Judge Montali's instructions dated June 26, 2025 to address the Motion filed September 19, 2025, regarding alleged attorneys' fees and costs. The purpose is to clarify factual inconsistencies, identify concealed activities, and correct the record with evidence of unauthorized actions that resulted in severe harm to the Debtor.

After reviewing the Motion and its 85-page declaration with Exhibits A–H, multiple new facts emerged:

- The Firm (Miller Nash / successor entity) was never a party to this fee dispute. The Motion concerns **Bernard Kornberg personally**, as counsel of record approved under a $25,000 retainer cap.
- Multiple alleged billing statements were fabricated or back-dated — a "June 11 invoice" first appeared as an email attachment on June 23; no contemporaneous bills were issued despite Kornberg's own June 4 email admitting he was "holding off on sending a bill."
- Significant fees and charges were in the Motion filing but without knowledge, approval, or court authorization, often after the case was closed on April 2, 2025.
- A Settlement Agreement dated April 11, 2025, prepared by an unknown Portland associate, was executed without Debtor's knowledge or consent. Debtor was misled on April 25 into clicking an electronic signature under the pretense of "closing the AP," when in fact the document surrendered a seven-figure judgment wholly unrelated to the adversary proceeding (AP).
- Post-trial filings and state-court dismissals were executed behind Debtor's back, depriving her of substantial property rights and defrauding two courts simultaneously.

These discoveries confirm that the fee and costs charged, conduct, and representations cited in the Motion are illegitimate, non-collectible, and fraudulent in origin.
All underlying acts occurred without notice, disclosure, or informed consent, violating both the Retainer Agreement and professional rules of conduct.

1

## PART B — SUMMARY RESPONSE TO THE SEPTEMBER 19 MOTION

The Motion purports to determine attorneys' fees owed to the Firm, but this dispute concerns unauthorized acts by individual counsel.
The Firm was never retained, approved, or substituted as counsel of record.

The Court approved a retainer of $25,000 for Mr. Kornberg, with explicit direction for monthly billing and no excess fees without prior court approval. That sum was paid in full and acknowledged as such.

All alleged "additional fees" stem from unapproved actions after April 1, 2025 when previously advised by Counsel no fees outstanding as of the eve of the Trial Date, fabricated invoices, or post-trial activities done without authorization.

Statements asserting that Debtor "represented she had means to pay" or "would continue the engagement" are untrue. There was no conversation or written authorization extending the engagement, nor any ongoing litigation requiring it.

The so-called "mediation," "trial," and "post-trial settlement" charges are internally generated records, not invoices ever presented to the Debtor or the Court.

The inclusion of Brianna Morrison (an Oregon-based assistant) and other Portland staff was never disclosed or approved. These entries violate the scope of engagement and court authorization.

The post-trial Settlement Agreement and the subsequent state-court filings were performed without consent, knowledge, or notice — constituting a direct breach of fiduciary duty, attorney-client privilege, and federal law.

Internal accounting or "firm ledger summaries" cannot substitute for client billing and are inadmissible as evidence of debt.

Therefore, all fees and costs claimed in the Motion must be disallowed in full, and damages arising from these acts must be preserved for recovery.

2

# PART C-1 — Detailed Audit Analysis of the September 19 Motion (85 Pages)

**Methodology:**
Each numbered point corresponds to the line or item number cited in the Motion and supporting declaration.
Tone and format follow audit standards: finding → supporting fact → contradiction or violation.
No conclusions or summaries are included.

---

## Page 1

### Line 1–6 / Heading & Titles

- The Motion title lists *"Consolidated with Objection to Claim 9-4"* and introduces *Brianna Morrison* in the address block—names and case references never authorized by the Debtor.
- Hidden consolidation language implies a second action; no such order of consolidation exists in the docket.
- The inclusion of *DDS Inc.* and *Salem Parties* misrepresents scope. No litigation authority was granted involving them.

### Line 7–11 / Court Date and Caption

- States a hearing date of October 17 2025 that was never noticed or served on Debtor.
- Indicates ongoing coordination with the Court without notice to the pro se party.

### Item 1 (¶ 1 – Declaration of Bernard Kornberg)

- Declares statements "based on personal knowledge." Inappropriate in a billing motion: fee approval requires documentary proof, not personal narrative.
- References "the Firm" as moving party, yet motion caption names Bernard Kornberg individually—internal inconsistency.

### Item 2 (Lines 24-28)

- Claims representation of Debtor "in litigation between Debtor and Salem Parties." No record, order, or consent shows such engagement.
- Misstates that Kornberg was "principal counsel for Debtor for the Firm." The Court approved Kornberg personally, not his new firm.
- Substituting firm identity post-approval violates Rule 2014 and 2016(b).

1

**Page 2**

**Item 3 (Page 1 L28 – Page 2 L3)**

- Certifies declaration "also constitutes certification under Rule 9011." No corresponding signature block or verification appears.
- Unsupported certification cannot substitute for required fee-application affidavit.

**Item 4 (L4-9)**

- States $25,000 retainer "approved by the Court" and "entirely exhausted." No monthly billing provided; contradictory to prior refund indication.
- Adds "additional fees incurred by Debtor to Practus LLP" — unrelated entity; no assignment or assumption filed.

**Item 5 (L10-13)**

- Claims Debtor "requested continuation at new firm." False: no correspondence, call, or motion to substitute counsel filed.
- Engagement letter of 7/1 was presented after Kornberg had already joined the firm.

**Item 6 (L14-15)**

- Exhibit A (Engagement Letter) signed electronically under duress; no disclosure of arbitration clause or rate changes; lacks Court approval.

**Item 7 (L16-18)**

- States all fees paid through Dec 2 2024, yet next sentence alleges "significant fees accrued." Logical contradiction; no evidence of post-Dec billing.

**Item 8 (L19-23)**

- Seeks $163,630 fees + $29,265 costs + $626 interest. Totals inconsistent with later invoices ($192,652 and $199,191). No ledger reconciliation.

**Item 9 (L22-28)**

- Alleges Debtor represented ability & intent to pay; no such representation documented.
- References "overdue invoice" before any invoice issued; fabricated timeline.
- Cites "ethical duty not to withdraw." Contradicted by own policy requiring suspension when retainer exhausted.

2

## Pages 3–6 (Items 10–30 and Exhibits B–E)

### Item 10 / Exhibit B (Internal Ledger)

- Entries 7/18/24–6/4/25 total $166,820; none ever served or approved. Appear back-dated. Contain names of outside consultants not retained by Debtor.

### Item 12 (L May 10 reference)

- States all fees after May 10 2024 "effective date of plan." Factually impossible: Plan effective 2016, not 2024. Shows misunderstanding of case record.

### Item 13

- Declares all work "incurred in litigation with Salem Parties." No such litigation pending; adversary was distinct. Entire premise false.

### Item 14 "General $10,505"

- Describes communications with client & expert. No record of such calls or emails; no discovery review logs. Fabricated activity.

### Item 15 "Depositions $6,710"

- No deposition notice filed; no transcript produced. Billing fictitious.

### Item 16 "Mediation $8,525"

- Debtor attended mediation personally; counsel present but inactive. Bill includes airfare & meals not permissible under retainer.
- Statement that Debtor "prepared to pay $100k trial cost" is false and coercive.

### Item 17 "Pre-Trial Preparation $107,753"

- Work claimed Feb 2–Mar 30 2025. No billing contemporaneous; Court prohibited fees > $25k cap. Impossible to accrue six-figure charges unseen by Court.

### Item 18–21

- "Trial $26k" charges include two days' attendance plus airfares, duplicate meals, and paralegal time never approved. No deliverables produced.
- No witness prep, no post-trial brief filed. All evidence indicates fabricated billing.

3

**Item 22 (Post-Trial Settlement $6,498.50)**

- Admits preparation of settlement agreement, filing in Bankruptcy and State Court, and "effecting settlement." These are unauthorized legal acts.
- Demonstrates counsel acted without consent, transferred assets, and closed case behind Debtor's back.
- Each step—drafting, submission, filing—constitutes independent violation of fiduciary duty and court order.

**Item 23 Exhibit C (Cost Schedule)**

- Costs $69,265.33 advanced by Firm "with discount." No receipts or invoices. Ledger starts 8/15/24 ends 5/15/25 — post-dated.

**Item 24–25 Payment History**

- States Debtor paid $43,190 and owes $163,630 + $29,265. No matching deposits. Contradicts court-approved retainer.

**Item 26 Invoices Sent**

- Exhibits D–E (Dec 2 2024 etc.) were never mailed or emailed. Only two genuine attachments ever received: June 11 and Aug 11 2025.
- Internal accounting records are inadmissible as invoices under GAAP.

**Item 27 Interest 9%**

- Contract clause inapplicable absent timely invoice; cannot accrue retroactively.

**Items 28–30 Rate Discussion**

- Self-referential justification; not evidence of reasonableness; irrelevant to fee entitlement.

4

## Pages 6–8 (Items 31–50)

### Items 31–33 Qualifications

- Resume statements unrelated to fee approval. Do not substitute for contemporaneous work detail.

### Item 34–35 Associates and Assistants

- Additional timekeepers (Brianna Morrison etc.) never disclosed. Violates Rule 2014 employment approval requirement.

### Item 36 Awareness of Litigation

- Claims Debtor "fully aware representation for Salem litigation." False; engagement was for AP only.

### Item 37 Mediation Cost Forecast

- $100k projection cited orally—no document. Used as coercive threat.

### Item 38–40 Settlement Versus Judgment

- Rewrites history: Debtor agreed only to reduce adversary claim to $0, not waive judgment. Mixing terms misleads Court.

### Items 41–43 June Invoice and Arbitration

- June 4 email withheld bill; June 11 invoice back-dated; June 23 attachment first sent; July 11 arbitration threat violated stay.

### Items 44–49 Settlement Narrative

- Fabricated communications: no phone records, no transcripts, no written offer matching description.
- Alleged "plain-English explanation" never occurred. Witnesses cited (Brianna, David) not present in any transcript.
- "Revised offer" language inconsistent with docket timing. Settlement finalized after trial without consent.

### Item 50–55 Post-Trial Events

- Settlement drafted 4/11/25, signed 4/24–25, used 5/1 to dismiss state-court judgment (1-12-CV-217465). All acts post-trial, without Debtor involvement.

5

**Exhibit G (Pages 73–80)**

- Settlement agreement created after closure; originated Portland IP.
- Other parties signed 4/24; Debtor 4/25 under misrepresentation.
- References unrelated 2013 state case to erase $2.5 million judgment. No approval order attached.

**Exhibit H (Pages 81–85)**

- DocuSign metadata shows template from 2018 reused. Pre-generated signature; viewed 4/25 2:51 PM; signed 2:54 PM.
- Origin Portland, not San Francisco. Demonstrates deliberate fabrication and misrepresentation of consent.

# PART C-2 — ADDITIONAL DISCOVERIES AND UNDISCLOSED ACTIONS

Following the September 19 Motion, the Debtor located materials that were never referenced in the 85 pages of exhibits yet directly affect the validity of the claimed fees and the legitimacy of the filings.

## 1 – May 1 2025 State-Court Order and Unfiled Stipulation

Documents obtained from the Santa Clara docket show a "Stipulation for Dismissal" prepared April 30 and entered May 1 2025 using the same language as the unapproved "Settlement Agreement." Debtor was never noticed or served. The signature block lists Mr. Kornberg only. No Court order from this Bankruptcy Division authorized that stipulation.

## 2 – April 11 to April 25 2025 Email Chain and DocuSign Envelope

Internal firm metadata confirms drafting and circulation of the settlement agreement entirely after trial closure. The DocuSign envelope originated from Portland IP space, proving that the instrument was produced and executed outside the Court's supervision.

## 3 – June 4 and June 23 2025 Billing Emails

Two emails from Kornberg to Debtor: June 4 states he is "holding off on billing"; June 23 attaches the first invoice—contradicting the sworn declaration that monthly invoices were sent "throughout the case."

## 4 – July 11 2025 Arbitration Notice

Firm attempted to compel arbitration despite an active bankruptcy case, violating the automatic-stay protections of 11 U.S.C. § 362 and the Court's exclusive jurisdiction over professional-fee disputes.

## 5 – Undisclosed Accounting Adjustments

Ledger excerpts labeled "Adjustment / Write-off Reclass" reveal internal movement of retainer funds among multiple client files, including matters unrelated to the Debtor—further proof the accounting records are unreliable and not GAAP-compliant.

## 6 – Omission of Emails and Draft Orders

At least four messages (April 2 through May 5 2025) referencing "draft order to close" and "filing with Santa Clara" are absent from the 85-page disclosure, evidencing selective submission.

# PART C-3 — Invalid Arbitration and Unlawful Collection Attempts

1. On **July 11 2025**, Bernard Kornberg emailed a "Notice of Arbitration" demanding payment for alleged fees and costs described in his firm's June and August invoices. No prior authorization, court approval, or verified billing existed at that time. The filing of any arbitration notice after closure of the adversary case is a **direct violation of the Bankruptcy Code** and the Court's supervisory jurisdiction.

2. Under **11 U.S.C. § 329**, § 330, and Bankruptcy Rule 2016, fee disputes by court-approved counsel are governed solely by this Court. No private arbitration agreement may supersede the Court's retained power to review and approve compensation of professionals. Any attempt to move this issue to a private forum is void ab initio.

3. The purported arbitration clause relied upon was embedded in a **July 1 2024 engagement agreement** that was never negotiated or explained, signed electronically while Debtor was recovering from surgery, and therefore lacks informed consent. Even if valid, it cannot apply retroactively to work performed under the earlier retainer approved by this Court.

4. Because all billing occurred during the Chapter 11 supervision period, the **Bankruptcy Court retains exclusive jurisdiction** over disputes arising from those professional services. The law forbids a retained attorney from converting a fee-approval issue into a private debt collection action.

5. Mr. Kornberg's July 11 notice also constitutes an **improper post-petition collection attempt**, violating **11 U.S.C. § 362(a)(6)**. The June 26 2025 order of this Court explicitly instructed that no party shall pursue separate collection or enforcement actions while fee approval remains pending. Proceeding with arbitration ignored that order.

6. The attempt to invoke arbitration after the June 26 order demonstrates bad faith and a willful disregard of judicial authority. It further supports striking all fees and costs in full and preserving Debtor's right to seek sanctions and damages for willful violation of the automatic stay and Court directives.

**PART D — RELIEF REQUESTED**

Pursuant to the authority of this Court and consistent with the record of prior orders, approvals, and instructions issued on June 26, 2025, the Debtor respectfully requests the following relief:

1. **Disallowance of All Fees and Costs.**
   All charges, billings, and costs alleged by Bernard Kornberg are to be denied in their entirety as unauthorized, unapproved, and non-collectible.
2. **Invalidation of Post-Trial Actions.**
   All actions taken after April 2, 2025 — including the April 11 "Settlement Agreement," any filings derived from it, and any subsequent state-court dismissals — are void ab initio.
3. **Restoration of Rights and Property.**
   The Court should confirm that Debtor's 2013 Santa Clara County Judgment and associated assets remain fully intact, enforceable, and beyond the jurisdiction of any unauthorized settlement or dismissal.
4. **Investigation and Sanctions.**
   That the Court refer for investigation the conduct of counsel relating to fabricated invoices, concealment of records, and execution of agreements without client authorization, and impose sanctions as appropriate.
5. **Preservation of Damages Claim.**
   That Debtor's right be expressly preserved to pursue subsequent civil or equitable claims to recover losses resulting from the above-described misconduct.
6. **Other and Further Relief.**
   That the Court grant such additional or alternative relief as justice and equity require.

**Respectfully submitted,**

/s/ Jinnie Jinhuei Chang Chao
30 Pilarcitos Court
Hillsborough, CA 94010

Dated: October 13, 2025

**CERTIFICATE OF SERVICE**

I, **Jinnie Jinhuei Chang Chao,** certify that on **October 13, 2025,** I served a true and correct copy of the **Response to Motion to Determine Attorneys' Fees and Charges (DKT 418)** on the following parties:

**Clerk of the Court and The Hon. Dennis Montali**
United States Bankruptcy Court
450 Golden Gate Avenue, 18th Floor
San Francisco, CA 94102

**Bernard Kornberg, Esq.**
Miller Nash LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802

Service was made by **Certified Mail with Return Receipt.**

Executed under penalty of perjury this **13th day of October, 2025,** in Hillsborough, California.


**Jinnie Jinhuei Chang Chao**
30 Pilarcitos Court
Hillsborough, CA 94010

# Exhibit Index

*(Title: "Index of Exhibits — Response to Motion to Determine Attorneys' Fees and Costs")*

| Exhibit | Date | Title / Description | Purpose / Key Point |
|---|---|---|---|
| A | June 4, 2025 | Email from Bernard Kornberg, "Holding off on billing" | Shows no contemporaneous invoice; confirms deferred billing and concealment. |
| B | June 11, 2025 | Back-dated invoice (later sent June 23, 2025) | Demonstrates fabrication and lack of prior notice; invoice appeared only after dispute. |
| C | June 23, 2025 | Email transmitting "final bill" totaling $192,652.33 | Proves billing first appeared after case closure. |
| D | May 1, 2025 | Unauthorized "Order on Stipulation to Approve Settlement" | Executed without Debtor's knowledge; used to alter judgment. |
| E | May 14, 2025 | "Acknowledgment of Satisfaction of Judgment" filed in Santa Clara | Shows illegal release of valid judgment. |
| F | May 22–23, 2025 | Dismissal Order and Proof of Service | Demonstrates improper filing and false service after closure. |
| G | July 11, 2025 | Email re: "Notice of Client's Right to Fee Arbitration" | Invalid arbitration attempt and unlawful post-case collection effor |



J Chao <jchao888@gmail.com>

**Final Resolution**
1 message

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>

Wed, Jun 4, 2025 at 3:44 PM

Jinnie,

Just sent you a text, but wanted to let you know we finally got the settlement completed. Santa Clara kept refusing to dismiss the case until the Court did so itself. Everything is attached, but its finally officially done, so to speak. No cases, judgments, etc.

I've held off on sending you a bill until we complete this, which took longer than expected. But we'll put it together and get it to you shortly.

Thanks again and call for anything.

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct:* 562.247.7622 | *Office:* 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

-----------------------------------

CONFIDENTIALITY NOTICE: This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

-----------------------------------

**3 attachments**

　Chao Order on Stipulation to Approve Settlement, 4913-1581-8557 v.1.pdf
　272K

　2012-1-CV-217465 Order of Dismissal, 4905-9084-3208 v.1.pdf
　63K

　Satisfaction of Judgment.pdf
　167K


---

## FW: Final Bill
1 message

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>

Mon, Jun 23, 2025 at 1:46 PM

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct:* 562.247.7622 | *Office:* 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

---------------------------------------
**CONFIDENTIALITY NOTICE:** This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
---------------------------------------

**From:** Kornberg, Bernie
**Sent:** Wednesday, June 11, 2025 1:33 PM
**To:** Jinnie Chao (jchao888@gmail.com) <jchao888@gmail.com>
**Cc:** Haeffner, Marci <Marci.Haeffner@millernash.com>
**Subject:** Final Bill

Jinnie,

I hope all is well. Attached is our final bill in this matter, which totals $192,652.33. It includes the $136,817 in fees that were incurred after the mediation, along with $24,941.40 in costs (including those of David Golbahar) and $56,576.43 in the unpaid balance of fees that largely occurred at or before the mediation. Your $25,000 retainer has been applied, leaving this balance.

Please feel free to call if you want to discuss anything. Again, it was a pleasure working for you in this matter.

Bernie

 **593510.0001 invoice 2259537.pdf**
92K

 **Gmail**

## FW: Final Bill
1 message

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>

Mon, Jun 23, 2025 at 1:46 PM

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct:* 562.247.7622 | *Office:* 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website:* *please click this link*.

------------------------------------
CONFIDENTIALITY NOTICE: This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
------------------------------------

**From:** Kornberg, Bernie
**Sent:** Wednesday, June 11, 2025 1:33 PM
**To:** Jinnie Chao (jchao888@gmail.com) <jchao888@gmail.com>
**Cc:** Haeffner, Marci <Marci.Haeffner@millernash.com>
**Subject:** Final Bill

Jinnie,

I hope all is well. Attached is our final bill in this matter, which totals $192,652.33. It includes the $136,817 in fees that were incurred after the mediation, along with $24,941.40 in costs (including those of David Golbahar) and $56,576.43 in the unpaid balance of fees that largely occurred at or before the mediation. Your $25,000 retainer has been applied, leaving this balance.

Please feel free to call if you want to discuss anything. Again, it was a pleasure working for you in this matter.

Bernie

📄 **593510.0001 invoice 2259537.pdf**
92K

1  MILLER NASH LLP
   Bernie Kornberg, Bar No. 252006
2  bernie.kornberg@millernash.com
   Brianna J. Morrison (*Pro Hac*)
3  brianna.morrison@millernash.com
   340 Golden Shore, Ste 450
4  Long Beach, CA 90802
   Telephone:     562.435.8002
5  Facsimile:     562.435.7967

Signed and Filed: May 1, 2025

**DENNIS MONTALI**
U.S. Bankruptcy Judge

6
7  Attorneys for Jinnie Jinhuei Chang Chao

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11  In re                              | Case No. 15-31519

12  JINNIE JINHUEI CHANG CHAO,         | Chapter 11

13      Debtor.                        | Adv No. 16-03023
                                       | **(Consolidated with Objection to Claim 9-4)**
14  ARDESHIR SALEM *et al*,
                                       | **ORDER ON STIPULATION TO**
15      Plaintiffs,                    | **APPROVE SETTLEMENT, DISMISS THE**
                                       | **ADVERSARY PROCEEDING, AND**
16      vs.                            | **WITHDRAW CLAIM 9-4**

17  JINNIE JINHUEI CHANG CHAO,         | Date:  March 31 to April 2, 2025
                                       | Time:  10:00 a.m.
18      Defendant.                     | Ctrm: 17

19  AND RELATED COUNTER-CLAIMS          | The Hon. Dennis Montali

20

21  .

22          The Court, having reviewed the April 30, 2025 Stipulation between Plaintiffs and Counter

23  Defendants Ardeshir Salem and A. Salem D.D.S., Inc. ("Plaintiffs") and Defendant and

24  Counterclaimant Jinnie Jinhuei Chang Chao ("Defendant") to resolve this adversary proceeding

25  and claim objection for approval of the Court, and to effect the dismissal of this adversary

26  proceeding and withdrawal of Claim 9-4 (the "Stipulation"), filed as docket #79, and for good

27  cause showing, hereby approves it.

28

1

THEREFORE IT IS ORDERED THAT:

1.      The April 11, 2025 Settlement Agreement between Plaintiffs and Defendant, a copy of which is attached as <u>Exhibit A</u> to the Stipulation, is approved and its terms shall become the order of the Court;

2.      This adversary proceeding, including the complaint of Plaintiffs and the cross-complaint of Defendant, is dismissed with prejudice, with the parties to bear their own costs; and

3.      Plaintiff's Claim 9-4 is withdrawn with prejudice and Plaintiffs no longer shall have any claim as to Chao in the underlying bankruptcy case.

*** END OF ORDER ***

```
 1                          COURT SERVICE LIST

 2     ALL PARTIES SERVED BY ECF

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

T. Phan

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:

Bernie Kornberg 252006
Miller Nash LLP
340 Golden Shore, Suite 450
Long Beach, CA 90802

TEL NO.: (562) 247-7622   FAX NO. (optional):

E-MAIL ADDRESS *(Optional):* bernie.kornberg@millernash.com

☒ ATTORNEY FOR   ☒ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

*FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY*

PLAINTIFF: Jinnie Chao

DEFENDANT: Ardeshir Salem et al.

CASE NUMBER:
2012-1-CV-217465

## ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☒ FULL   ☐ PARTIAL   ☐ MATURED INSTALLMENT

*FOR COURT USE ONLY*

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/14/2025 3:29 PM
Reviewed By:T. Phan
Case #2012-1-CV-217465
Env #19352494

1. Satisfaction of the judgment is acknowledged as follows:
   a. ☒ Full satisfaction
      (1) ☐ Judgment is satisfied in full.
      (2) ☒ The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment.
   b. ☐ Partial satisfaction
      The amount received in partial satisfaction of the judgment is $
   c. ☐ Matured installment
      All matured installments under the installment judgment have been satisfied as of *(date):*

2. Full name and address of judgment creditor:*
   Jinnie Chao, c/o Bernie Kornberg, Miller Nash LLP, 340 Golden Shore, Suite 450, Long Beach, CA 90802

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   A. Salem, D.D.S., Inc., 925 N. San Antonio Road, Los Altos, CA 94022

5. a. Judgment entered on *(date):* May 16, 2014
   b. ☒ Renewal entered on *(date):* April 4, 2024

6. ☐ An   ☐ abstract of judgment   ☐ certified copy of the judgment has been recorded as follows *(complete all information for each county where recorded):*

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|---|---|---|
| | | |

7. ☐ A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify):*

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in Item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date: May 14, 2025

▶ *Bernie Kornberg*

*(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY**)*

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. July 1, 2014]

## ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

Page 1 of 1
Code of Civil Procedure, §§ 724.060,
724.120, 724.260

E

<table>
<tr><td colspan="2">
<strong>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA CLARA</strong>
</td></tr>
</table>

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA | |
|---|---|
| **PLAINTIFF:**<br>Jinnie Chao | **FILED**<br><br>MAY 22 2025<br><br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY_____ R. TIEN _____ DEPUTY |
| **DEFENDANT:**<br>Ardeshir Salem et al. | |
| **ORDER OF DISMISSAL** | **CASE NO.**<br>2012-1-CV-217465 |

This matter came on for hearing before Honorable Frederick S. Chung, Department 10 on May 22, 2025 for the following:

☐ Failure to Appear at a previous hearing by ☐ Plaintiff ☐ all parties

☐ Failure to Serve

☐ Order to Show Cause Re: Sanctions/Dismissal

☒ Case Status Review Re: Bankruptcy

☐ Dismissal After Settlement Re: 3.1385

☐ No Special Appearance and No Telephonic Appearance ordered.

☐ Other:

Good cause appearing, it is the **ORDER** of this court:

    ☒ This case is dismissed without prejudice

    ☒ Entire Action

    ☐ (Partial) Dismissal ONLY as to:

    ☒ No appearance by   ☐ Plaintiff ☒ all parties

    ☐ Dismissal After Settlement Re: 3.1385

    ☐ Other:

Dated:   May 22, 2025

                  _____
                      Honorable Frederick S. Chung
                  JUDGE OF THE SUPERIOR COURT



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION

**File Copy**

RE: **Jinnie Chao vs Ardeshir Salem et al**
Case Number: **2012-1-CV-217465**

## PROOF OF SERVICE

**Order of Dismissal** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL OR EMAIL:** I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA. If consent to be electronically served was provided, I served this notice via email to each person listed below at the email address shown. Service performed on 05/23/2025. CLERK OF THE COURT, by Rachel Tien, Deputy.

cc: Bruce C. Janke  16965 Roberts Rd., Apt. A, Los Gatos, CA 95032-4556
Babach Bobby Lau  Law Office of Bobby Lau 99 S. Almaden Blvd., Suite 600, San Jose, CA 95113
Bernard Jaron Kornberg  Miller Nash LLP 340 Golden Shore, Suite 450, Long Beach, CA 90802



J Chao <jchao888@gmail.com>

## Notice of Client's Right to Fee Arbitration
1 message

**Kornberg, Bernie** <Bernie.Kornberg@millernash.com>
To: "Jinnie Chao (jchao888@gmail.com)" <jchao888@gmail.com>
Cc: "Elliott, Cody J." <Cody.Elliott@millernash.com>

Fri, Jul 11, 2025 at 7:39 AM

Jinnie,

Please see a letter from the Firm regarding your non-payment of legal fees. Please review it carefully, as it advises you of your right to mandatory fee arbitration under California law.

Bernie

**Bernie Kornberg**
Partner

**Miller Nash LLP**
340 Golden Shore, Ste 450 | Long Beach, CA 90802
*Direct:* 562.247.7622 | *Office:* 562.435.8002
**Email | Bio | Insights | Website**
*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website: please click this link.*

**From:** Kornberg, Bernie
**Sent:** Tuesday, June 24, 2025 2:16 PM
**To:** Jinnie Chao (jchao888@gmail.com) <jchao888@gmail.com>
**Cc:** Elliott, Cody J. <Cody.Elliott@MillerNash.com>
**Subject:** RE: Final Bill

Jinnie,

As you know, the firm sent its final invoice for this matter on June 11, 2025. Under the terms of the July 1, 2024, engagement letter (a copy of which is attached), the firm's representation of you concluded on that date.

My firm will be filing a response to your motion—as you may know, Court approval of fees is not required or necessary given the confirmation of your plan.

Please also note that the terms of our engagement authorize the firm to charge 9 percent per annum interest on overdue amounts from the invoice date. As of today, accrued interest totals $627.78 and continues to accrue at $7.79 per day. If the June 11, 2025, invoice is not timely paid, both of those amounts will increase substantially.