

Signed and Filed: October 22, 2025

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JINNIE JINHUEI CHANG CHAO,<br><br>Debtor. | Bankruptcy Case No. 15-31519-DM<br><br>Chapter 11<br><br>Date: November 24, 2025<br>Time: 10:00 AM<br>Place: In-Person Trial<br>Courtroom 17<br>450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA |

**TRIAL SCHEDULING ORDER**

The court held a trial scheduling conference on October 17, 2025. Debtor Jinnie Jinhuei Chang Chao appeared in pro se. Bernard Kornberg, Esq. appeared on behalf of his law firm, Miller Nash, LLP ("MN").

Upon due consideration, the court hereby enters the following scheduling order.

**TRIAL**. The trial or contested evidentiary hearing ("Trial") on the Motion to Determine Attorneys' Fees and Costs Owed to Miller Nash LLP (Dkt 429) and the Motion to Disallow Unapproved Attorney Fees and Costs, etc. filed by Ms. Chao (Dkts 418, 420,

425, 427, 428, 437, 438, 439, 440, 445, 447 & 448) will commence on the Date and Time of Trial, set forth below, at the United States Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, Courtroom 17, San Francisco, CA 94102. The Time Reserved for Trial is also shown below. During the week prior to the Trial, the court may move the starting time or day. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone or e-mail. **All parties are cautioned to be prepared to adjust their schedules accordingly.**

**DISCOVERY**. Discovery shall be completed by the Discovery Deadline shown below. Completion means that depositions must be concluded, although not necessarily transcribed.

**EVIDENCE**. Declarations of non-expert witnesses will not be considered except by stipulation of the parties or prior court approval. No expert testimony is permitted without prior court approval.

**PRE-TRIAL SUBMISSIONS**. Not later than **7** calendar days before the Date and Time of Trial, each party shall:

(a) File and serve a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. Briefs shall not exceed **15** pages without prior permission of the court. The court will not normally request or permit post-trial briefs.

(b) File and serve (but do not provide chambers copies) a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a

witness' name on the witness list is to alert the court and the other side that the witness may be called.  It does not mean that that person will be called.  Accordingly, each party is responsible for ensuring the attendance of every witness the party intends to call, whether or not named by the other side. Except in exceptional circumstances, absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list.  This subparagraph shall not apply to expert witnesses or their testimony.

The court will permit MN's witnesses (other than Mr. Kornberg) to appear remotely via Zoom.  The Courtroom Deputy will provide the Zoom information to the witnesses identified by MN.

For the witnesses appearing remotely, participation by telephone alone is unacceptable except by prior agreement of the opposing party or counsel and prior approval of the court.  A party or witness not able to appear and be seen and heard via Zoom will not be permitted to testify.  Each witness must have simultaneous access to a computer, equipped with a camera, that is capable of receiving and transmitting audio and video, or a tablet or smart phone, that satisfy the following requirements: (1) Internet browsing software that is adequate to facilitate the court's video hearing provider, (2) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (3) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the court.  The device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other

participants on a consistent basis.  Further, the witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.

    (d) File and serve (but do not provide chambers copies) a list of exhibits (other than those to be used for impeachment or rebuttal) and exchange, but not file, copies of all exhibits the party intends to introduce into evidence.  Any paper(s) in the court's file of which a party intends the court to take judicial notice, or other facts that are proper for judicial notice under Fed. R. Evid. 201, must be reproduced and included as an exhibit(s).  Copies of the declarations filed and served in accordance with this order shall be marked as exhibits in the manner described herein.  All exhibits are to be pre-marked for identification.

    MN's exhibits should be marked by number. Debtor's exhibits should be marked by letter.

    All parties shall submit exhibits electronically.  If a party has **10** or fewer exhibits, they can be emailed to Montali_Orders@canb.uscourts.gov.  Otherwise, the party should send a thumb drive containing the exhibits and a list of those exhibits to the Courtroom Deputy and any opposing counsel at least **10** calendar days before Trial.  The electronic files should be separately titled pdf files, identifying each exhibit by exhibit number or letter and a brief description.  Each page of any exhibit that has more than one page is to be numbered consecutively.  Lengthy exhibits should be bookmarked in order to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

-4-

The parties shall bring copies of **any** exhibits they intend to use for questioning any witnesses at Trial and for the court.

**PRE-TRIAL OBJECTIONS**. Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS,** above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial.

Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report, that party should set the motion on the court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS**. At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections

-5-

may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. MN will present its case-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[1]  This paragraph supersedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The court does not want charts, power point presentations, whiteboards, or similar large display items to be used during trial.  Parties desiring to summarize, reproduce or display evidence should use normal 8-1/2" x 11" sheets of paper to be provided to the court, witnesses and opposing counsel.  Any exceptions to this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than **Wednesday, November 19, 2025**, counsel for MN **must** telephone or e-mail the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if

---

[1] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

**DATE AND TIME OF TRIAL**: November 24, 2025, at 10:00 AM

**TIME RESERVED FOR TRIAL**: Six (6) hours

**DISCOVERY DEADLINE**: November 10, 2025

**OTHER PROVISIONS**: In the event of unforeseen change in circumstances, the court may switch to remote trial procedures. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by e-mail and provide the details for participating in a remote trial.

**END OF ORDER**

COURT SERVICE LIST

Jinnie Jinhuei Chang Chao
30 Pilarcitos Court
Hillsborough, CA 94010

-8-

Case: 15-31519    Doc# 451    Filed: 10/22/25    Entered: 10/22/25 16:25:38    Page 8 of 8