Docusign Envelope ID: 0733A75E-678A-4170-9C05-21D1A68FC5B8

Jinnie Jinhuei Chang Chao
Appearing in Pro Per

**FILED**
NOV 14 2025
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JINNIE JINHUEI CHANG CHAO,<br><br>Debtor, | Case No.: 15-31519<br><br>Chapter 11<br><br>Adv No. 16-03023<br><br>**DECLARATION OF JINNIE JINHUEI CHANG CHAO IN SUPPORT OF OPPOSITION TO MOTION TO DETERMINE ATTORNEYS' FEES AND COSTS OWED TO MILLER NASH**<br><br>Date: November 24, 2025<br>Time: 10:00 AM<br>Place: Courtroom 17<br><br>Judge: Hon. Dennis Montali |

### DECLARATION OF JINNIE JINHUEI CHANG CHAO

I, Jinnie Jinhuei Chang Chao, declare as follows:

1. I am a debtor in this action. I have personal knowledge of the information set forth below, all of which is true and correct of my own personal knowledge, or based on information and belief, and if called upon to testify I could and would competently testify thereto.

2. In 2014, I succeeded in my lawsuit against A. Salem D.D.S. Inc., which resulted in a recovery of roughly $2 million. The 2014 action was a separate bankruptcy estate, and unrelated to the 2016 adversary proceeding.

3. On December 14, 2015, I filed for Chapter 11 bankruptcy in the Northern District of California.

4. During the course of my bankruptcy proceeding, on March 10, 2016, I was sued by Ardeshir Salem and A. Salem D.D.S. Inc. (the "Salem Parties") for embezzlement. Both the Salem Parties action and my bankruptcy matter were paused until August 29, 2022. The Salem Parties' action was eventually dismissed by Court Order, dated May 1, 2025.

5. On July 21, 2023, an application was filed in my matter for the employment of Bernard J. Kornberg ("Kornberg"), who was then employed at Practus, LLP. The purpose of this representation was to defend against the Salem Parties' claims, and for no other purpose.

6. On August 18, 2023, the order approving Kornberg's employment was granted by the Court, for the explicit purpose of defending against the Salem Parties action.

7. On May 24, 2024, Kornberg filed an application for compensation of legal fees and costs, seeking $20,240.00 in fees and $2,535.98 in costs. The application stated it was the first and final fee application of the firm. Kornberg did not do anything to replenish the Court-approved $25,000 retainer, after payment of these fees and costs.

8. On June 17, 2024, Kornberg transferred his employment to Miller Nash, LLP ("Miller Nash"). No new approval application was filed with the bankruptcy court. I was not informed regarding the fact that Miller Nash would now be representing me. I never spoke with, hired, approved, or communicated with anyone from Miller Nash but Kornberg.

9. Kornberg, on the first day of trial, stated that he would obtain a settlement agreement that resulted in me paying $0.00 to the Salem Parties, and that I should not appear for the second day of trial, on April 2, 2025.

10. A settlement for the Salem Parties' action was negotiated for $0.00, but I did not receive any more communications from Kornberg until April 25, 2025. I was not kept aware of any settlement negotiations or informed of developments in the settlement agreement negotiations.

11. On that day, Kornberg called me, asking me to click a DocuSign link. I was informed that this would acknowledge the closure of the Salem Parties' action.

12. Kornberg sent me a link for a signature, but did not inform or otherwise counsel me regarding the document I was signing. I signed the link, trusting that my signature was necessary for their representation. I was not informed that a detailed settlement agreement

Docusign Envelope ID: 0733A75E-678A-4170-9C05-21D1A68FC5B8

existed, that stipulation documents existed, that my judgment estate was being affected by the settlement agreement, or that these documents had been drafted and signed by both my attorney and opposing counsel prior to Kornberg contacting me.

13. The DocuSign only contained a single Settlement Agreement page, rather than the complete document, which contained stipulations, appendices, and other essential information. I was not counseled regarding any of these additional documents beyond the signature page.

14. The full and complete settlement agreement, filed on April 30, 2025, was never shown to me, contained pages I had never reviewed or signed, included stipulations and appendices which I had never seen, and was presented to the Court as though all parties had approved.

15. I later discovered that, by signing the DocuSign, I had waived my 2014 judgment against the A. Salem D.D.S. Inc. I discovered this only after the filing of Miller Nash's motion for attorney's fees and costs. Miller Nash or Kornberg never received any authorization to negotiate, waive, satisfy, or alter my rights in relation to the 2014 judgment. Miller Nash and Kornberg were only authorized to handle the Salem Parties' 2016 action against me and had no right or ability to affect any other matter than the 2016 action.

16. On June 11, 2025, Miller Nash sent a lump sum bill for over $200,000 of legal services. I had not received any intermediary or monthly billings, and was shocked at the extent of the fees and costs incurred.

17. On June 18, 2025, in response to this incredibly large bill, I filed my Motion to Disallow Unapproved Attorneys' Fees and Costs, which was denied based on failure to serve opposing parties. My motion was based upon the failure of Miller Nash to obtain court approval prior to beginning work, and Miller Nash's failure to disclose the work being done to either me or the Court.

18. On September 10, 2025, Miller Nash filed their Motion to Determine Attorneys' Fees and Costs, alleging they were entitled to recover $199,191.63. I was never made aware of any other attorneys having been hired or employed to affect my estate. Miller Nash has still not applied for, or obtained, any authorization regarding their employment by my bankruptcy estate.

I declare under penalty of perjury under the laws of the State of California that the

DECLARATION OF JINNIE JINHUEI CHANG CHAO

foregoing is true and correct, and that this Declaration was executed on November 13, 2025, at San Mateo, California.

Dated: 11/13/2025

Signed by:

*Jinnie Jinhuei Chang Chao*
5B4F01AC96D94D7...

JINNIE JINHUEI CHANG CHAO

---

DECLARATION OF JINNIE JINHUEI CHANG CHAO