

**Signed and Filed: January 14, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINNIE JINHUEI CHANG CHAO,<br><br>Debtor. | ) Bankruptcy Case<br>) No. 15-31519-DM<br>)<br>) Chapter 11<br>)<br>)<br>) |
| JINNIE JINHUEI CHANG CHAO,<br><br>Appellant,<br><br>v.<br><br>MILLER NASH LLP,<br><br>Appellee. | ) U.S.D.C. Case<br>) No. 25-cv-10829-JD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CORRECTED[1] CERTIFICATION BY BANKRUPTCY JUDGE AND**
**RECOMMENDATION TO DISMISS APPEAL**

TO: THE HONORABLE JAMES DONATO, UNITED STATES DISTRICT JUDGE

B.L.R. 8009-1(b)(2) permits the bankruptcy court to recommend to the district court that an appeal be dismissed if an appellant fails to perfect an appeal in the manner prescribed by Bankruptcy Rule 8009.

---

[1] To reflect corrected bankruptcy case number.

-1-

In this case, Jinnie Jinhuei Chang Chao, acting *in pro se* ("Appellant"), has done nothing to perfect her appeal and I believe, therefore, that her appeal should be dismissed.

The underlying Chapter 11 bankruptcy case, Case No. 15-31519, has been pending for ten years. The Adversary Proceeding, *Salem et al. v. Chao*, AP 16-03023, was also before the Bankruptcy Court for nearly as long. A two-day trial was held before me on March 31 and April 1, 2025. The parties reached a settlement which I approved on May 1, 2025 (Dkts 79 and 80 in AP 16-03023).

Shortly after the settlement, the issue over unpaid attorney's fees claimed by Ms. Chao's counsel and opposed by her, came before me and after I conducted a one-day trial, judgment was entered in favor of Miller Nash LLP for fees in the principal sum of $200,999.06, plus accrual of post-judgment interest (Dkt 471 in Case No. 15-31519).

Fed. R. Bankr. P. 8009(a)(1)(B) requires an appellant to file a designation of items to be included in the record on appeal and a statement of the issues to be presented within 14 days of filing the notice of appeal. Thus, Appellant's designation and statement were due on December 24, 2025.

A Notice of Failure to Perfect Appeal was entered and served on the Appellant on December 31, 2025 (Dkt 481 in Case No. 15-31519).

Ms. Chao has not filed anything related to the appeal, nor has she sought more time to do so and no counsel has appeared on her behalf.

Accordingly, I recommend that the district court dismiss

-2-

this appeal for lack of prosecution after Ms. Chao has had an opportunity to respond and appellee Miller Nash LLP has had an opportunity to reply to any response. B.L.R. 8009-1(b)(3) provides:

> Upon receipt of a motion under subsection (1) or a recommendation under subsection (2) of this subsection (c), the Clerk of the District Court shall docket the motion in the case previously assigned to the appeal. Unless the assigned District Judge orders otherwise: within 14 days after receiving notice of the assignment to a District Judge, appellant shall file in the District Court a brief of not more than five pages in opposition to dismissal of the appeal; 14 days thereafter, appellee(s) may file a reply brief of not more than five pages; no hearing will be held unless the assigned District Judge orders otherwise.

* * * END OF CERTIFICATION * * *

-3-